Craig S. Granet (State Bar No. 071020)
*craig.granet@rimonlaw.com*
Claire K. Mitchell (State Bar No. 318857)
*claire.mitchell@rimonlaw.com*
RIMON, P.C.
200 East Carrillo Street, Suite 201
Santa Barbara, CA 93101
Telephones: (805) 618-2555 / (805) 892-7400

Andrew W. Zepeda (State Bar No. 106509)
*azepeda@lurie-zepeda.com*
LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 274-8700

Attorneys for Defendants
R. SCOTT TURICCHI and LANNETTE TURICCHI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

RANDY QUAID, et al.,

Plaintiffs,

vs.

CRAIG GRANET, et al.,

Defendants.

Case No. 2:24-cv-03455-MRA-JPR

**NOTICE OF MOTION AND MOTION OF DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT DUE TO FAILURE TO STATE A CLAIM FOR RELIEF [F.R.C.P. 12(b)(6)]**

Date: October 10, 2024
Time: 1:30 p.m.
Judge: Hon. Monica Ramirez Almadani
Courtroom: 10B

Action filed: April 26, 2024
Trial Date: Not Set

# TABLE OF CONTENTS


Table of Contents....................2, 3

Table of Authorities....................4, 5

Notice of Motion....................6

Memorandum of Points and Authorities....................7

I. INTRODUCTION....................7

II. WHERE, AS HERE, EACH OF THE FIVE CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANTS R. SCOTT TURICCHI OR LANNETTE TURICCHI, PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI....................10

A. The First Claim for Relief for Alleged Invasion of Privacy Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi....................11

1. The Criminal Statute Only Relates to What is Defined as Local Summary Criminal History Information, and There is No Allegation that the Santa Barbara Sheriff's Department Screenshot is From That Database....................11

2. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, That Statute Only Applies to Someone Who is Authorized to Have Access to That Database Who Shares the Information With Someone Who is Not So Authorized, and There is No Allegation (As There Cannot Be) That Defendants R. Scott Turicchi or Lannette Turicchi Are Authorized to Have Access to That Database....................12

3. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, There is an Exception in That Statute for Information Used in the Record of a Judicial Proceeding, and That Screenshot Was Submitted to the Santa Barbara Superior Court in the Santa Barbara Superior Court Action....................12

4. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, Since the Information Was Submitted in a Judicial Proceeding, it is a Privileged Communication Pursuant to Section 47(b) of the California Civil Code....................13

## TABLE OF CONTENTS (Cont'd.)


5. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, the Information Contained in That Screenshot is Not Private Information, as All of That Information Is Contained in the Criminal Complaint Against the Quaids Which is a Matter of Public Record....13

B. The Second Claim for Relief for Alleged Public Disclosure of Private Facts Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi....13

C. The Third Claim for Relief for Alleged Conspiracy to Invade Privacy Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi....14

D. The Fourth Claim for Relief for Alleged Negligent Supervision Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi....15

E. The Fifth Claim for Relief for Alleged Slander of Title Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi....15

III. CONCLUSION....19

Certificate of Word Count....20

# TABLE OF AUTHORITIES

## Cases

*Albrecht v. Lund*
(9th Cir. 1988) 845 F.2d 193....................19

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662, 678, 129 S. Ct. 1937....................10

*Caltex Plastics, Inc. v. Lockheed Martin Corporation*
(9th Cir. 2016) 824 F.3d 1156....................10

*Gardner v. Martino*
(2009) 563 F.3d 981....................19

*Hernandez v. Sutter West Capital*
(Case No. C 09-03658 CRB, 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010)....................17

*Hill v. National Collegiate Athletic Assn.*
(1994) 7 Cal.4th 1....................14

*J. Edwards Jewelry Distributing, LLC v. Wells Fargo & Company*
(Case No. 18-CV-03886-YGR, 2019 WL 2329248 (N.D. Cal. May 31, 2019)....................18

*Jablon v. Dean Witter & Co.*
(9th Cir. 1980) 614 F.2d 677....................17

*Jolly v. Eli Lilly & Co.*
(1988) 44 Cal.3d 1103....................16

*MGIC Indem. Corp. v. Weisman*
(9th Cir. 1986) 803 F.2d 500, 504....................17

*Moss v. U.S. Secret Service*
(9th Cir. 2009) 572 F.3d. 962....................10

*Rotibi v. 21st Mortgage Corporation, et al.*
(Case No. 2-23-cv-01500-MENF (SKx)....................14

*Seeley v. Seymour*
(1987) 190 Cal.App.3d 844....................16

*Wise v. Southern Pac. Co.*
(1963) 223 Cal.App.2d 50....................14

## TABLE OF AUTHORITIES (Cont'd.)

*Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.*
(Case No. CIV. 2:11-1787 WBS, 2011 WL 5241350 (E.D. Cal. Oct. 31, 2011)……………….16

### California Statutes

Civil Code § 47, subd. (b)……………………………………………………………9, 13
Code of Civil Procedure § 338, subd. (g)……………………………………………………16
Penal Code § 13300……………………………………………………………………11, 12
Penal Code § 13300, subd. (i)…………………………………………………………………12
Penal Code § 13003………………………………………………………………………….12

### Rules

Fed. R. Civ. Proc., Rule 12(b)(6)……………………………………………………6, 10, 17

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2024, at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Monica Ramirez Almadani, in Courtroom 10B of the above-entitled Court located at 350 West First Street, Los Angeles, California 90012, Defendants R. SCOTT TURICCHI and LANNETTE TURICCHI will move the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing the First Amended Complaint with prejudice on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted.

This Motion is made following the Conference of Counsel pursuant to Local Rule 7-3 which took place on July 30, 2024.

This Motion is and will be based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice and materials submitted therewith; the Declaration of Craig Granet submitted herewith; the pleadings and records on file in this action; and on such additional matter as the Court may consider.

RIMON, P.C

DATED: August 8, 2024

By: ______________________
CRAIG S. GRANET
Attorneys for Defendants
R. SCOTT TURICCHI and
LANNETTE TURICCHI

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

As referenced in both the initial Complaint and the First Amended Complaint, this action arises out of proceedings in a pending case in the Santa Barbara Superior Court between the Plaintiffs herein, Randy Quaid and Evgenia Quaid (the "Quaids") and Defendants R. Scott Turicchi and Lannette Turicchi (the "Turicchis") entitled *R. Scott Turicchi and Lannette C. Turicchi, Plaintiffs, vs. Randall Quaid, et al., Defendants*, Santa Barbara Superior Court Case No. 19CV06268 (the "Santa Barbara Superior Court Action"). Defendants R. Scott Turicchi and Lannette Turicchi are the Plaintiffs in the Santa Barbara Superior Court Action.

In the Santa Barbara Superior Court Action, the Quaids had filed a Fifth Amended Cross-Complaint (Request for Judicial Notice submitted herewith ("RJN," **Exhibits A** and **B**). The Turicchis filed a Motion to Strike that Fifth Amended Cross-Complaint on the grounds, among others, that the Quaids were fugitives from justice which prohibited them from filing a Cross-Complaint under the Doctrine of Fugitive Disentitlement (RJN, **Exhibits A** and **B**). In fact, in another proceeding, the Santa Barbara Superior Court had granted the Santa Barbara Sheriff's Department's Motion to Quash a Subpoena that had been issued by the Quaids on the grounds of that Doctrine of Fugitive Disentitlement (RJN, **Exhibit A**, Exhibit P). In order to support their Motion to Strike on the basis of the Doctrine of Fugitive Disentitlement, the Turicchis requested that the Santa Barbara County District Attorney's Office provide evidence that the Quaids were still fugitives from justice at the time of the Turicchis' Motion, and the Santa Barbara County District Attorney's Office provided a screenshot from the records of the Santa Barbara County Sheriff's Department showing that the Quaids were still fugitives from justice (RJN, **Exhibit A**,

Exhibit Q; **Exhibit B**, Amended Exhibit Q) (the "Santa Barbara Sheriff's Department Screenshot").

It is the use of the Santa Barbara Sheriff's Department Screenshot that was the basis for Plaintiffs' initial Complaint in this action. Several Defendants filed Motions to Dismiss that Complaint for Failure to State a Claim for Relief, and, rather than facing the Hearing on that Motion, Plaintiffs filed their First Amended Complaint. However, while Plaintiffs changed their theories of recovery based upon that Santa Barbara Sheriff's Department Screenshot, their new theories for recovery suffer from the same deficiencies. Accordingly, Plaintiffs' First Amended Complaint should be dismissed with prejudice.

Plaintiffs' First Amended Complaint fails to state a claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi.

Plaintiffs' First Claim for Relief for alleged Invasion of Privacy is based on the allegation that, pursuant to Section 13303 of the Penal Code, the Santa Barbara Sheriff's Department Screenshot constitutes constitutionally-protected criminal records. That claim fails to state a claim for the following reasons: (1) That criminal statute only relates to what is defined as Local summary criminal history information, and there is no allegation that the Santa Barbara Sheriff's Department Screenshot was from that database; (2) Even if the Santa Barbara Sheriff's Department Screenshot was from that database, that statute only applies to someone who is authorized to have access to that database who shares the information with someone who is not so authorized, and there is no allegation (as there cannot be) that Defendants R. Scott Turicchi or Lannette Turicchi are authorized to have access to that database; (3) Even if the Santa Barbara Sheriff's Department Screenshot was from that database, there is an exception in that statute for information used in the record of a judicial proceeding, and that screenshot was submitted to the

Santa Barbara Superior Court in the Santa Barbara Superior Court Action (RJN, **Exhibits A** and **B**); (4) Even if the Santa Barbara Sheriff's Department Screenshot was from that database, since the information was submitted in a judicial proceeding, it is a privileged communication pursuant to Section 47(b) of the California Civil Code (RJN, **Exhibits A** and **B**); and (5) Even if the Santa Barbara Sheriff's Department Screenshot was from that database, the information that is contained in that screenshot is not private information, as all of that information is contained in the Criminal Complaint against the Quaids which is a matter of public record (RJN, **Exhibit C**).

With respect to the Second Claim for Relief for alleged Public Disclosure of Private Facts, that claim for relief is merely one of the categories of invasion of privacy, such that, for the same reasons that the First Claim for Relief for alleged Invasion of Privacy does not state a claim for relief, this Second Claim for Relief does not state a claim for relief.

With respect to the Third Claim for Relief for alleged Conspiracy to Invade Privacy, for the reasons set forth with respect to the First and Second Claims for Relief, there has been no invasion of privacy, such that there can be no claim for conspiracy to invade privacy.

With respect to the Fourth Claim for Relief for Negligent Supervision, that claim for relief does not contain any claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi.

With respect to the Fifth Claim for Relief for Slander of Title, that claim for relief does not appear to contain any claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi, but, if it does, it does not state a claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi.

Accordingly, this Motion should be granted.

///

**II.**

**WHERE, AS HERE, EACH OF THE FIVE CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANTS R. SCOTT TURICCHI OR LANNETTE TURICCHI, PLAINTIFFS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that one of the defenses to a complaint is that there is a "failure to state a claim upon which relief can be granted." As the court held, in *Caltex Plastics, Inc. v. Lockheed Martin Corporation* (9th Cir. 2016) 824 F.3d 1156, 1159, in affirming the dismissal of a complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief: "A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories."

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (*Moss v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, 969). As the United States Supreme Court held, in *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S. Ct. 1937, 1949: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."

As set forth below, each of the five claims for relief in Plaintiffs' First Amended Complaint against Defendants R. Scott Turicchi and Lannette Turicchi fails this test. Accordingly, Plaintiffs' First Amended Complaint should be dismissed as to Defendants R. Scott Turicchi and Lannette Turicchi.

///

///

**A. The First Claim for Relief for Alleged Invasion of Privacy Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi**

Plaintiffs' First Claim for Relief for alleged Invasion of Privacy is based on the allegation that, pursuant to Section 13303 of the California Penal Code, the Santa Barbara Sheriff's Department Screenshot constitutes constitutionally-protected criminal records. That claim fails to state a claim for the following reasons:

**1. That Criminal Statute Only Relates to What is Defined as Local Summary Criminal History Information, and There is No Allegation That the Santa Barbara Sheriff's Department Screenshot Was From That Database**

Plaintiffs allege in their First Claim for Relief that there was a violation of Section 13303 of the California Penal Code, which provides: "Any person authorized by law to receive a record or information obtained from a record who knowingly furnishes the record or information to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor." Section 13300 defines "Local summary criminal history information" that is subject to this Article as "the master record of information compiled by any local criminal justice agency * * * pertaining to the identification and criminal history of any person." There is no allegation in Plaintiffs' First Amended Complaint that the Santa Barbara Sheriff's Department Screenshot is part of the master record of information compiled by any local criminal justice agency pertaining to the identification and criminal history of any person, and, without that, the use of that screenshot could not be an invasion of privacy.

///

///

///

///

**2. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, That Statute Only Applies to Someone Who is Authorized to Have Access to That Database Who Shares the Information With Someone Who is Not So Authorized, and There is No Allegation (As There Cannot Be) That Defendants R. Scott Turicchi or Lannette Turicchi Are Authorized to Have Access to That Database**

As set forth above, Section 13003 of the California Penal Code only applies to "any person authorized by law to receive a record or information obtained from a record." There is no allegation in Plaintiffs' First Amended Complaint (as there cannot be) that Defendants R. Scott Turicchi or Lannette Turicchi were "authorized by law to receive a record or information obtained from a record," and therefore the use of that screenshot could not constitute an invasion of privacy.

**3. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, There is an Exception in That Statute for Information Used in the Record of a Judicial Proceeding, and That Screenshot Was Submitted to the Santa Barbara Superior Court in the Santa Barbara Superior Court Action**

Section 13300(i) of the California Penal Code provides as follows: "It is not a violation of this article to include information obtained from a record in (1) a transcript or record of a judicial or administrative proceeding; or (2) any other public record when the inclusion of the information in the public record is authorized by a court, statute, or decision or law."

As can be seen from **Exhibits A** and **B** to the Request for Judicial Notice submitted herewith, the Santa Barbara Sheriff's Department Screenshot was submitted in connection with a Motion filed in the Santa Barbara Superior Court Action, as that information was relevant to the claim being made in that case that the Quaids were fugitives from justice and therefore not entitled to file a Cross-Complaint under the Doctrine of Fugitive Disentitlement. As such, the submission of that screenshot in that judicial proceeding was not a violation of Section 13300 of the California Penal Code, and thus could not be an invasion of privacy.

**4. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, Since the Information Was Submitted in a Judicial Proceeding, it is a Privileged Communication Pursuant to Section 47(b) of the California Civil Code**

Section 47(b) of the California Civil Code provides, in pertinent part, that "a privileged publication or broadcast is one made: * * * (b) in any * * * (2) judicial proceeding * * *. "

The Santa Barbara Sheriff's Department Screenshot was submitted to the Santa Barbara Superior Court in connection with the judicial proceeding of the Santa Barbara Superior Court Action. Accordingly, it is a privileged communication and not one that can be used to support a claim for invasion of privacy.

**5. Even if the Santa Barbara Sheriff's Department Screenshot Was From That Database, the Information that is Contained in that Screenshot is Not Private Information, as All of that Information is Contained in the Criminal Complaint Against the Quaids Which is a Matter of Public Record**

All of the information contained in the Santa Barbara Sheriff's Department Screenshot is information that is a matter of public record. Specifically, the 3rd Amended Felony Complaint against the Quaids contains all of the information that is contained in the Santa Barbara Sheriff's Department Screenshot (RJN, **Exhibit C**). Thus, there is no disclosure of private information upon which to base a claim for invasion of privacy.

**B. The Second Claim for Relief for Alleged Public Disclosure of Private Facts Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi**

Plaintiffs' Second Claim for Relief for alleged Public Disclosure of Private Facts is merely one of the categories of invasion of privacy. In fact, in one of the authorities relied upon by Plaintiffs in their First Amended Complaint, the Order of Judge Maame Ewusi-Mensah

///

Frimpong in the case of *Rotibi v. 21st Mortgage Corporation, et al.* (Case No. 2-23-cv-01500-MEMF (SKx), the Judge noted that the disclosure of private facts was one category of invasion of privacy, and held that, in that case, the plaintiff's complaint "fails to state a claim for invasion of privacy based upon public disclosure" (p. 7, lines 23-24). Similarly, in another case relied upon by Plaintiffs in their First Amended Complaint, the California Supreme Court, in *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 37, in reversing the Superior Court's finding of invasion of privacy, held as follows: "Not every act which has some impact on personal privacy invokes the protections of our Constitution. A court should not play the trump card of unconstitutionality to protect absolutely every assertion of individual privacy." Similarly, in the instant case, as discussed with respect to Plaintiffs' First Claim for Relief for invasion of privacy, there is no viable claim for relief for alleged public disclosure of private facts.

**C. The Third Claim for Relief for Alleged Conspiracy to Invade Privacy Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi**

As set forth with respect to Plaintiffs' First and Second Claims for Relief, since there is no viable claim for relief for any wrongful act of invasion of privacy or public disclosure of private facts, there can be no viable claim for relief for conspiracy to commit any wrongful act. In a case relied upon by Plaintiffs in their First Amended Complaint, *Wise v. Southern Pac. Co.* (1963) 223 Cal.App.2d 50, 64, the court held as follows: "To state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." In the instant case, there is no viable claim for any wrongful act or acts of invasion of privacy or

///

public disclosure of private facts, such that there can be no viable claim for relief for conspiracy to do so.

**D. The Fourth Claim for Relief for Alleged Negligent Supervision Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi**

The Fourth Claim for Relief in Plaintiffs' First Amended Complaint is a claim for relief for negligent supervision that does not contain any allegations against Defendants R. Scott Turicchi or Lannette Turicchi. In fact, during the Conference of Counsel, counsel for Plaintiffs confirmed that this claim for relief is not alleged against Defendants R. Scott Turicchi or Lannette Turicchi (Declaration of Craig S. Granet submitted herewith ("Granet Decl."), ¶ 4). Accordingly, this Fourth Claim for Relief does not state a claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi.

**E. The Fifth Claim for Relief for Alleged Slander of Title Does Not State a Claim for Relief Against Defendants R. Scott Turicchi or Lannette Turicchi**

The Fifth Claim for Relief in Plaintiffs' First Amended Complaint is a claim for relief for slander of title that does not appear to contain any allegations against Defendants R. Scott Turicchi or Lannette Turicchi. If it does, it does not state a claim for relief against either of them. Accordingly, this Fifth Claim for Relief does not state a claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi.

The Fifth Claim for Relief alleges a claim for slander of title against Defendant Bruce Berman. The allegations in that Claim are that Defendant Bruce Berman forged Randy Quaid's signature to transfer the property at issue from the Quaids to Mr. Berman (A typographical error in Paragraph 55 of the First Amended Complaint mistakenly states that the transfer was from the Quaids to the Turicchis, but, as can be seen from Exhibit B attached to the First Amended

Complaint, the transfer in question was from the Quaids to Mr. and Mrs. Berman; there was never any transfer from the Quaids directly to the Turicchis). That Claim for Relief goes on to say that the Bermans' transfer of title constitutes a publication for purposes of slander of title.

Nowhere in the Fifth Claim for Relief is there any allegation that Defendants R. Scott Turicchi or Lannette Turicchi slandered the title of the Quaids. To allege a claim for slander of title, the Quaids had to allege the following elements: "The elements of the tort are: (1) publication; (2) absence of justification; (3) falsity; and (4) direct pecuniary loss" (*Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 858).

In that connection, nowhere in the Fifth Claim for Relief is there any allegation that the Turicchis made any publication, that the Turicchis had no justification for any publication, that any publication was false, and that the Quaids suffered any direct pecuniary loss from any publication by the Turicchis. Thus, there is no claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi for slander of title.

Moreover, even if the Quaids had alleged a slander of title claim for relief against the Turicchis, any such claim would be barred by the applicable Statute of Limitations.

California law supplies the statute of limitations to be applied in a diversity action on state law claims (*Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.*, No. CIV. 2:11-1787 WBS, 2011 WL 5241350 (E.D. Cal. Oct. 31, 2011) at *3 (granting motion to dismiss based on statute of limitations). California's statute of limitations for an action for slander of title is three years (Code Civ. Proc. § 338(g)). That "period begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her" (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110; the California Supreme Court went

///

on to explain that the statute of limitations period begins once the plaintiff "has notice or information of circumstances to put a reasonable person on inquiry," and, in that connection:

> "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim. * * * Once the plaintiff has a suspicion of wrongdoing and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her" (44 Cal.3d 1110-1111).

A claim may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on the statute of limitations, when the running of the statute is clear from the face of the complaint and judicially noticed documents (*Hernandez v. Sutter West Capital*, Case No. C 09-03658 CRB, 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) at *2, citing *Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F.2d 677, 682. Accord: *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504 (taking judicial notice of a motion to dismiss from another action). The Quaids' Complaint, First Amended Complaint, and court records submitted with the Request for Judicial Notice show that the Fifth Claim for Relief is time-barred and should be dismissed with prejudice.

The Quaids' original Complaint in this action alleged that the Turicchis filed an action against the Quaids to quiet title to the Property on November 25, 2019 (Complaint, ¶ III(1)). Alerted by a Motion to Dismiss their original Complaint filed by Defendant Bruce Berman that that allegation showed that the Quaids were on notice of their claims more than three years before they filed this action, the Quaids deleted those allegations from the First Amended Complaint. However, a plaintiff "cannot avoid application of the statute of limitations by simply

deleting from its amended complaint allegations evidencing its discovery of the factual basis of its UCL claim" (*J. Edwards Jewelry Distributing, LLC v. Wells Fargo & Company*, Case No. 18-CV-03886-YGR, 2019 WL 2329248 (N.D. Cal. May 31, 2019) at *4.

The First Amended Complaint likewise shows that the Quaids filed this action more than three years after they were on notice of the allegedly forged Quaid/Berman deed. The "Expert's Report" dated April 2, 2021 and attached to the First Amended Complaint as Exhibit "B" states that the Quaids "questioned" the deed and retained an "expert" to examine the deed more than three years before filing this action on April 26, 2024.

In fact, the Quaids have filed numerous Complaints, Cross-Complaints and Declarations in both state and federal courts which show that the Quaids were on notice of the recorded, allegedly forged Quaid/Berman deed, more than a decade ago, in 2010. As but one example:

In a Cross-Complaint filed on October 7, 2020, in the Santa Barbara action referenced in the first and second paragraphs of Section III of their original Complaint (RJN, **Exhibit D**), the Quaids alleged: "In 2010 Plaintiffs [the Quaids] received information from the ex-business manager that the property had not been sold by him. This information demanded an investigation since Plaintiffs knew they'd not been involved in a sale. * * * A search of the Santa Barbara County records revealed to Evi Quaid that * * * Berman had used a forged deed" (RJN, **Exhibit D**, ¶ 70). The Quaids further alleged that "Plaintiffs did finally become aware of the Bermans' fraudulence in 2010" (RJN, **Exhibit D**, ¶ 73).

As set forth above, none of the five Claims for Relief in Plaintiffs' First Amended Complaint states a claim for relief against Defendants R. Scott Turicchi or Lannette Turicchi, and, for the reasons set forth above, cannot do so. In such cases, the First Amended Complaint should be dismissed with prejudice: "When a proposed amendment would be futile, there is no

need to prolong the litigation by permitting further amendment" (*Gardner v. Martino* (2009) 563 F.3d 981, 990. Accord: *Albrecht v. Lund* (9th Cir. 1988) 845 F.2d 193, 195-196, amended 856 F.2d 111).

**III.**

**CONCLUSION**

For all of the foregoing reasons, Defendants R. Scott Turicchi or Lannette Turicchi respectfully request the Court to grant this Motion and to dismiss with prejudice the First Amended Complaint against them.

RIMON, P.C.

DATED: August 8, 2024

By:________________________
CRAIG S. GRANET
Attorneys for Defendants
R. SCOTT TURICCHI and
LANNETTE TURICCHI

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Defendants R. Scott Turicchi and Lannette Turicchi, certifies that this brief contains 5,100 words, which complies with the word limit of Local Rule 11-6.1 of the Local Rules of this Court.

CRAIG S. GRANET

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 200 East Carrillo Street, Suite 201, Santa Barbara, California 93101. On August 8, 2024, I served the following document: **NOTICE OF MOTION AND MOTION OF DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT DUE TO FAILURE TO STATE A CLAIM FOR RELIEF [F.R.C.P. 12(b)(6)]** on the interested parties in this action, as indicated below:

John M. Pierce, Esq.
John Pierce Law
21550 Oxnard Street, 3rd Floor
PMB #172
Woodland Hills, California 91367
Telephone: (310) 441-0500
Email: *jpierce@johnpiercelaw.com*

Attorneys for Plaintiffs
RANDY QUAID and EVGENIA QUAID

[X] [BY EMAIL] I caused the above-referenced document to be transmitted from my email address (judy.johnson@rimonlaw.com) to the interested parties at the email address as listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] [FEDERAL] I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 8, 2024.

*/s/ Judy Johnson*