Craig S. Granet (State Bar No. 071020)
*craig.granet@rimonlaw.com*
Claire K. Mitchell (State Bar No. 318857)
*claire.mitchell@rimonlaw.com*
RIMON, P.C.
200 East Carrillo Street, Suite 201
Santa Barbara, CA 93101
Telephones: (805) 618-2555 / (805) 892-7400

Andrew W. Zepeda (State Bar No. 106509)
*azepeda@lurie-zepeda.com*
LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 274-8700

Attorneys for Defendants
R. SCOTT TURICCHI and LANNETTE TURICCHI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RANDY QUAID, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CRAIG GRANET, et al.,<br><br>Defendants. | Case No. 2:24-cv-03455-MRA-JPR<br><br>**REQUEST FOR JUDICIAL NOTICE OF DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI IN SUPPORT OF DEFENDANTS R. SCOTT TURICCHI'S AND LANNETTE TURICCHI'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF [F.R.C.P. 12(b)(6)]**<br><br>Date:          October 10, 2024<br>Time:          1:30 p.m.<br>Judge:         Hon. Monica Ramirez Almadani<br>Courtroom: 10B<br><br>Action filed: April 26, 2024<br>Trial Date:    Not Set |

-1-
_____
REQUEST FOR JUDICIAL NOTICE

Defendants R. Scott Turicchi and Lannette Turicchi (the "Turicchis") hereby request the Court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the documents filed in California state court actions listed below, true and correct copies of which are attached as exhibits hereto.

This Court may take judicial notice of publicly available court records of cases in other courts (*U.S. v. Howard* (9th Cir. 2004) 381 F.3d 873, 876, fn. 1; *Harris v. County of Orange* (9th Cir. 2012) 682 F.3d 1126, 1132 (noting that judicial notice may be taken of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.* (9th Cir. 2006) 442 F.3d 741, 746, fn. 6 (taking judicial notice of pleadings, memoranda and other court filings.  See also, *U.S. v. Black* (9th Cir. 2007) 482 F.3d 1035, 1041 (judicial notice of proceedings in other courts "both within and without the federal judicial system" is proper "if those proceedings have a direct relation to matters at issue").  These include filings in state court cases (*Burbank-Glendale-Pasadena Airport Authority v. City of Burbank* (9th Cir. 1998) 136 F.3d 1360, 1364 (taking judicial notice of court filings in a related state court case); *Hott v. City of San Jose* (N.D. Cal. 2000) 92 F.Supp.2d 996, 998 (judicial notice taken of relevant memoranda and an order filed in a related state court case).

The materials attached as exhibits to this Request for Judicial Notice are copies of court filings in the Santa Barbara Superior Court, and relate to issues raised by Plaintiffs in their First Amended Complaint in the instant action.

The Court is accordingly requested to take judicial notice of the following:

1.      The Turicchis' Request for Judicial Notice in Support of Their Motion to Strike the Quaids' Fifth Amended Cross-Complaint, and relevant Exhibits P and Q attached thereto, filed June 12, 2023, in the case of *R. Scott Turicchi, et al., Plaintiffs, vs. Randy Quaid, et al.,*

1    *Defendants*, Santa Barbara Superior Court Case No. 19CV06268, a copy of which is attached

2    hereto as **Exhibit A**.

3
     2.      The Turicchis' Supplemental Request for Judicial Notice of Amended Exhibit Q
4
5    in Support of their Demurrer to the Quaids' Fifth Amended Cross-Complaint, filed July 10,

6    2023, in the case of *R. Scott Turicchi, et al., Plaintiffs, vs. Randall Quaid, et al., Defendants*,

7    Santa Barbara Superior Court Case No. 19CV06268, a copy of which is attached hereto as

8    **Exhibit B**.

9
     3.      3rd Amended Felony Complaint, filed October 20, 2015, in the case of *The*
10
11   *People of the State of California, Plaintiff, vs. Randall Rudy Quaid aka Randy Quaid aka Randal*

12   *Rudy Quaid and Evi Hellena Quaid aka Eveginia Helena Quaid, Defendants*, Santa Barbara DA

13   No. 10-09-254799, Court No. 1363847, a copy of which is attached hereto as **Exhibit C**.

14
     4.      Cross-Complaint for Damages, filed by the Quaids on October 7, 2020, in Case
15
16   No. 19CV06268, in the Santa Barbara Superior Court, a copy of which is attached hereto as

17   **Exhibit D** (without the 307 pages of exhibits).

18

19                                            RIMON, P.C.

20

21   DATED:  August 8, 2024            By: _____
22                                          CRAIG S. GRANET
23                                          Attorneys for Defendants
                                            R. SCOTT TURICCHI and
24                                          LANNETTE TURICCHI

25

26

27

28

                                          -3-

## INDEX OF EXHIBITS

**Exhibit**                          **Description**

A                    The Turicchis' Request for Judicial Notice in Support of Their
                     Motion to Strike the Quaids' Fifth Amended Cross-Complaint, and
                     relevant Exhibits P and Q attached thereto, filed June 12, 2023, in
                     the case of *R. Scott Turicchi, et al., Plaintiffs, vs. Randy Quaid, et
                     al., Defendants*, Santa Barbara Superior Court Case No.
                     19CV06268.

B                    The Turicchis' Supplemental Request for Judicial Notice of
                     Amended Exhibit Q in Support of their Demurrer to the Quaids'
                     Fifth Amended Cross-Complaint, filed July 10, 2023, in the case of
                     *R. Scott Turicchi, et al., Plaintiffs, vs. Randall Quaid, et al.,
                     Defendants*, Santa Barbara Superior Court Case No. 19CV06268.

C                    3rd Amended Felony Complaint, filed October 20, 2015, in the
                     case of *The People of the State of California, Plaintiff, vs. Randall
                     Rudy Quaid aka Randy Quaid aka Randal Rudy Quaid and Evi
                     Hellena Quaid aka Eveginia Helena Quaid, Defendants*, Santa
                     Barbara DA No. 10-09-254799, Court No. 1363847.

D                    Cross-Complaint for Damages, filed by the Quaids on October 7,
                     2020, in Case No. 19CV06268, in the Santa Barbara Superior
                     Court (without the 307 pages of exhibits).

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/12/2023 9:33 PM
By: Terri Chavez , Deputy

1   Craig S. Granet (State Bar No. 071020)
    *craig.granet@rimonlaw.com*
2   Claire K. Mitchell (State Bar No. 318857)
    *claire.mitchell@rimonlaw.com*
3   RIMON, P.C.
    200 East Carrillo Street, Suite 201
4   Santa Barbara, CA  93101
    Telephones:  (805) 618-2555 / (805) 892-7400
5
6   Andrew W. Zepeda (State Bar No. 106509)
    *azepeda@lurie-zepeda.com*
7   LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
    1875 Century Park East, Suite 2100
8   Los Angeles, CA  90067
    Telephone:  (310) 274-8700
9
10  Attorneys for Plaintiffs and Cross-Defendants
    R. SCOTT TURICCHI and LANNETTE C. TURICCHI
11
12              SUPERIOR COURT OF THE STATE OF CALIFORNIA
13          COUNTY OF SANTA BARBARA – ANACAPA DIVISION
14
15  R. SCOTT TURICCHI; and LANNETTE C.      )   Case No. 19CV06268
    TURICCHI,                               )   [Assigned to Hon. Colleen K. Sterne]
16                                          )
17              Plaintiffs,                 )   **THE TURICCHIS' REQUEST FOR**
                                            )   **JUDICIAL NOTICE IN SUPPORT OF**
18                                          )   **THEIR MOTION TO STRIKE THE**
                                            )   **QUAIDS' FIFTH AMENDED CROSS-**
19  vs.                                     )   **COMPLAINT**
                                            )
20                                          )   Date:   August 7, 2023
    RANDALL QUAID, et al.,                  )   Time:   10:00 a.m.
21                                          )   Dept:  5
22                                          )
                                            )
23              Defendants.                 )
                                            )
24  _____    )
                                            )
25  AND RELATED CROSS-ACTION.               )
                                            )
26  _____    )
27
28

-1-

THE TURICCHIS' REQUEST FOR JUDICIAL NOTICE

19CV06268

Plaintiffs and Cross-Defendants R. Scott Turicchi and Lannette C. Turicchi (the "Turicchis") hereby request, pursuant to Sections 452 and 453 of the Evidence Code, that the Court take judicial notice of the following documents in support of their Motion to Strike the Fifth Amended Cross-Complaint of Cross-Complainants Randy Quaid and Evgenia Quaid (the "Quaids") (Documents identified as Exhibits A through O are all contained in the Court's file in the instant action, and, since some of them are lengthy, particularly the pleadings filed by the Quaids, where appropriate, only the first page of a document is attached hereto so as not to overburden the Court file on this Motion; the Turicchis will have the full documents available at the Hearing on the Motion):

1.     The Quaids' Cross-Complaint for Damages, naming Bruce and Nancy Goliger Berman (the "Bermans") as Cross-Defendants, filed October 7, 2020, the first page of which is attached hereto as **Exhibit A**.

2.     The Bermans' Demurrer to that Cross-Complaint, including as a ground the bar of the Statute of Limitations, filed December 18, 2020, and set for Hearing on February 8, 2021, the first page of which is attached hereto as **Exhibit B**.

3.     Prior to the Hearing on that Demurrer, on December 30, 2020, the Quaids filed a First Amended Cross-Complaint for Damages, also including the Bermans as Cross-Defendants, the first page of which is attached hereto as **Exhibit C**.

4.     The Bermans' Demurrer to the Quaids' First Amended Cross-Complaint, including as a ground the bar of the Statute of Limitations, filed March 22, 2021, and set for Hearing on June 7, 2021, the first page of which is attached hereto as **Exhibit D**.

///

///

THE TURICCHIS' REQUEST FOR JUDICIAL NOTICE

19CV06268

5.     Prior to the Hearing on that Demurrer, the Quaids dismissed their First Amended Cross-Complaint on May 28, 2021, a copy of which Dismissal is attached hereto as **Exhibit E**.

6.     On February 22, 2022, the Quaids filed a newly titled First Amended Cross-Complaint for Identity Theft and Declaratory Relief, the first page of which is attached hereto as **Exhibit F**.

7.     Both the Turicchis and Cross-Defendants Fidelity National Financial, Inc. and Lawyers Title Company filed Demurrers to that First Amended Cross-Complaint, which the Court sustained on the ground that the Identity Theft Cause of Action and the related Declaratory Relief Cause of Action were barred by the Statute of Limitations, and the Court granted the Quaids leave to amend.  A copy of said Order filed December 7, 2022, is attached hereto as **Exhibit G**.

8.     On February 14, 2023, the Quaids filed a Fourth Amended Cross-Complaint, alleging eleven causes of action and adding nine new Cross-Defendants, the first page of which is attached hereto as **Exhibit H**.

9.     On March 20, 2023, Cross-Defendants Chicago Title Company and Ticor Title Company of California filed an *Ex Parte* Application to Strike the Quaids' Fourth Amended Cross-Complaint, the first page of which is attached hereto as **Exhibit I**.

10.     The Turicchis filed a Joinder to that *Ex Parte* Application on March 20, 2023, the first page of which is attached hereto as **Exhibit J**.

11.     On March 21, 2023, the Court granted the *Ex Parte* Application and struck the Fourth Amended Cross-Complaint, giving the Quaids leave to amend, but ruling that the amended Cross-Complaint "shall only address a new cause of action against the existing parties." A copy of the Court's Order is attached hereto as **Exhibit K**.

19CV06268

12.     On May 3, 2023, the Quaids filed a Fifth Amended Cross-Complaint, alleging 21 causes of action and naming four new parties, including the Bermans.  A copy of the first page of that Fifth Amended Cross-Complaint is attached hereto as **Exhibit L**.

13.     On May 15, 2023, Cross-Defendant Fidelity National Title Insurance Company filed an *Ex Parte* Application to strike the Fifth Amended Cross-Complaint for violating the Court's March 21, 2023 Order, the first page of which is attached hereto as **Exhibit M**.

14.     The Turicchis filed a Joinder to that *Ex Parte* Application on May 15, 2023, the first page of which is attached hereto as **Exhibit N**.

15.     At the Hearing on the *Ex Parte* Application on May 23, 2023, the Court struck four of the causes of action of the Fifth Amended Cross-Complaint, but stated that it did not want to rule on the other causes of action on an *ex parte* basis, so it denied the *Ex Parte* Application as to the remaining causes of action, without prejudice to any of the Cross-Defendants filing a noticed motion to strike those remaining causes of action.  A copy of the Court's Order is attached hereto as **Exhibit O**.

16.     This Court's Ruling, on July 28, 2014, granting the Santa Barbara Sheriff's Department's Motion to Quash a Subpoena issued by the Quaids on the grounds of the Doctrine of Fugitive Disentitlement, which the Quaids attached as Exhibit C to their Request to Take Judicial Notice in Support of their Motion for Reconsideration, which they filed on March 23, 2023; a copy of this Court Ruling is attached hereto as **Exhibit P**.

///

///

///

///

17.     A screenshot from the records of the Felony Fugitive Unit of the Santa Barbara County Sherriff's Department, showing that Randy Quaid is still a fugitive on Felony Warrant No. 1363847, and that Evi Quaid is still a fugitive on both Felony Warrant No. 1363847 and Misdemeanor Warrant No. 1299916, a copy of which screenshot is attached hereto as **Exhibit Q**.

                                                    RIMON, P.C.


DATED:  June 12, 2023                 By: _____
                                                    CRAIG S. GRANET
                                                    Attorneys for Plaintiffs and Cross-
                                                    Defendants R. SCOTT TURICCHI and
                                                    LANNETTE C. TURICCHI

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | The Quaids' Cross-Complaint for Damages filed October 7, 2020. |
| B | The Bermans' Demurrer to the Quaids' Cross-Complaint for Damages, filed December 18, 2020. |
| C | The Quaids' First Amended Cross-Complaint for Damages, filed December 30, 2020. |
| D | The Bermans' Demurrer to the Quaids' First Amended Cross-Complaint for Damages, filed March 22, 2021. |
| E | The Quaids' Request for Dismissal of their First Amended Cross-Complaint, filed May 28, 2021. |
| F | The Quaids' First Amended Cross-Complaint for Identity Theft And Declaratory Relief, filed February 22, 2022. |
| G | Court's Order filed December 7, 2022. |
| H | The Quaids' Fourth Amended Cross-Complaint, filed February 14, 2023. |
| I | *Ex Parte* Application to Strike the Quaids' Fourth Amended Cross-Complaint filed by Cross-Defendants Chicago Title Company and Ticor Title Company of California on March 20, 2023. |
| J | The Turicchis' Joinder to the *Ex Parte* Application filed by Cross-Defendants Chicago Title Company and Ticor Title Company of California, filed March 20, 2023. |
| K | Court's Order granting the *Ex Parte* Application filed by Cross-Defendants Chicago Title Company and Ticor Title Company of California, filed March 21, 2023. |
| L | The Quaids' Fifth Amended Cross-Complaint, filed May 5, 2023. |

THE TURICCHIS' REQUEST FOR JUDICIAL NOTICE

19CV06268

| | | |
|---|---|---|
| 1 | M | *Ex Parte* Application to Strike the Quaids' Fifth Amended Cross-Complaint filed May 15, 2023, by Cross-Defendant Fidelity National Title Insurance Company. |
| 2 | | |
| 3 | N | The Turicchis' Joinder to the Ex Parte Application to Strike the Quaids' Fifth Amended Cross-Complaint, filed May 15, 2023. |
| 4 | | |
| 5 | O | Court's Order, filed May 23, 2023. |
| 6 | P | Court's Ruling granting Santa Barbara Sheriff's Department's Motion to Quash the Quaids' Subpoena, filed July 28, 2014. |
| 7 | | |
| 8 | Q | Screenshot from the records of the Felony Fugitive Unit of the Santa Barbara Sherriff's Department. |
| 9 | | |

19CV06268

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

Randy Quaid
Evgenia "Evi" Quaid
Pro Se
Po Box 17372
Beverly Hills CA
802-453-7250
Eliza.George@Mail.be

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/7/2020 4:10 PM
By: Terri Chavez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA BARBARA

### ANACAPA DIVISION

| | |
|---|---|
| (RANDALL)RANDY QUAID and (EUGENIA) EVGENIA "EVI" QUAID ) ) ) Plaintiffs, ) ) vs. ) ) ) R. SCOTT TURICCHI, an indivual; ) LANNETTE TURICCHI, an invidual; ) BRUCE BERMAN, an individual; NANCY ) GOLIGER BERMAN (aka NANCY ) GOLIGER, an individual; BALTCOR ) CORPORATION, a corporation; ) ALEKSANDR VOLYNSKIY, an individual;) ROBERT ("BOB") LAMBORN, an ) individual: JAMES KRAUTMANN, an ) individual; and DOES 1 through 50, ) inclusive, ) ) Defendants. ) | Case No. 19cv06268

The Honorable Colleen K. Sterne
 Hearing: Nov 16, 2020 at 8:30AM
**CROSS-COMPLAINT FOR DAMAGES**

1. **FORGERY**

2. **CANCELATION OF INSTRUMENTS**

3. **CONSPIRACY TO COMMIT FRAUD**

4. **BANK FRAUD / MORTGAGE FRAUD**

**JURY TRIAL DEMANDED**

Complaint Filed
11/25/2019 |

-1-

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/18/2020 1:23 PM
By: Elizabeth Spann, Deputy

1  MARC E. ROHATINER (State Bar No. 82709)
   mrohatiner@wrslawyers.com
2  EDWARD E. WEIMAN (State Bar No. 193290)
   eweiman@wrslawyers.com
3  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, 9th Floor
4  Los Angeles, California 90064-1582
   Telephone:  (310) 478-4100
5  Facsimile:   (310) 479-1422

6  Attorneys for Cross-Defendants BRUCE
   BERMAN and NANCY GOLIGER
7  BERMAN

8

9  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10  COUNTY OF SANTA BARBARA, ANACAPA DIVISION

11

| | |
|---|---|
| 12 R. SCOTT TURICCHI; and LANNETTE TURICCHI, | Case No. 19CV06268 |
| 13          Plaintiffs, | **CROSS-DEFENDANTS BRUCE BERMAN AND NANCY GOLIGER** |
| 14 | **BERMAN'S NOTICE OF DEMURRER AND DEMURRER TO CROSS-** |
|      vs. | **COMPLAINT FILED BY CROSS-** |
| 15 | **COMPLAINANTS (RANDALL) RANDY QUAID AND (EUGENIA)** |
| 16 RANDALL QUAID; EVGENIA QUAID, aka EUGENIA QUAID; et al., | **EVGENIA "EVI" QUAID;** |
| 17          Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION** |
| 18 | **OF EDWARD E. WEIMAN IN SUPPORT THEREOF** |
| 19 | |
| 20 | *[[Proposed] Order filed concurrently herewith]* |
| 21 | Assigned for All Purposes to the Hon. Colleen K. Sterne, Dept 5 |
| 22 | |
| 23 | Date:    February 8, 2021<br>Time:   10:00 a.m.<br>Dept.:  5 |
| 24 | |
| 25 AND RELATED CROSS-ACTION | Action Filed:   November 25, 2019<br>Trial Date:   None |
| 26 | |
| 27 | |
| 28 | |

EXHIBIT C

EXHIBIT C

EXHIBIT C

EXHIBIT C

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/30/2020 3:19 PM
By: Narzralli Baksh, Deputy

Randy Quaid, Pro Se
Evgenia "Evi" Quaid,  Pro Se
Po Box 17372
Beverly Hills CA
802-453-7250;  Eliza.George@Mail.be

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

### ANACAPA DIVISION

| | |
|---|---|
| R/ SCOTT TURICCHI, an indivual;<br>LANNETTE TURICCHI, an invidual;<br><br>Plaintiffs,<br>vs.<br>(RANDALL) RANDY QUAID and<br>(EUGENIA) EVGENIA "EVI" QUAID<br>Defendants<br><br>_____<br><br>(RANDALL) RANDY QUAID and<br>(EUGENIA) EVGENIA "EVI" QUAID.<br><br>Cross-complaintant<br><br>vs.<br><br>R/ SCOTT TURICCHI, an indivual;<br>LANNETTE TURICCHI, an invidual;<br>BRUCE BERMAN, an individual; NANCY<br>GOLIGER BERMAN (aka NANCY<br>GOLIGER, an individual; BALTCOR<br>CORPORATION, a corporation;<br>ALEKSANDR VOLYNSKIY, an individual;<br>ROBERT ("BOB") LAMBORN, an<br>individual: JAMES  KRAUTMANN, an<br>individual; BRUCE GIFFIN, an individual;<br>**and DOES 1 through 50,**<br>inclusive,<br>Cross-defendants. | Case No.  19cv06268<br><br>The Honorable Colleen K. Sterne<br><br>**FIRST AMENDED CROSS-<br>COMPLAINT FOR DAMAGES**<br><br>1.   **FORGERY**<br><br>2.   **CANCELLATION OF<br>     INSTRUMENTS**<br><br>3.   **CONSPIRACY TO COMMIT<br>     FRAUD / RICO**<br><br>4.   **BANK FRAUD / MORTGAGE<br>     FRAUD**<br><br>5.   **ABUSE OF PROCESS**<br><br>6.   **FALSIFYING EVIDENCE<br>     AND CONCEALMENT**<br><br>7.   **MAKING FALSE<br>     STATEMENT FOR POLICE<br>     REPORT**<br><br>8.   **CONVERSION AND<br>     TRESPASS OF CHATTELS**<br><br>**JURY TRIAL DEMANDED** |

EXHIBIT D

EXHIBIT D

EXHIBIT D

EXHIBIT D

1  MICHAEL G. KING (SBN 145477)
   SUSAN J. WILLIAMS (SBN 82976)
2  HENNELLY & GROSSFELD LLP
   4640 Admiralty Way, Suite 850
3  Marina del Rey, CA  90292
   Telephone:  (310) 305-2100
4  Facsimile:  (310) 305-2116
   EM: mking@hgla.com
5  EM: swilliams@hgla.com

6  Attorneys for Cross-Defendants,
   BRUCE BERMAN AND
7  NANCY GOLIGER BERMAN

8
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
             **FOR THE COUNTY OF SANTA BARBARA – ANACAPA DIVISION**
10

11
   R. SCOTT TURICCHI and LANNETTE              **CASE NO. 19CV06268**
12 TURICCHI,
                                                Assigned to Honorable Colleen K. Sterne
13                    Plaintiffs,               Department 5

14           vs.                               **CROSS-DEFENDANTS BRUCE BERMAN
                                               AND NANCY GOLIGER BERMAN'S
15 RANDY R. QUAID; (EUGENIA) EVGENIA           NOTICE OF DEMURRER AND
   QUAID, and DOES 1 to 10, inclusive,         DEMURRER TO CROSS-COMPLAINANTS
16                                             (RANDALL) RANDY QUAID AND
                                               (EUGENIA) EVGENIA "EVI" QUAID'S
17                    Defendants.              FIRST AMENDED CROSS-COMPLAINT;**

18 ─────────────────────────────────          **SUPPORTING MEMORANDUM OF
                                               POINTS AND AUTHORITIES**
19 AND RELATED CROSS-ACTIONS
                                               [Accompanied by Declaration of Susan J.
20                                             Williams and Compendium of Federal
                                               Authorities]
21
                                               Date:   June 7, 2021
22                                             Time:  10:00 am
                                               Dept.:  5
23
                                               Action Filed:            November 25, 2019
24                                             Trial Confirmation Date:  March 28, 2022

25      **PLEASE TAKE NOTICE** that on June 7, 2021 at 10:00 a.m. in Department 5 of the

26 above-entitled Court located at 1100 Anacapa Street, Santa Barbara, California 93121-1107, cross-

27 defendants Bruce Berman and Nancy Goliger Berman (collectively "the Bermans") will and hereby

28 do demur to the first amended cross-complaint of cross-complainants (Randall) Randy Quaid and

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Randy Quaid and Evgenia Quaid

FIRM NAME:

STREET ADDRESS: 7600 Chevy Chase Drive Chase Park, Suite 300, Quaid Films

CITY: Austin    STATE: TX    ZIP CODE: 78752

TELEPHONE NO.: 802-453-7250    FAX NO.:

E-MAIL ADDRESS: Eliza.George@Mail.be

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93121
BRANCH NAME: Anacapa Division

**ELECTRONICALLY FILED**
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
5/28/2021 2:55 PM
By: Sarah Sisto, Deputy

Plaintiff/Petitioner: (Randall) Randy Quaid and (Eugenia) Evgenia Quaid

Defendant/Respondent: R. Scot Taurich, Leanette Taturich, Bruce Berman, Nancy Oolligor, Robert Lambern, James Krawitman, Balcor, Aleksandr Volynskiy

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 19cv08268 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
      (3) ☒ Cross-complaint filed by (name): (Randall) Randy Quaid    on (date): 10/7/2020
      (4) ☒ Cross-complaint filed by (name): (Eugenia) Evgenia Quaid    on (date): 10/7/2020
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* First Amended Cross-complaint filed 12/30/2020

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)

Date: April/25/2021

Randy Quaid, Evgenia Quaid

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

Randy Quaid /s/    Evgenia Quaid /s/
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☒ Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:
Randy Quaid and Evgenia Quaid

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

Randy Quaid /s/    Evgenia Quaid /s/
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☒ Cross Complainant

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): 5/28/2021    as to only (name): see above
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☒ Attorney or party without attorney notified on (date): 5/28/2021
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

Date: 5/28/2021    Clerk, by /s/ Sarah Sisto , Deputy    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: R. Scott Turicchi | CASE NUMBER: |
| Defendant/Respondent: Randy Quaid | 19cv06268 |

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name)*:

2. The person named in item 1 is *(check one below)*:

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court  *(check one)*:     Yes          No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____                    _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form | Save this form |     | Clear this form |

# EXHIBIT F

# EXHIBIT F

# EXHIBIT F

# EXHIBIT F

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/22/2022 11:49 AM
By: Terri Chavez, Deputy

Randy and Evi Quaid
1880 Century Park, #1410
Los Angeles, CA 90067
eliza.george@mail.be
802-453-7250

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA BARBARA
### ANACAPA DIVISION

| | |
|---|---|
| R. SCOTT TURICCHI, an individual;<br>LANNETTE TRUICCHI, an individual;<br>    Plaintiffs<br>    vs.<br>(RANDALL) RANDY QUAID and<br>(EUGENIA) EVGENIA QUAID<br>    Defendants | Case No. 19CV06268<br>The Hon. Judge Colleen Sterne<br>The Hon.Thomas P. Anderle<br><br>**FIRST AMENDED<br>CROSS COMPLAINT FOR:** |

RANDY QUAID, an individual;
EVGENIA QUAID, an individual;
    Plaintiffs
    vs.

FIDELITY NATIONAL FINANCIAL INC.,
a company; LAWYERS TITLE, a company;
LANDAMERICA LAWYERS TITLE, a
company; SCOTT TURICCHI, an
individual; LANNETTE TURICCHI, an
individual; ALL PERSONS UNKNOWN
AND KNOWN, CLAIMING ANY LEGAL
OR EQUITABLE RIGHT, TITLE, ESTATE,
LIEN, OR INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFFS' TITLE, OR
ANY CLOUD ON PLAINTIFFS' TITLE
THERETO,; AND DOES ONE through
FIFTY, inclusive,

    Defendants

**1. IDENTIFICATION
THEFT PER
CALIFORNIA CIVIL
CODE SECTION 1798.93;**

**2. DECLARATORY
RELIEF**

Filed: November 25, 2019

1

EXHIBIT G

EXHIBIT G

EXHIBIT G

EXHIBIT G

Pursuant to CRC 2.259 this document has been electronically filed by the
Superior Court of California, County of Santa Barbara, on 11/29/2022

1    Craig S. Granet, State Bar No. 071020

*craig.granet@rimonlaw.com*

2    Claire K. Mitchell, State Bar No. 318857

*claire.mitchell@rimonlaw.com*

3    RIMON, P.C.

200 East Carrillo Street, Suite 201

4    Santa Barbara, CA 93101

5    Telephones: (805) 618-2555 / (805) 892-7400

6    Attorneys for Plaintiffs and Cross-Defendants
R. SCOTT TURICCHI and LANNETTE C. TURICCHI

7

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA
**12/07/2022**
Darrel E. Parker, Executive Officer
BY  Chavez, Terri
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SANTA BARBARA – ANACAPA DIVISION

10

11   R. SCOTT TURICCHI; and LANNETTE C.          )   Case No. 19CV06268
TURICCHI,                                    )   [Assigned to Hon. Colleen K. Sterne]
12                                                )
13            Plaintiffs,                         )
                                                )   [PROPOSED] ORDER AFTER HEARING
14                                                )
15   vs.                                          )   Date:  November 28, 2022
                                                )   Time:  10:00 a.m
16                                                )   Dept:  5
                                                )
17   RANDALL QUAID, et al.,                       )
18                                                )
                                                )
19            Defendants.                         )
                                                )
20                                                )
     AND RELATED CROSS-ACTION.                    )
21                                                )
                                                )
22                                                )

23        A Hearing on the following Motions came on regularly for hearing on November 28,

24   2022, at 10:00 a.m. in Dept. 5 of the above-entitled Court, the Honorable Colleen K. Sterne,

25   Judge presiding:

26   ///

27   ///

28

-1-

1.      Motion by Defendants and Cross-Complainants Randall Quaid and Evgenia Quaid (the "Quaids") to Change Venue, for Dismissal of Plaintiffs' Case for Improper Notice and Perjury, or to Remove the Case to ADR;

2.      Motion by Cross-Defendants Lawyers Title Company and Fidelity National Financial, Inc., for an Order Deeming Randy Quaid and Evgenia Quaid Vexatious Litigants, Precluding Them from Filing Further Litigation In Pro Per, and Requiring Them to Furnish Security;

3.      Demurrer by Plaintiffs and Cross-Defendants R. Scott Turicchi and Lannette C. Turicchi (the "Turicchis") to the Quaids' First Amended Cross-Complaint;

4.      Demurrer by Cross-Defendants Fidelity National Financial, Inc. and Lawyers Title Company to the Quaids' First Amended Cross-Complaint;

5.      Motion by the Turicchis for a Protective Order; and

6.      Motion by Cross-Defendant Fidelity National Financial, Inc. to Quash Service of Summons for Lack of California Jurisdiction Over the Entity.

The Turicchis appeared by their counsel, Rimon, P.C., by Craig S. Granet, Esq. The Quaids appeared by Defendant Evgenia Quaid, In Pro Per. Cross-Defendants Lawyers Title Company and Fidelity National Financial, Inc. appeared by counsel, Fidelity National Law Group, by James D. Hepworth, Esq.

The Court, after full consideration of the points and authorities and evidence submitted, and the oral argument at the Hearing, and having issued its Tentative Ruling, and

///

///

///

[PROPOSED] ORDER AFTER HEARING

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED as follows:

1.      The Court adopts its Tentative Ruling as the Order of the Court, as reflected in the Court's Minute Order, entered November 28, 2022, a copy of which is attached hereto and incorporated herein by this reference;

2.      Based upon the agreement of the parties, service of documents in this matter shall be done by electronic service;

3.      Based upon the agreement of the parties, any Depositions of R. Scott Turicchi, Lannette C. Turicchi, Randy Quaid, or Evgenia Quaid shall be done by Zoom;

4.      The Mandatory Settlement Conference is continued from February 10, 2023, to May 26, 2023, at 8:30 a.m. in Department 5 of this Court; and

5.      The Trial Confirmation Conference is continued from February 27, 2023, to July 17, 2023, at 11:30 a.m. in Department 5 of this Court.


DATED:   **12/07/2022**

_____
COLLEEN K. STERNE
Judge of the Superior Court

-3-

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| Dated and Entered: | 11/28/2022 | Time:  10:00 AM |
| Judicial Officer: | Colleen K Sterne | |
| Deputy Clerk: | Danae Chauvin-Couture | Dept:  SB Dept 5 |
| Deputy Sheriff: | David Allcott | |
| Court Reporter: | Elizabeth Mooy | Case No: 19CV06268 |

### R Scott Turicchi et al vs Randall Quaid et al

Parties Present:
| | |
|---|---|
| Lannette Turicchi | Plaintiff (via Zoom) |
| Craig Granet | Attorney for Plaintiff (in person) |
| Evgenia Quaid | Defendant (via Zoom) |
| James Hepworth | Attorney for Cross Defendant (via Zoom) |

NATURE OF PROCEEDINGS:  Motion to Change Venue; Motion for Order Deeming Randy Quaid
and Evgenia Quaid Vexatious Litigants; Demurrer by Turicchi Cross Defendants; Demurrer by
Fidelity National Financial and Lawyers Title Company; Motion by the Turicchis for a Protective
Order; Motion by Fidelity National Financial, Inc. to Quash Service

The matter proceeded via Zoom and in person, as indicated above.

The parties provided oral argument.

The Court adopted the tentative ruling as follows:

RULINGS:

1.      The Quaids' motion to change venue, dismiss, or remove the case to ADR, is denied.
2.      The motion by Lawyers Title Company and Fidelity National Financial, Inc., to have the Quaids
declared to be vexatious litigants, impose a pre-filing order, and to require them to furnish security, is
denied.
3.      The demurrers to the Quaids' statutory identity theft cause of action in their 2022 First Amended
Cross-Complaint, and the declaratory relief cause of action based upon that statutory identity theft claim,
are both sustained without leave to amend as to the statutory identity theft claim, on the ground that the
statutory identity theft claim is barred by the statute of limitations. However, because the Quaids could
potentially be able to allege a cause of action of some sort through which they may be able to obtain
relief—other than under Civil Code section 1798.92, et seq.—based upon their claim that the Grant Deed
transferring the Montecito Property from them to the Bermans was forged and therefore void, the Quaids
will be permitted leave to file a further amended cross-complaint.

In order to provide the Quaids with an opportunity to obtain counsel, such cross-complaint may be filed
on or before January 23, 2023, or such other date as this Court may specify, either at the hearing on this
demurrer, or at some later date should further time be required. To the extent the Quaids opt to file a
further amended pleading, that pleading must be entitled "Fourth Amended Cross-Complaint."
4.      The motion for protective order will be granted, limiting the use of deposition transcripts or
videotapes or excerpts thereof of the depositions of R. Scott Turicchi, Lannette Turicchi, Randy Quaid,

MINUTE ORDER

and Evgenia Quaid to use solely within this litigation, and prohibiting their posting on social media or
disclosure to the public. The Court will reserve the right to modify or rescind the protective order, should
future circumstances warrant.

5.     The motion to quash filed by cross-defendant Fidelity National Financial, Inc., based upon a
claimed lack of California jurisdiction over that entity, will be continued to January 23, 2023, to permit the
Quaids sufficient opportunity to find counsel to assist them in responding to the motion.

6.     The Turicchis' motion for summary judgment, currently scheduled to be heard on January 23,
2023, will be continued to March 20, 2023, at 10:00 a.m., in this department.

7.     Because of these circumstances and events, the February 27, 2023, trial confirmation conference
will need to be vacated and rescheduled. Counsel and the Quaids should be prepared to discuss the
rescheduled trial confirmation conference date at this hearing.

**Background:** This action was commenced on November 25, 2019, by the filing of the original complaint
by plaintiffs R. Scott Turicchi and Lannette C. Turicchi. At that time, the complaint alleged a cause of
action to quiet title in plaintiffs in property located at 1355 East Mountain Drive in Santa Barbara, and for
declaratory relief that defendants Randall Quaid and Evgenia Quaid have no interest in that property.
Their operative First Amended Complaint (FAC), filed on February 14, 2022, continues to allege causes
of action to quiet title and for declaratory relief, and adds a cause of action for slander of title.

After defendants Randall Quaid and Evgenia Quaid filed and dismissed original cross-complaints earlier
in this action, they filed a third "cross-complaint" in this court on November 27, 2021, without leave of
court, naming as cross-defendants only R. Scott Turicchi, Fidelity National Title Ins. Co!, and "all persons
unknown and known, claiming any legal or equitable right, title, estate, lien, or interest in the property
described in the complaint adverse to plaintiffs title, or any cloud on plaintiffs' title thereto." That cross-
complaint sought to quiet title to the property in the Quaids, based upon their contention that the property
was transferred to the Bermans, who later sold the property to the Turicchis, as a result of a forged deed,
and also alleged causes of action for declaratory relief, cancellation of instruments. The cross-complaint
also sought monetary damages equal to the property's current value, a money judgment for alleged false
claims made to the Sheriff's Department regarding alleged vandalism, a money judgment based upon
the filing of restraining orders against the Quaids or their agents, a judgment that their property in the
custody of the Sheriff's Department be returned, a judgment for payment of costs and attorneys' fees for
the removal of the forged deed from the chain of title, and for attorneys' fees and costs in this action.

The Quaids were retroactively granted leave to file this third cross-complaint by an order dated January
25, 2022, which also granted leave to plaintiffs to file their FAC.

The Quaids once again filed without leave of court what they entitled a First Amended Cross-Complaint
(actually their fourth cross-complaint filed in this action), on February 22, 2022. This fourth cross-
complaint added as cross-defendants Lawyers Title, LandAmerica Lawyers Title, and Lannette Turicchi.
This fourth cross-complaint alleges that the 1992 Grant Deed from the Quaids to the Bermans contains
the forged signature of Randy Quaid, is therefore void. It alleges that the Turicchis therefore did not
receive good title in their 2007 purchase of the property from the Bermans. It alleged causes of action for
identification theft under Civil Code section 1798.93, and declaratory relief based upon that statute.
Based upon the allegations of forgery, the Quaids conclude that they are victims of Identity Theft under
Civil Code section 1798.93, that they are not obligated to the Berman/Turicchi claim of ownership of the

property, that any interest in those parties have had in the property is void and unenforceable, and that they are entitled to dismissal of the Turicchis' action based upon their claim of ownership of the property. This fourth cross-complaint seeks an award of monetary damages, exemplary damages, that the cross-defendants be barred from using the Quaids' identities and forged signatures in the chain of title of the property ever again, a declaration that the Quaids are the sole owners of the property, their identities, and their signatures, and a declaration that all recorded instruments in the Santa Barbara County Recorder's Office after their October 25, 1989 purchase are void.

**Motion to change venue, etc.** The Quaids have filed a motion seeking to change venue of this action, or alternatively to either dismiss the Turicchis' case "for improper notice and perjury," or to remove the case to ADR. They seek to change venue based upon their inability to find an attorney in Santa Barbara County or Ventura County willing to represent them in this case. They contend the motion is timely because Code of Civil Procedure section 396 permits a motion to change venue to be filed when a demurrer is filed, and both the Turicchis and Fidelity National Financial (FNF) have recently filed demurrers. They articulate attempts to obtain a Santa Barbara or Ventura attorney. They complain that the verified quiet title complaint against them contains the wrong address number for the property, and is therefore improper and based on perjury, and should be dismissed or sent to ADR. They assert that because the Turicchis obtained title as a result of a fraudulent deed between the Quaids and the Bermans, they never acquired title to the property, and the action is therefore not a local one. They contend their identity theft claim is a personal one, and that because the action as a whole is therefore a mixed action, it can be moved to Los Angeles County, where one or more of the defendants and witnesses reside.

Separate oppositions to the motion to change venue were filed by the Turicchis, and by cross-defendants Lawyers Title Company (LTC) and Fidelity National Financial, Inc. (FNF).

**Motion to declare the Quaids vexatious litigants, for order requiring leave of court to file any new litigation, and for order requiring them to post security** Cross-defendants LTC and FNF have filed a motion pursuant to Code of Civil Procedure sections 391, et seq., to have Randy Quaid and Evgenia Quaid declared vexatious litigants, to prohibit them from filing new litigation in propria persona with prior order, and requiring them to furnish security. In support of the motion, LTC and FNF have requested judicial notice of various documents in cases including *Randy Quaid, et al. v. Robert Boyett, et al.*, U.S. District Court, Central District of California, Case No. 2:20-CV01761 [complaint, order on request for approval of substitution or withdrawal of attorney, and notice of voluntary dismissal]; *Randy Quaid, et al. v. Bruce Berman, et al.*, U. S. District Court, Central District of California, Case No. 2:21-CV-04793 [complaint, order granting request of substitution, and notice of voluntary dismissal]; *Randy Quaid, et al. v. Bruce Berman, et al.*, Santa Barbara Superior Court Case No. 21CV01409, filed in propria persona [complaint and request for dismissal]; *Randy Quaid, et al. v. R. Scott Turicchi, et al.*, U.S. District Court, Central District of California, Case No. 2:21-CV-08127, filed in propria persona [complaint, judgment]; *Randy Quaid, et al. v. R. Scott Turicchi, et al.*, Santa Barbara Superior Court Case No. 21CV04053, filed in propria persona [complaint and request for dismissal]; *Evi Quaid v. Gerard Fox, et al.*, U. S. District Court, Central District of California, Case No. 2:21-CV-08116, filed in propria persona [complaint and judgment].

18CV06268 R Scott Turicchi et al vs Randall Quaid et al
November 28, 2022
Page 4 of 21

The motion contends that the Quaids are vexatious litigants within the meaning of Code of Civil
Procedure section 391, and that there is no reasonable probability that they will prevail in the litigation
against LTC and FNF, for the same reasons set forth in their demurrer to the Quaid 2022 First Amended
Cross-Complaint.

The Quaids have opposed the motion at length. In support of their opposition, they have sought judicial
notice of 12 separate matters, including published California and federal cases, a title insurance policy, a
restraining order petition filed by the Turicchis, an answer by FNF to a FAC filed by the Turicchis which
contains an embedded third party complaint against the Quaids, a motion by FNF for stay of litigation,
dismissals of federal cases by the Turicchis, their current (2022) FACC, and images, and documents
related to the federal court's purported mailing of matters to the Quaids which were rejected because of
Covid.

**Turicchi demurrer** The Turicchis have demurred to this cross-complaint, seeking judicial notice of the
prior FACC which the Quaids have filed, contending that the allegations set forth in that pleading make
clear that the Quaids were aware of possible identity theft no later than April 2010. Since the statutory
identity theft scheme has a four year statute of limitations that runs from the time the victim of identity
theft knew or, in the exercise of reasonable diligence, should have known of the existence of facts which
would give rise to the bringing of the action, the statutory cause of action, and the declaratory relief
cause of action based upon the identity theft claim, are barred by the statutes of limitation.

The Quaids have opposed the demurrer. Along with their opposition, they seek judicial notice of a
stipulation and order from this case, Civil Code section 1798.93, documents related to the expert witness
testimony of Douglas A. Cobb, a letter and enclosures from JP Morgan Chase, a newspaper article, and
an Assignment of Deed of Trust related to a San Luis Obispo property, executed by a Ronda Quaid.

In filing their reply, the Turicchis interposed objections several matters included within the Quaids'
request for judicial notice.

The Quaids also filed an unauthorized reply to the Turicchis reply with respect to the demurrer. They
included an additional request seeking judicial notice of two documents, a federal court ruling, and their
February 22, 2022 First Amended Cross-Complaint.

The Turicchis filed an objection to the Quaids' unauthorized "reply to the reply" brief and judicial notice
request, although they acknowledged a typographical error in their own reply which had been noted in
the Quaids' papers.

**LTC and FNF Demurrer** These cross-defendants also demurred to the February 22, 2022, First
Amended Cross Complaint, contending that neither the identity theft cause of action or the declaratory
relief cause of action allege sufficient facts to state a cause of action against them, given that no facts
are alleged to establish that they are "claimants" within the meaning of the identity theft statutes, and that
the identity theft cause of action is barred by the statute of limitations. In support of their demurrer, they
seek judicial notice of (1) a complaint filed on March 29, 2022, in *Randy Quaid v. Warner Bros.
Entertainment, Inc.*, Los Angeles County Superior Court Case No. 22STCV10718; and (2) the cross-
complaint filed by the Quaids in this action, on October 7, 2020.

The Quaids have opposed the demurrer, making numerous contentions, including, among other arguments, that LTC and FNF are one and the same, that their joinder is authorized, they have declared that they are claimants against the Quaids, and they have a pecuniary interest in the case. They contend that the matters of which Fidelity seeks judicial notice are subject to reasonable dispute. They argue further that the existence of a void deed is covered under the title policy for which Fidelity is liable. They contend that, given leave to amend, they will request a judicial declaration that the forged signature voids the grant deed, and that all subsequent recorded instruments related to the property are void and should be canceled. In support of their opposition, they seek judicial notice of a large number of documents.

**Turicchi motion for protective order** The Turicchis have moved for a protective order, to limit the use that may be made of any transcripts or videotapes of their deposition to use in connection with the lawsuit, and prohibiting any such transcripts or videos from being posted on social media or otherwise distributed to the public. The Turicchis contend that the Quaids have frequently made posts on social media accusing the Turicchis of stealing their home and of other wrongdoing which, on at least one occasion, prompted a suggestion by one of their followers that the solution was to burn down the Turicchis' house. The Turicchis' counsel requested the Quaids to stipulation that use of deposition transcripts and videotapes would be limited n this manner, but the Quaids refused. The motion is supported by the declaration of Lannette Turicchi.

The Quaids opposed the motion at length, contending, among other things, that the Turicchis have no standing to bring a quiet title action, much less a protective order motion, since the Quaids own the property, and the Turicchis were not bona fide purchasers. They argue the motion is an avoidance tactic for Mr. Turicchi to evade his deposition, for which he was a no-show. They contend the stipulation presented with the motion differed from the one they were provided, which demanded that attorney Granet be able to conduct future depositions by Zoom as a condition for Mr. Turicchi's appearance at deposition. The Quaids contend that Lannette Turicchi is an obsessive and mentally ill fan, who has developed a fixation on them, and is incapable of telling the truth. They contend they have no intention of publishing any portion of Mr. Turicchi's testimony onto the internet, since "all Santa Barbara court records are already online and available to the public." They request that the court sanction Turicchi $2,500 for his failure to appear, or dismiss the Turicchis' case with prejudice based upon his failure to be deposed. The Quaids then reargue the statute of limitations issue raised in the demurrer, contending that the federal case of *Satey v. JPMorgan* establishes that the Turicchis are claimants under the identity theft law, and that their identity theft claim against the Turicchis is timely.

**Motion by FNF to quash for lack of California jurisdiction** Fidelity has brought an action to quash service of summons of the 2022 FACC upon it, based upon the lack of California jurisdiction over it. The Quaids have opposed the motion.

**ANALYSIS**: As a preparatory matter, in entering its rulings on these matters, this Court is well aware of the well knows the amount of time that this action has been pending, and that the trial confirmation conference is currently scheduled for February 27, 2023. The Covid-19 pandemic necessarily has had considerable and varied impacts upon most cases which were pending when it commenced, including this one. Because of those impacts, and to both promote the interests of justice and to protect the due process rights of all of the parties, the Court feels bound to make adjustments to the events which are

currently scheduled to occur in this case, including the trial confirmation conference. Its considerable concerns with protection of the rights of all of the parties to this action are reflected in its orders, made below:

1. The the motion to change venue, dismiss, or remove case to ADR will be denied in its entirety.

2. The motion by LTC and FNF to declare the Quaids vexatious litigants, impose a prefiling order, and require them to furnish security to LTC and FNF will be denied.

3. The demurrers to the Quaids' statutory identity theft cause of action in their 2022 First Amended Cross-Complaint, and the declaratory relief cause of action based upon that statutory identity theft claim, are both sustained without leave to amend as to the statutory identity theft claim, on the ground that the statutory identity theft claim is barred by the statute of limitations. However, because the Quaids could potentially be able to state a cause of action of some sort through which they may be able to obtain relief—other than under Civil Code section 1798.92, et seq.—based upon their claim that the Grant Deed transferring the Montecito Property from them to the Bermans was forged and therefore void, the Quaids will be permitted leave to file a further amended cross-complaint.

In order to provide the Quaids with an opportunity to obtain counsel, such cross-complaint may be filed on or before January 23, 2023, or such other date as this Court may specify, either at the hearing on this demurrer, or at some later date should further time be required. To the extent the Quaids opt to file a further amended pleading, that pleading must be entitled "Fourth Amended Cross-Complaint."

4. The motion for protective order will be granted, limiting the use of deposition transcripts or videotapes or excerpts thereof of the depositions of R. Scott Turicchi, Lannette Turicchi, Randy Quaid, and Evgenia Quaid to use solely within this litigation, and prohibiting their posting on social media or disclosure to the public. The Court will reserve the right to modify or rescind the protective order, should future circumstances warrant.

5. The motion brought by Fidelity to quash service of summons upon it with respect to the Quaids 2022 FACC, based upon the alleged lack of California jurisdiction over it, will be continued to January 23, 2023, in order to permit the Quaids sufficient opportunity to find counsel to assist them in responding to the motion.

6. The Turicchis' motion for summary judgment, currently set for hearing on January 23, 2023, will be continued to March 20, 2023.

7. The Trial Confirmation Conference, currently scheduled for February 27, 2023, will be vacated and rescheduled by the Court at the November 28, 2022, hearing on these motions. Counsel and the Quaids should be prepared to discuss the rescheduled trial confirmation conference date at this hearing.

**Motion to change venue, dismiss, or remove case to ADR**

1. **Authority regarding proper venue, and motions to change venue.**

For venue purposes, actions are classified as "local" or transitory." To determine whether the action is local or transitory, the court looks to the main relief sought. Where the main relief sought is personal, the action is transitory; where the main relief relates to rights in real property, the action is local. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 482.) The classification of the action as "local" or "transitory" is determined at the outset of the action from the allegations of the plaintiff's original complaint. If venue is proper under the complaint as it stands at the time a motion for change of venue is made, it remains proper notwithstanding any later amendment to the complaint. (*Id.*) Additionally, once proper venue is established based upon a complaint, claims set forth in a compulsory cross-complaint will not act to entitle a party to a change of venue. (*K.R.L. Partnership v. Superior Court* (2004) 120 Cal.App.4th 490, 498, 505.)

Pursuant to Code of Civil Procedure section 396b(a), if an action is commenced in a court which has jurisdiction of the subject matter of the action, but is not the court designated as the proper court for trial, the action may be tried in the court commenced unless the defendant, at the time he or she answers, demurs, or moves to strike, or without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files a motion for an order transferring the action to the proper court.

Even though venue for a local action is proper in the county in which the property is situated, the court has the discretion, on motion, to change the place of trial when, among other reasons, there is reason to believe that an impartial trial cannot be had therein, or when the convenience of witnesses and the ends of justice would be promoted by the change. (Code Civ. Proc., § 397, subd. (b) and (c).) Motions made on these grounds must be made within a reasonable time.

A motion to transfer venue operates as a stay on any other motion or proceeding then pending or thereafter filed. (See *Moore v. Powell* (1977) 70 Cal.App.3d 583, 587.)

###### A. Convenience of witnesses and interests of justice.

Until all defendants have answered, the court cannot ascertain the issues that may be involved at trial, and cannot tell which witnesses' testimony at trial will be necessary, such that it could effectively rule on a motion for transfer based on the convenience of the witnesses. (Code Civ. Proc., § 396b(d); *Cholakian & Associates v. Superior Court* (2015) 236 Cal.App.4th 361, 372.) What constitutes a "reasonable" time for bringing the motion depends on the facts of each case. (See *Willingham v. Pecora* (1941) 44 Cal.App.2d 289, 295.) As set forth in Section 397(c), such a transfer must not only promote the convenience of witnesses, but also the ends of justice. (See *Peiser v. Mettler* (1958) 50 Cal.2d 594.)

Further, it is only the convenience of nonparty witnesses that is important and, absent extraordinary circumstances, the parties' conveniences are not considered, even when the parties will testify at trial. (*Wrin v. Ohlandt* (1931) 213 Cal.158, 160.) The same is true of the convenience of counsel (*Lieppman v. Lieber* (1986) 180 Cal.App.3d 914, 920), and the convenience of expert witnesses who may be called to testify, but who have no personal knowledge of any facts in the case. (*Wrin v. Ohlandt, supra.*) The convenience of a party is generally only considered where the party is so extremely ill or feeble that travel to a distant county would endanger his or her health. (See *Simonian v. Simonian* (1950) 97 Cal.App.2d 68, 69.)

18CV06268 R Scott Turicchi et al vs Randall Quaid et al
November 28, 2022
Page 8 of 21

The burden is on the moving party to establish the facts needed to justify transfer. Where transfer is sought on the basis of the convenience of witnesses, and extensive factual showing is required. Declarations must be provided showing the names of each witness expected to testify for both parties, the substance of their expected testimony, whether the witness has been deposed or has given a statement regarding the facts of the case, the reasons why it would be inconvenient for the witnesses to appear locally, and the reasons why the ends of justice would be promoted by transfer to a different county. (*Juneau v. Juneau* (1941) 45 Cal.App.2d 14, 16.) The declarations must contain admissible evidence, and a change of venue cannot be based on declarations consisting of hearsay and conclusions. (*Lieppman v. Lieber* (1986) 180 Cal.App.3d 914, 919.)

      B.     **Reason to believe an impartial trial cannot be had.**

A motion to change venue can also be made on the grounds that there is reason to believe that an impartial trial cannot be had in the proper county of venue. (Code Civ. Proc., § 397, subd. (b).) Such a motion requires a showing of actual prejudice to the moving party. (*Ohio Casualty Ins. Group v. Superior Court* (1994) 30 Cal.App.4th 444, 452.) A party is entitled to a change of venue only if the party is able to shoe local prejudice of such a widespread nature that the court could conclude that it would be impossible to have a fair trial. (*Cook v. Pendergast* (1882) 61 Cal. 72.) Such a motion cannot be made simply on evidence of suspicion, conjecture, or hearsay. (*Ross v. Kalin* (1921) 53 Cal.App. 616, 619.) Indeed, while efforts to empanel a jury need not be exhausted before a motion to change venue may be brought on this ground, frequently it will be impossible to make an adequate showing until an unsuccessful attempt to select a jury has been made. (See *J. I. Case Threshing Co. v. Copren Bros.* (1917) 35 Cal.App. 70.)

      2.   **This action is local in nature, and properly venued in Santa Barbara County.**

Pursuant to Code of Civil Procedure section 392(a)(1) the county where real property is located is the proper court for the trial of an action "for the recovery of real property, or of any estate or interest therein, or for the determination in any form, of that right or interest, and for injuries to real property." This is precisely what an action to quiet title is, and courts have long recognized that an action to quiet title is a local one, triable in the county where the real property is located. (*Bybee v. Fairchild* (1946) 75 Cal.App.2d 35, 40; *Wood v. Emig* (1943) 58 Cal.App.2d 851, 856-857.)

Consequently, this action is a local action properly tried in Santa Barbara County. The fact that the allegations of the Quaids' 2022 FACC were transitory in nature, has no impact on this determination. This is true even where the Quaids contend that the quiet title action was improperly filed by the Turicchis, in referring to the former street address number of the property rather than the current street address number of the property. The number used in the quiet title complaint was changed from 1355 to 1357 in the time since the Quaids owned the property, but both numbers were associated with the same parcel number for the property. There is no ambiguity in the quiet title action, and the fact that the quiet title complaint refers to the 1355 number does not render it subject to dismissal, either as a means to permit the Quaids to seek to change venue based upon their transitory cross-claims, or otherwise.

Since the action is properly venued in Santa Barbara County, it is not subject to a motion to change venue under the authority of Code of Civil Procedure section 396b. The parties' arguments regarding the timeliness of the motion and the award of fees pursuant to the provisions of Section 396b(a) and (b), are therefore inapplicable.

    3.  **Remaining possible grounds to change venue.**

This Court's finding that the action is properly venued in Santa Barbara County, and that Code of Civil Procedure section 396b therefore does not apply to this motion, leaves the question of whether the motion provides sufficient admissible evidence to establish either that there is reason to believe that an impartial trial cannot be had in Santa Barbara County (Code Civ. Proc., § 397, subd. (b)), or whether the convenience of witnesses and the ends of justice would be promoted by the change. (Code Civ. Proc., § 397, subd. (c).)

The Quaids contend that the action must be transferred to a larger county, because they have been unable to find an attorney in Santa Barbara County or Ventura County who is willing to represent them in this litigation. They provide examples of responses they have received to requests made to local attorneys. Even if this Court were to fully accept that there is no capable attorney within Santa Barbara County or Ventura County who is willing to represent the Quaids in this action, that does not provide a basis for changing the venue of the action. Many cases venued in Santa Barbara County involve parties represented by attorneys from Los Angeles County, Orange County, San Diego County, San Francisco County, and elsewhere. Particularly now when most court appearances can be made via Zoom, and only the trial itself will required counsel to travel to Santa Barbara County, it has become much easier for parties to obtain counsel of their choice from much larger legal communities who are more than willing to represent clients in smaller venues. The Court therefore cannot find that the Quaids' inability to locate an attorney in Santa Barbara County or Ventura County requires that the venue of the action be changed.

While the Quaids sought judicial notice of a variety of documents in connection with their motion to change venue, only Exhibits E-1 and E-2 (excerpts from the Turicchis' First Amended Complaint in this action containing the allegation that the property is located at 1355 East Mountain Drive, and the Verifications of the Turicchis) are proper subject for judicial notice. Those excerpts provide no evidence or information relevant to the motion to change venue made on grounds that venue should be changed because of the convenience of witnesses and the interests of justice, or that there is reason to believe an impartial trial cannot be had in Santa Barbara County. The declaration of Douglas A. Cobb, submitted by the Quaids in support of the motion, addresses only the alleged forged grant deed, and does not provide any information or evidence relevant to any basis for a change of venue. The declaration of Evgenia Quaid submitted in support of the motion, simply authenticates emails which were purportedly received by the Quaids and which are quoted in their memorandum of points and authorities, and are related to their attempts to find an attorney within Santa Barbara County or Ventura County, and a bill from an attorney for the time spent trying to obtain an attorney for them in Santa Barbara. She also authenticates an email from Dana St. Oegger, from the Montecito Fire Department, who related to her that according to the most current Assessor Roles that he had access to, the APN number 011-050-054 is no longer associated with 1355 E. Mountain Drive, which no longer exists in the Assessor Roles, and is now associated with 1357 E. Mountain Drive.

None of this information is sufficient to meet the burden necessary to warrant the trial court's exercise of its discretion in transferring the venue of this action to a larger county, on the basis that such transfer is warranted by the convenience of witnesses and the interests of justice, or that there is reason to believe an impartial trial cannot be had in Santa Barbara County. Further, the cross-defendants named by the Quaids all oppose the transfer of venue from Santa Barbara County. With respect to the only non-parties mentioned by the Quaids (the Bermans), the Quaids had the burden of submitting admissible evidence as to what was expected to be proved by the witnesses, yet failed to do so. They further provided no information as to what inconvenience the Bermans would suffer were the trial to take place in Santa Barbara County.

For all of these reasons, the Court concludes that the motion has not sufficiently shown any factual or legal basis for transferring the venue of the action out of Santa Barbara County, and into a larger county, requiring that the request to transfer venue be denied.

### 4. Requests for dismissal or mandatory reference of the case to ADR

The motion did not cite any authority which would permit the dismissal of the Turicchis' quiet title action against the Quaids, nor did it establish any cognizable ground for dismissal of ongoing litigation. Consequently, to the extent the motion seeks to dismiss the Turicchis' quiet title action, it is denied.

Similarly, the motion did not cite any authority for compulsory reference of the action to ADR. The action is not based on a contract which might require the binding arbitration of a dispute arising within its terms. The Court is unaware of any other basis which would permit it to refer the entire case to ADR. Certainly, the parties are free to stipulate to attempt to mediate or arbitrate their dispute, but they have not as yet done so. Consequently, to the extent the motion seeks to compel the action to be sent to ADR, it is also denied.

### Vexatious litigant motion

Defendants LTC and FNF have moved to have Randy Quaid and Evgenia Quaid declared vexatious litigants, to require them to provide security to LTC and FNF, and for a prefiling order prohibiting them from filing any new litigation in propria persona unless they obtain permission from the court where the litigation is proposed to be filed. They base their request upon a series of cases filed by the Quaids in the state and federal courts

### 1. Statutory authority.

The statutory scheme involving vexatious litigants is set forth in Code of Civil Procedure sections 391 through 391.8. Pursuant to Code of Civil Procedure section 391, a "vexatious" litigant includes, among others, a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (Code Civ. Proc., § 391, subd. (b).).

Code of Civil Procedure section 391.1, provides:

In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

For any such hearing, the court shall consider any evidence, written or oral, by witnesses or affidavit, as may be material to the motion. (Code Civ. Proc., § 391.2.) The determination of whether a vexatious litigant has a reasonable probability of success is based upon the trial court's "evaluative judgment," in which it is permitted to weigh evidence, and is not bound to assume the truthfulness of the allegations of the complaint. (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 784, 785-786.) The court's determination of the motion is not a determination on the merits of any issue of the action. (Code Civ. Proc., § 391.2) The burden is on the moving defendant to prove that plaintiff has no reasonable likelihood of prevailing. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 640-641.)

Pursuant to Code of Civil Procedure section 391.3, if the court, after hearing the evidence, determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix. If the party is ordered to furnish security and does not do so, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished.

The filing of a motion pursuant to Section 391.1 prior to trial stays the litigation until 10 days after the motion is denied, or if granted, until 10 days after the required security has been furnished and the moving defendant is given written notice thereof. (Code Civ. Proc., § 391.6.)

Pursuant to Code of Civil Procedure section 391.7, a court may also, on motion of any party or on its own motion, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of the state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (Code Civ. Proc., § 391.7, subd. (a).)

A litigation is finally determined adversely to a plaintiff within the meaning of the vexatious litigant law if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. (*Garcia v. Lacey* (2014) 231 Cal.App4th 402, 406-407.)

The purpose of the vexatious litigant statutes is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions, and whose conduct causes serious financial results to the unfortunate objects of his or her attacks, and places an unreasonable burden on the courts. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 970-971.) A trial court exercises its discretion in determining whether a person is a vexatious litigant. (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1169.) The critical finding to determine whether a litigant is vexatious is whether the litigant's actions are unreasonably impacting the objects of the actions and the courts, as contemplated by the vexatious litigant statute. (*In re Kinney* (2011) 201 Cal.App.4th 951, 957-

18CV06268 R Scott Turicchi et al vs Randall Quaid et al
November 28, 2022
Page 12 of 21

958.) 'The constant suer      becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts." (*Taliaferro v. Hoogs* (1965) 237 Cal.App.2d 73, 74.)

2.   Application

The Court has evaluated the documents of which LTC and FNF have sought judicial notice, and upon which they have based their vexatious litigant motion. Of the six cases, four of them appear to have been voluntarily dismissed by the Quaids before any defendant had appeared in the case.

The U.S. District Court Case No. 2:20-CV-01761, entitled *Randy Quaid, et al., v. Robert Boyett, et al.*, and U.S. District Court Case No. 2:21-CV-04793, entitled *Randy Quaid, et al., v. Bruce Berman, et al.*, both reflect voluntary dismissals through the filing of forms which reflect on their face that they may be used pursuant to Federal Rules of Civil Procedure 41(a) or 41(c). (See Exhibits C and F to defendants' request for judicial notice.) As those Notice of Dismissal forms state on their fact, a notice of dismissal pursuant to Rule 41(a) may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first. [The form reflects that it may also be used with respect to dismissals of counterclaims, cross-claims, and third-party claims under Rule 41(c), before service of a responsive pleading or prior to the beginning of trial, which would be inapplicable to the complaints filed by the Quaids.] Similarly, Santa Barbara Superior Court Case No. 21CV01409, entitled *Randy Quaid, et al., v. Bruce Berman, et al.*, was dismissed by the Quaids prior to the filing of any response by any defendant, and prior to the conduct of any hearing by the court.

While a voluntary dismissal qualifies as a final determination adverse to the person, within the meaning of Code of Civil Procedure section 391(b)(1)(i), when the dismissal occurs prior to the appearance of any defendant, and/or prior to any involvement or any significant involvement by the trial court, reliance upon them to establish that there were at least five litigations finally determined adverse to the person within the last seven years, does not fulfill the purpose of the vexatious litigant statutory scheme. As noted above, the purpose of the vexatious litigant statutes is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions, and whose conduct causes serious financial results to the unfortunate objects of his or her attacks, and places an unreasonable burden on the courts. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 970-971.) Further, the critical finding to determine whether a litigant is vexatious is whether the litigant's actions are unreasonably impacting the objects of the actions and the courts, as contemplated by the vexatious litigant statute. (*In re Kinney* (2011) 201 Cal.App.4th 951, 957-958.)

There is no evidence before the court that would begin to suggest that these three dismissals had any unreasonable impact by causing serious financial results to the defendants in those actions. Nor is there any evidence before the court to suggest that these three dismissals placed an unreasonable burden on the courts in which they were filed. As a result, they are not the sort of matters which support a vexatious litigant finding.

If these three dismissals are excluded from consideration, there no longer exist "at least five litigations finally determined adverse" to the Quaids, within the last seven years, as is required for the court to make any of the orders requested.

The Court will therefore exercise its discretion to deny, at this time, the motion seeking an order to have the Quaids declared vexatious litigants, to require them to furnish security, or to impose on them a prefiling order.

**Demurrers** Because the Court has denied the motion to change venue, and has resolved the vexatious litigant motion, the stay on other pending motions or proceedings arising from the filing of those motions has terminated, and the Court may proceed to address the pending demurrers.

    1.  Standards on demurrer.

The court's task in ruling on a demurrer is to determine whether the complaint states a cause of action. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300.) A demurrer admits the truth of all material facts properly pleaded (*Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 966-967), no matter how unlikely or improbable they may be (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604), or how unlikely it will be that plaintiff will be able to prove the claim (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213-214). The court also assumes the truth of all reasonable inferences that may be drawn from the properly pleaded facts. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1083.) The assumption of truth does not apply, however, to contentions, deductions, or conclusions of law or fact. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) A demurrer tests the pleadings alone and not the evidence or other extrinsic matters, and therefore lies only where the defects appear on the face of the pleading or are judicially noticed. (*Id.*)

"A general demurrer based on the statute of limitations is only permissible where the dates alleged in the complaint show that the action is barred by the statute of limitations. [Citation.] The running of the statute must appear 'clearly and affirmatively' from the dates alleged. It is not sufficient that the complaint might be barred. [Citation.] If the dates establishing the running of the statute of limitations do not clearly appear in the complaint, there is no ground for general demurrer. The proper remedy 'is to ascertain the factual basis of the contention through discovery and, if necessary, file a motion for summary judgment . . . .' [Citation.]" (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 324-325, italics omitted.)

Where the allegations of the complaint or matters of which judicial notice may be taken reveal a defense to the action, such as a statute of limitations bar; however, the plaintiff must "plead around" the defense by alleging specific facts which would avoid the apparent defense. Absent such allegations, the complaint is subject to demurrer for failure to state a cause of action. (See *Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 825; *Lee v. Escrow Consultants, Inc.* (1989) 210 Cal.App.3d 915, 917, 921-922.) Where a plaintiff relies on the discovery rule, the complaint must specifically allege facts showing the time and manner of discovery, and the inability to have made earlier discovery despite reasonable diligence. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808.)

    2.  Judicial notice requests.

18CV06268 R Scott Turicchi et al vs Randall Quaid et al
November 28, 2022
Page 14 of 21

Judicial notice is the court's recognition of the existence of a matter of law or fact without the necessity of formal proof. (Evid. Code, § 450, et seq.) As with evidence generally, the matter to be judicially noticed must be relevant to the issues in the case. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 (disapproved on other grounds by *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)

### A.    Turicchi demurrer

The Turicchis have requested that the Court take judicial notice of the Quaids' prior First Amended Cross-Complaint, which was filed on December 30, 2020, and dismissed on May 17, 2021, contending that facts alleged in those pleadings showed the identity theft claim was barred by the statute of limitations. In ruling on a demurrer, a court may take judicial notice of admissions or inconsistent statements by the pleader in earlier pleadings in the same lawsuit, and may disregard conflicting factual allegations in the complaint against which the demurrer has been levied.(See *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.) This rule applies even where the prior pleading was voluntarily dismissed (*Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 344), and was unverified. (*Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1109.) The Court will take judicial notice of the Quaids' prior cross-complaints.

The Quaids have requested judicial notice of a variety of matters, some of which are appropriate for judicial notice and some of which are not. The Court can and will appropriately take judicial notice of the January 26, 2022 Stipulation and Court Order, and Civil Code section 1798.93 (improperly stated by the Quaids to be from the Code of Civil Procedure, rather than the Civil Code). (See Evid. Code, § 452, subd. (e) [records of any court of this state] and subd. (b) [legislative enactments].) The Court notes, however, that it is not necessary to take judicial notice of any of the laws of the State of California, in ruling on a demurrer.

The Court will decline to take judicial notice of the remaining matters of which the Quaids have requested judicial notice, finding them inappropriate for judicial notice (Exhibits C-1, C-2, C-3, D, and E), and irrelevant to the issues raised in the demurrer (Exhibit F).

### B.    LTC and FNF demurrer

Lawyers Title and Fidelity National seek judicial notice of the complaint filed on March 29, 2022, entitled *Randy Quaid v. Warner Bros. Entertainment, Inc.*, Los Angeles Superior Court Case No. 22STCV10718, and the October 7, 2020 cross-complaint filed in this action. Both are appropriate matters for judicial notice, and the Court will grant judicial notice.

The Quaids have made 19 separate requests for judicial notice, again some of which are matters which are appropriate for judicial notice, and some of which are not. Exhibits G, K, R, and S to the Quaids' request for judicial notice, are not proper matters for judicial notice, and the request is denied as to those exhibits. With respect to the remaining exhibits, there are many which would be proper subjects of judicial notice if they were relevant to the issues raised by the demurrer. Exhibits D-1, D-2, and I are California statutes, for which judicial notice is proper, and will be taken. Exhibits A, O, P, and Q are judicial decisions, which the Court does not find are of particular relevance to the demurrer, but of which this Court will take judicial notice to the extent it finds them relevant. Other documents are recorded or

filed documents, which may be appropriate matters for judicial notice if relevant to the issues presented by the demurrer. Again, the Court will consider the documents to the extent they are relevant herein.

3. **Unauthorized "reply to the reply" papers filed by the Quaids with respect to the Turicchi demurrer.**

Pursuant to California Rules of Court, Rule 3.1320(c), demurrers are subject to Code of Civil Procedure section 1005. In turn, Section 1005 provides that, unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing (subject to an extension depending upon the manner in which they are served), papers opposing a motion shall be filed and served at least nine court days before the hearing, and reply papers shall be filed and served at least five court days before the hearing. There is no provision for any other papers to be filed.

The moving or demurring party normally has the burden of proof or persuasion on any matter before the court, and therefore is permitted to have the last word. There is no right to respond to the reply, absent leave of court to do so—which even if granted would likely require a continuance of the hearing, in order to once again permit the moving party to have the last word on the matter before the court.

The Court will therefore officially disregard the "reply to the reply" papers filed by the Quaids. The Court will note, however, that it did read the papers, and does not find that they presented any information which would alter the ruling on the demurrer.

4. **Statute of limitations bar on statutory identity theft cause of action and declaratory relief cause of action based thereon.**

Civil Code sections 1798.92 through 1798.97 set forth a statutory scheme under which a person whose personal identifying information (*i.e.*, name, address, telephone number, driver's license number, social security number, place of employment, employee identification number, mother's maiden name, demand deposit account number, savings account number, or credit card number) was used by another, without authorization, to obtain credit, goods, services, money, or property (Civ. Code, § 1798.92), may bring an action (via complaint or cross-complaint) to establish that he or she is a victim of identity theft, and to obtain specified relief, which may include, among other possible relief, a declaration that any interest a "claimant" (person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft) had purportedly obtained in the victim's property is void and unenforceable. (Civ. Code, §§ 1798.92, subd. (a); 1798.93, subds. (a), (b), (c)(2).)

Civil Code section 1798.96 provides:

Any action brought pursuant to this title or any joinder of a defendant pursuant to Section 1798.82 may be brought within four years of the date the person who alleges that he or she is a victim of identity theft knew or, in the exercise of reasonable diligence, should have known of the existence of facts which would give rise to the bringing of the action or joinder of the defendant. [Emphasis added.]

The Quaids' filed a First Amended Cross-Complaint on December 30, 2020 (2020 FACC), of which this Court has taken judicial notice. The December 30, 2020 cross-complaint alleged causes of action for forgery, cancellation of instruments, conspiracy to commit fraud/RICO, bank fraud/mortgage fraud, abuse of process, falsifying evidence and concealment, making false statement for police report, and conversion and trespass of chattels. Within its general "factual allegations" section, that pleading alleges, in relevant parts:

> 4.  In April 2010, Plaintiffs were informed by their ex-business manager, Warren Grant, of Grant Tani and Barash & Altman in Los Angeles, that the East Mountain Property had not been sold by him to Berman in 1992, stating to Plaintiffs, "I had nothing to do with the sale of your house in Montecito; I did not sell it." Plaintiffs, knowing they had not been involved in a sale and had signed no document or spoken to any realtor had always assumed Warren Grant had taken care of it, but now in 2010 he was saying to them that no sale had occurred at all. Plaintiffs did not sell their Montecito property to Bruce and Nancy Berman.

45. Plaintiffs had gone to Warren Grant their ex-business manager because of their concern they had become victims of identity theft in Santa Barbara County where they had lived from 1989-1992. The San Ysidro Ranch Hotel where Plaintiffs were married had recently fraudulently overcharged a valid credit card Evi Quaid was using with multiple charges totaling $240 thousand dollars for a $10 thousand dollar hotel bill. She wasn't the card's debtor; Evi Quaid's name was on the card as an authorized user. A true and correct copy of the San Ysidro Ranch Hotel credit card overcharges is hereto attached as Exhibit N. This event with the hotel coupled with Plaintiff's recently acquired knowledge that the East Mountain Property had been listed on the market in 2003 for the inflated asking price of $7 million dollars when Plaintiffs knew it to be worth far less than half that amount caused concern Plaintiffs were being unfairly exploited in Santa Barbara County. The news from the business manager greatly added to this concern.

46. Being informed that the East Mountain Property never sold and believing the information from Warren Grant to be true and factual, Plaintiffs immediately, in April 2010, started an investigation to fully understand and to resolve the disturbing disconnect between their belief the property had been sold in 1992 and Warren Grant's stunning revelation that the property had not been sold. Plaintiffs intended to use, if appropriate and necessary, the information gleaned from their investigation to invoke the usual and ordinary processes of the law.

47. Shortly after meeting with Warren Grant in April 2010 Plaintiff Evi Quaid visited Defendant Bruce Berman at his Beverly Hills office. When Evi Quaid announced herself to the receptionist she was shown straight away into Berman's office. Upon seeing her Bruce Berman immediately threw his hands into the air in mock surrender, stating, "I never moved in, I never changed the utilities, I only removed the mailbox." At no time during this meeting did Berman deny that he had put the East Mountain Property into his name or inform Plaintiff that he had conveyed the East Mountain Property to Defendants Scott Turicchi and Lannette Turicchi. [Emphasis added.]

Lawyers Title and Fidelity National have requested judicial notice of a complaint filed by the Quaids against Warner Bros. Entertainment, Inc. in Los Angeles Superior Court (22STCV10718), on March 29, 2022. That complaint also recites Berman's alleged execution of a fraudulent Grant Deed and Deed of

---

Trust for the property (¶¶ 16-19, 40-45), sale of the property to the Turicchis (¶¶ 21, 51), and the Quaids' discovery in 2010 that the property had been fraudulently transferred to the Turicchis (¶¶ 23-24, 53).

Lawyers Title and Fidelity National have also requested judicial notice of the Quaids October 7, 2020 cross-complaint (2020 CC) filed in this case, which alleged (at ¶¶ 38-41) the identical paragraphs quoted above, which were alleged by the Quaids in their 2020 FACC (at ¶¶ 44-47.)

The Quaids' operative cross-complaint is the First Amended Cross-Complaint they filed on February 22, 2022 (2022 FACC). It alleges causes of action for identity theft pursuant to Civil Code sections 1798.92, et seq., and declaratory relief based upon the identity theft statute. The 2022 pleading is bereft of any allegations regarding when the Quaids discovered that their identities had allegedly been stolen, within the meaning of the statutory scheme.

Based on the allegations of the 2020 CC and the 2020 FACC, the Turicchis, Lawyers Title, and Fidelity National have demurred to the 2022 FACC, contending that because of the facts alleged in the Quaids' prior cross-complaints, they have acknowledged that their current claims under the identity theft statutory scheme are barred by the statute of limitations set forth in Section 1798.96, because they were not brought within four years after the Quaids knew, or in the exercise of reasonable diligence, should have known of the existence of facts which would give rise to the claim for identity theft.

Indeed, the allegations of the Quaids' 2020 CC and 2020 FACC make very clear that, no later than April 2010, they knew the facts that gave rise to their statutory identity theft claim specifically with regard to the grant deed which conveyed the Montecito property from the Quaids to the Bermans, even insofar as they specifically identified "identity theft" as the possible cause of the transfer of the Montecito property, and expressed their intent at that time (2010) to fully investigate the transfer. Consequently, the statutory identity theft claim is barred on its face by the provisions of Section 1798.96.

In opposition to the Turicchi demurrer, the Quaids raise a number of issues, including their contention that the terms of Section 1798.96 are permissive, rather than mandatory, and that their action under the statutory scheme could therefore be brought at any time. As noted by the Turicchis in their reply papers, such an interpretation of Section 1798.96 would lead to absurd results, in evading the clear purpose of that statute.

The Quaids further insist that their 2022 FACC superseded and replaced all prior pleadings on their behalf. While this is generally true, a party is not permitted to file an amended pleading which contradicts an admission made in original pleadings, or to omit allegations which rendered the pleading fatally defective. (See *Vallejo Development Co. v. Beck Development Co.*(1994) 24 Cal.App.4th 929, 946; *State of California ex rel. Metz v. CCC Information Services, Inc.*(2007) 149 Cal.App.4th 402, 412.) Therefore, while the 2022 FACC omitted the allegations about how the Quaids suspected and investigated identity theft back in 2010, the Court can take judicial notice of those prior allegations, in finding that the current claims are barred by the statute of limitations. Further, given that the Quaids asserted the same information in other litigation they have commenced (see the Turicchi Request for Judicial Notice of the Complaint filed by the Quaids in Los Angeles Superior Court against Warner Bros. Entertainment Inc., at ¶ 23, wherein they alleged they discovered in 2010 that the Montecito property had been fraudulently

transferred), it is clear that the Quaids cannot present any legitimate argument that the allegations regarding their 2010 discovery of the alleged identity theft was the result of mistake or inadvertence.

As a result, when the 2022 FACC is read together with the judicial admissions made in the 2020 CC and 2020 FACC, it becomes clear that the Quaids were fully aware of the possibility that they were victims of identity theft in 2010, including with respect to the Grant Deed through which the Bermans obtained title to the Montecito property in 1992. The four-year period for a statutory identity theft cause of action therefore expired sometime in 2014, and the current statutory cause of action for identity theft is barred by the statute of limitations set forth in Section 1798.96. The fact that they did not obtain the expert handwriting analysis until 2019 does not affect this conclusion.

In their opposition to the Turicchis' motion for protective order, the Quaids again addressed the statute of limitations issue, citing to the case of *Satey v. JPMorgan Chase & Company* (9th Cir. 2008) 521 F.3d 1987. In *Satey*, the issuer of a credit card upon which allegedly fraudulent charges had been made in 2002 sold the account in 2003. The credit card holder sued the original issuer in 2005 for identity theft, among other claims. The issuer moved for summary judgment, on the basis that because it had sold the account, it was not a "claimant" under California's identity theft law. In finding that the issuer was no longer a "claimant" after it had sold the account, the *Satey* court discussed how its interpretation was consistent with the identity theft law's statute of limitations, because a "claimant" could maintain a claim for four or more years, and the victim could seek relief so long as the claimant maintained a claim. It stated that if the claimant sold the debt to another entity and the victim of identity theft has not yet filed suit, that victim could not longer sue the former claimant, but would have four years to seek relief against the new claimant.

The Quaids' reliance on *Satey* has several problems. First, the statute of limitations was not in issue in *Satey*, and any discussion by that court of the manner in which the California Identity Theft operated is dictum, and not binding upon this court. Second, the *Satey* court's statement that, if the debt were sold, "the victim of identity theft would be able to seek relief against the new 'claimant' and would have four years within which to do so" (*Satey, supra,* 521 F.3d at 1093) conflicts with the Quaids' interpretation of the statements made by the *Satey* court that the statute of limitations would never run so long as the claimant asserted a claim. Many identity theft victims are unaware of the fact that their identities have been stolen (within the meaning of the act) until the claimant acts in a manner to assert their claim for money or property against the victim.

Here, on the other hand, the Quaids have alleged facts showing that they knew in 2010 that the Grant Deed from them to the Bermans had allegedly been forged, and knew that the Turicchis had acquired the property from the Bermans in 2007. Even so, they waited until 2022 to bring an action under the California Identity Theft Law. To interpret Section 1798.96 in the manner in which the Quaids contend it should be interpreted, would interpret it right out of existence, under the facts which herein exist; *Satey* does not give the Quaids an unlimited time within which to make their claim for identity theft against the Turicchis, simply because the Turicchis still claim to own the property at issue, when their claim of ownership was something about which the Quaids have had full knowledge since 2010. Any claim under the California Identity Theft Law is barred by its statute of limitations.

MINUTE ORDER

Further, because the declaratory relief cause of action alleged in the 2022 FACC is based entirely upon the statutory identity theft claim, it, too, is barred by the applicable statute of limitations. (See *Maguire v. Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 734 [statute of limitations for a claim for declaratory relief is based upon the basis on which relief is sought; if declaratory relief is sought with respect to a claim for which relief is barred by the statute of limitations, the cause of action for declaratory relief is also barred].)

Given the nature of the admissions made in the 2020 FACC, the Court does not believe that these causes of action within the 2022 FACC can be amended to assert the any recognized non-statutory exception to the limitations period. (See *Aryeh v. Canon Business Solutions, Inc.*(2013) 55 Cal.4th 1185, 1192, 1197.) Therefore, to the extent that the causes of action currently alleged in the 2022 FACC are based upon the statutory identity theft claim, the demurrer will be sustained without leave to amend.

Because the Court has found that the causes of action are barred by the statute of limitations, there is no need to address LTC and FNF's additional claims that neither cause of action alleged sufficient facts to state a cause of action against them.

> 5.  **Leave to amend.**

In opposing the demurrer, the Quaids asserted authority which they contend would show that the 1992 Grant Deed was fraudulent as to them, and therefore void, and that there is no statute of limitations based upon a void document. While the causes of action based upon the identity theft statutory scheme were clearly barred by the applicable statute of limitations, there may be other valid causes of action which could be alleged in support of the Quaids' attempt to set aside what they contend is a void document, in addition to simply defending against the Turicchis' complaint to quiet title on that basis.

As a result, the Quaids will be permitted leave to amend their 2022 FACC, in an attempt to allege valid cause(s) of action in pursuit of that aim. To the extent they choose to file an amended pleading, in order to eliminate the existing confusion with respect to the titles they have given their various cross-complaints, any such further amended cross-complaint must be entitled the "Fourth Amended Cross-Complaint."

Given the Quaids inability to date to obtain counsel to represent them in this action (see, in particular, this Court's discussion of that issue below, in its analysis of their motion to change venue), the Court is willing to provide them with an extended time period within which to file any Fourth Amended Cross-Complaint, so that they may obtain the assistance of counsel in ascertaining the proper claims to be asserted in that pleading.

As a result, the Court will allow the Quaids to file any Fourth Amended Cross-Complaint on or before January 23, 2023.

**Motion for protective order**

> 1.  **Authority for motion for protective order regarding information disclosed through civil discovery.**

18CV06268 R Scott Turicchi et al vs Randall Quaid et al
November 28, 2022
Page 20 of 21

Pursuant to Code of Civil Procedure section 2025.420(a), a party may move for a protective order at any time before, during or after a deposition. Any such motion must be accompanied by a meet-and-confer declaration. (*Id.*) For good cause shown, the court may make any order that justice requires to protect any party, deponent, or other natural person or organization from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense. (Code Civ. Proc., § 2025.420, subd. (b).) If the motion is denied in whole or in part, the court may order that the deponent provide or permit the discovery against which protection was sought, on those terms and conditions that are just. (Code Civ. Proc., § 2025.420, subd. (g).) The burden is on the moving party to establish relief for the order requested. (*Emerson Elec. Co. v. Superior Court (Grayson)* (1997) 16 Cal.4th 1101, 1110.)

Information obtained through pretrial discovery does not automatically become public property, and the court may issue a protective order to prohibit disclosure of deposition testimony that has not yet been introduced into evidence at a public trial. (*Seattle Times Co. v. Rhinehart* (1984) 467 U.S. 20, 33.) Litigants have no First Amendment right to public information obtained through pre-trial discovery, and restraints placed on discovered but not yet admitted information is not a restriction on a traditionally public source of information. (*Id.*) However, once deposition testimony has been publicly disclosed, such as at a public hearing or trial, it is in the public domain, and further restraints on a party's use or republication thereof are improper. (*Coalition Against Police Abuse v. Superior Court (City of Los Angeles)* (1985) 170 Cal.App.3d 888, 902.)

### 2. Application

The Turicchis seek an order requiring that any transcripts or videotapes or any portions thereof of the depositions of either of the Turicchis be used only for purposes of this lawsuit, and that the transcripts or videotapes or portions thereof may not be posted on social media, or otherwise distributed to the public. They contend that the order is necessary to protect them from unwarranted annoyance, embarrassment, oppression, undue burden, and expense they were suffered should the Quaids be permitted to post the information on social media or distribute it to the public. They assert that the Quaids have made frequent social media posts accusing the Turicchis of stealing their home, as well as accusations of other wrongdoing. In at least one instance, the posting led one of their followers to suggest that the solution was to burn down the Turicchis' house.

In opposition to the motion, the Quaids have not addressed the issues raised by the motion, and have focused on other issues, including their opinion that the Turicchis have no standing either to seek to quiet title or to request the protective order because they do not own the house, their opinions of Lannette Turicchi's mental health, their objections to Mr. Turicchi's failure to appear for his deposition, and a re-argument of the statute of limitations argument at issue in the demurrers. They do, however, acknowledge that Randy Quaid attracts obsessive fans, and there are mentally ill people who develop fixations on the Quaids. (See Declaration of Evgenia Quaid at ¶ 7.) While they have assailed Lannette Turicchi's credibility, they have not disputed that one of their followers did, in fact, suggest that the problem should be solved through burning down the property.

Under those circumstances, it appears that issuance of a protective order of some type may well be not just appropriate, but well-advised, for the safety of the litigants. The requested protective order does not

prohibit comment, and only seeks to limit the use of the transcripts or videotapes of the depositions of the Turicchis solely within and for the purposes of this action, and by specifically prohibiting the posting and/or publishing of deposition transcripts, deposition videotapes, and/or excerpts of either transcripts or videotapes, either to social media or generally to the public.

The Court will therefore grant the motion, and will issue a protective order. Rather than merely limited to the depositions of the Turicchis, however, the protective order will limit the use of the depositions of R. Scott Turicchi, Lannette Turicchi, Randy Quaid, and Evgenia Quaid, to use solely within this lawsuit. No deposition transcript, excerpt from a deposition transcript, videotape, or excerpt from a videotape, of any deposition of any of these named persons may be posted on social media, or otherwise published to the public. The Court reserving the right to modify or rescind the protective order should future circumstances warrant.

In their opposition, the Quaids asked this Court to order Mr. Turicchi to appear for his deposition, to order Mr. Turicchi to turn over all documents in his possession that pertain to the property, to sanction Mr. Turicchi $2,500 for failing to appear for his deposition, to dismiss this action with prejudice based upon his failure to appear for his deposition, and to personally sanction attorney Granet for agreeing to produce his client for deposition and not doing so.

No motion to compel the deposition has been filed, and this Court is therefore without any authority to issue an order compelling Mr. Turicchi to appear for deposition, or to award sanctions for his previous failure to appear. Further, terminating sanctions based upon a failure to appear for deposition are not available in the absence of a failure to comply with a court order requiring appearance. (See Code Civ. Proc., § 2025.450, subd. (h).) However, given the issuance of the protective order with respect to the use of any transcript or videotape of the depositions of the Turicchis or the Quaids in this action, the Quaids are free to re-notice the deposition for a date mutually agreeable to the parties, and the Court expects Mr. Turicchi and his counsel to appear for such deposition, and for Mr. Turicchi to submit to being deposed.

No sanctions will be awarded to the Turicchis on this motion.

The Court set the following hearings:

May 26, 2023 8:30 AM Settlement Conference
Sterne, Colleen K – SB Dept 5

July 17, 2023 11:30 AM Trial Confirmation Conference
Sterne, Colleen K – SB Dept 5


DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

                                             _____   Deputy
                                             Danae Chauvin-Couture

## PROOF OF SERVICE

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

I declare that I am over the age of 18, employed in the County of Santa Barbara and not a party to the within action; my business address is 200 East Carrillo Street, Suite 201, Santa Barbara, California 93101. My electronic service address is judy.johnson@rimonlaw.com.

On November 29, 2022, I served the following document: **[PROPOSED] ORDER AFTER HEARING** on the interested parties in this action as follows:

| | |
|---|---|
| ☐ | By MAIL. I mailed a copy of the above-referenced document to the addressee(s) on the attached Service List. I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service. The above-referenced document was deposited with the U.S. Postal Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. |
| ☒ | By E-MAIL. I e-mailed the above-referenced document to the email address(es) on the attached Service List. A true and correct copy of the e-mail transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By OVERNIGHT DELIVERY. The above-referenced document was deposited with an Overnight Delivery Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection and overnight delivery the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. A true and correct copy of the overnight delivery service transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By FAX. I faxed the above-referenced document to the fax numbers as stated on the attached Service List. A true and correct copy of the fax transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☒ | (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |

Executed on November 29, 2022, at Santa Barbara, California.


_____
/s/ Judy Johnson

## SERVICE LIST

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

Randall (Randy) Quaid                         Email:  Eliza.George@mail.be
Evgenia (Eugenia) "Evi" Quaid
9903 South Santa Monica Boulevard
Beverly Hills, CA  90212


James D. Hepworth, Esq.                       Email:  james.hepworth@fnf.com
Fidelity National Law Group
601 South Figueroa Street, Suite 4025
Los Angeles, CA  90017

EXHIBIT H

EXHIBIT H

EXHIBIT H

EXHIBIT H

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/14/2023 1:46 PM
By: Terri Chavez , Deputy

Evgenia Quaid, Pro Per
Randy Quaid, Pro Per
9903 Santa Monica Blvd. #2002 Beverly Hills, CA 90210
(802) 453 7250. eliza.george@mail.be,

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA BARBARA
## ANACAPA DIVISION

| | |
|---|---|
| R SCOTT TURICCHI , an individual; LANNETTE TURICCHI, an individual;  )<br><br>Plaintiffs  )<br>vs.  )<br>  )<br>(RANDY) RANDY QUAID and )<br>(EVGENIA) EVGENIA "EVI" QUAID )<br>  )<br>Defendants  )<br>  )<br>RANDY QUAID, an individual )<br>EVGENIA QUAID, an individual )<br>  )<br>Cross-complainants  )<br>vs  )<br>  )<br>TABITHA CAMPBELL, an individual; )<br>FIDELITY NATIONAL TITLE GROUP )<br>LAWYERS TITLE INSURANCE )<br>CORPORATION, a company; LAWYERS )<br>TITLE COMPANY, a company; TICOR )<br>TITLE COMPANY OF CALIFORNIA, a )<br>company; CHICAGO TITLE COMPANY, )<br>a company; R SCOTT TURICCHI, an )<br>individual; LANNETTE C. TURICCHI, an )<br>individual; J2 CLOUD SERVICES, LLC., a )<br>company; JFAX.COM, INC., a company; )<br>IGN ENTERTAINMENT INC., a company; )<br>ANDREW ZEPEDA, an individual; )<br>ALL PERSONS UNKNOWN AND )<br>KNOWN, CLAIMING ANY LEGAL OR )<br>EQUITABLE RIGHT, TITLE, ESTATE, )<br>LIEN, OR INTEREST IN THE PROPERTY) | Case No. 19CV06268<br>The Hon. Judge Colleen Sterne<br>The Hon. Thomas P. Anderle<br><br><br>QUAID FOURTH AMENDED<br>CROSS-COMPLAINT FOR<br>DAMAGES AND OTHER RELIEF<br>FOR:<br><br><br>1. FINANCIAL ELDER ABUSE<br>2. INTENTIONAL INFLICTION OF<br>     EMOTIONAL DISTRESS<br>3. NEGLIGENT INFLICTION OF<br>     EMOTIONAL DISTRESS<br>4. FRAUD (Concealment)<br>5. AIDING AND ABETTING<br>6. IDENTITY THEFT (Per CCP §1798.93)<br>7. UNFAIR BUSINESS PRACTICES<br>8. QUIET TITLE<br>9. DECLARATORY RELIEF<br>10. CANCELLATION OF INSTRUMENTS<br>11. SLANDER<br><br>     Jury Demand<br><br>Action Filed:     November 25, 2019<br>Cross-Action Filed:   February 22, 2022 |

1

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

1    **FIDELITY NATIONAL LAW GROUP**
     **JAMES D. HEPWORTH** (SBN 132910)
2    601 S. Figueroa Street, Suite 4025
     Los Angeles, California 90017-3450
3    Telephone: (213) 438-7209
     Facsimile: (213) 438-4417
4    Email: James.Hepworth@fnf.com
5
     Attorneys for Cross-Defendants, LAWYERS
6    TITLE COMPANY, CHICAGO TITLE
     COMPANY, and TICOR TITLE COMPANY
7    OF CALIFORNIA
8
9           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
10          **COUNTY OF SANTA BARBARA– ANACAPA DIVISION**
11
12   R. SCOTT TURICCHI, an individual and
     LANNETTE C. TURICCHI, an individual
13                  Plaintiffs,
14           vs.
15   (RANDALL) RANDY QUAID and (EUGENIA)
     EVGENIA "EVI" QUAID,
16                  Defendants.
17
18   RANDY QUAID, an individual;
     EVGENIA QUAID an individual;
19                  Cross-Complainants,
20           vs.
21   TABITHA CAMPBELL, an individual;
     FIDELITY NATIONAL TITLE GROUP
22   LAWYERS TITLE INSURANCE
     CORPORATION; a company; LAWYERS
23   TITLE COMPANY, a company; TICOR TITLE
     COMPANY OF CALIFORNIA, a company;
24   CHICAGO TITLE COMPANY, a company;
     R. SCOTT TURICCHI, an individual;
25   LANNETTE C. TURICCHI, an individual; J2
     CLOUD SERVICES, LLC., a company;
26   JFAX.COM, INC., a company; IGN
     ENTERTAINMENT INC., a company;
27   ANDREW ZEPEDA, an individual; ALL
     PERSONS UNKNOWN AND KNOWN,
28   CLAIMING ANY LEGAL OR EQUITABLE

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
3/20/2023 12:19 PM
By: Terri Chavez , Deputy

Case No: 19CV06268
[Assigned for all proposes to Hon. Colleen K.
Sterne]

**EX PARTE APPLICATION FOR AN
ORDER STRIKING THE FOURTH
AMENDED CROSS-COMPLAINT OF
CROSS-COMPLAINANTS RANDY
QUUAID AND EVGENIA QUAID;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF
JAMES D. HEPWORTH**

Date:        March 21, 2023
Time:        ~~10:00 a.m.~~  08:30 am
Dept.:       5

Action Filed:      November 25, 2019
Trial Date:        July 17, 2023

1

# EXHIBIT J

# EXHIBIT J

# EXHIBIT J

# EXHIBIT J

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
3/20/2023 2:06 PM
By: Narzralli Baksh , Deputy

Craig S. Granet (State Bar No. 071020)
craig.granet@rimonlaw.com
Claire K. Mitchell (State Bar No. 318857)
claire.mitchell@rimonlaw.com
RIMON, P.C.
200 East Carrillo Street, Suite 201
Santa Barbara, CA 93101
Telephones: (805) 618-2555 / (805) 892-7400

Andrew W. Zepeda (State Bar No. 106509)
azepeda@lurie-zepeda.com
LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 274-8700

Attorneys for Plaintiffs and Cross-Defendants
R. SCOTT TURICCHI and LANNETTE C. TURICCHI

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA – ANACAPA DIVISION

| | |
|---|---|
| R. SCOTT TURICCHI; and LANNETTE C. TURICCHI,<br><br>Plaintiffs,<br><br>vs.<br><br>RANDALL QUAID, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No. 19CV06268<br>[Assigned to Hon. Colleen K. Sterne]<br><br>**THE TURICCHIS' JOINDER IN CHICAGO'S AND TICOR'S** *EX PARTE* **APPLICATION TO STRIKE THE FOURTH AMENDED CROSS-COMPLAINT FILED BY THE QUAIDS**<br><br>Date: March 21, 2023<br>Time: 8:30 a.m.<br>Dept: 5 |

-1-

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

| | | | |
|---|---|---|---|
| Dated and Entered: | March 21, 2023 | Time: | 8:30 AM |
| Judicial Officer: | Colleen K. Sterne | | |
| Deputy Clerk: | Danae Chauvin-Couture | Dept.: | SB Dept. 5 |
| Deputy Sheriff: | None | | |
| Court Reporter: | FTR | Case No: | 19CV06268 |

**R Scott Turicchi et al vs Randall Quaid et al**

Parties Present:

| | |
|---|---|
| Lannette Turicchi | Plaintiff (via Zoom) |
| Craig Granet | Attorney for Plaintiffs (in person) |
| Andrew Zepeda | Attorney for Plaintiffs (via Zoom) |
| Evgenia Quaid | Defendant (via Zoom) |
| Andrew Cox | Attorney for Cross Defendant (via Zoom) |
| James Hepworth | Attorney for Cross Defendant (in person) |

**NATURE OF PROCEEDINGS:** Ex Parte Hearing for an Order Striking the Fourth Amended Cross-Complaint of Cross-Complainants Randy Quaid and Evgenia Quaid

At 8:58 a.m. the matter proceeded via Zoom and in person, as indicated above.

At 9:02 a.m. Defendant Ms. Quaid provided oral argument.

The Court advised Ms. Quaid that the Fourth Amended Complaint to be submitted shall only address a new cause of action against existing parties.

The Ex Parte Request was granted. The Fourth Amended Cross-Complaint shall be stricken. The Defendants shall have leave to file a 2nd Fourth Amended Cross Complaint.

Ms. Quaid shall file and serve the Fourth Amended Cross-Complaint by April 4, 2023.

Ms. Quaid advised the Court that Grant Puleo may be joining as counsel for the Defendants.

DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

_____
                    Danae Chauvin-Couture          , Deputy

SC-2411 (Revised July 1, 2013)          **MINUTE ORDER**

# EXHIBIT L

# EXHIBIT L

# EXHIBIT L

# EXHIBIT L

Grant Puleo, Esq. (SBN 178028)
Karen L. Alexander, Esq. (SBN 265926)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
E-mail:  gpuleo@duanemorris.com
      klalexander@duanemorris.com

Attorneys for Defendants and Cross-Complainants,
Randy Quaid, erroneously sued as Randall Quaid, and
Evgenia Quaid

## IN THE SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF SANTA BARBARA – ANACAPA DIVISION

| | |
|---|---|
| R. SCOTT TURICCHI AND LANNETTE C. TURICCHI, <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL QUAID, et al. <br><br> Defendants. <br><br> RANDY QUAID AND EVGENIA QUAID, <br><br> Cross-Complainants, <br><br> v. <br><br> R. SCOTT TURICCHI, LANNETTE C. TURICCHI, LAWYERS TITLE COMPANY AND FIDELITY NATIONAL TITLE INSURANCE COMPANY (COLLECTIVELY ERRONEOUSLY PREVIOUSLY SUED AS LAWYERS TITLE COMPANY), BRUCE AND NANCY BERMAN, AND DOES 1-100, <br><br> Cross-Defendants. | Case No.  19cv06268 <br><br> **THE QUAIDS' VERIFIED FIFTH AMENDED CROSS-COMPLAINT** <br><br> JUDGE:    Judge Colleen K. Sterne <br> DEPT:      5 <br><br> Complaint filed: November 25, 2019 |

# EXHIBIT M

# EXHIBIT M

# EXHIBIT M

# EXHIBIT M

1    **FIDELITY NATIONAL LAW GROUP**
     **JAMES D. HEPWORTH** (SBN 132910)
2    601 S. Figueroa Street, Suite 4025
     Los Angeles, California 90017-3450
3    Telephone: (213) 438-7209
     Facsimile: (213) 438-4417
4    Email: James.Hepworth@fnf.com

5

     Attorneys for Cross-Defendants, LAWYERS
6    TITLE COMPANY and FIDELITY NATIONAL
     TITLE INSURANCE COMPANY

7

8        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9        **COUNTY OF SANTA BARBARA– ANACAPA DIVISION**

10

11   R. SCOTT TURICCHI, an individual and     Case No: 19CV06268
     LANNETTE C. TURICCHI, an individual    [Assigned for all proposes to Hon. Colleen K.
12                              Sterne]
             Plaintiffs,
13                          **EX PARTE APPLICATION FOR AN**
            vs.                    **ORDER STRIKING THE FIFTH**
14                         **AMENDED CROSS-COMPLAINT OF**
     (RANDALL) RANDY QUAID and (EUGENIA)   **CROSS-COMPLAINANTS RANDY QUAID**
15   EVGENIA "EVI" QUAID,           **AND EVGENIA QUAID; MEMORANDUM**
                            **OF POINTS AND AUTHORITIES;**
16           Defendants.          **DECLARATION OF JAMES D.**
                            **HEPWORTH**
17

18                            Date:     May 16, 2023
                            Time:    8:30 a.m.
19                            Dept.:   5

20                            Action Filed:    November 25, 2019
21   AND RELATED CROSS-COMPLAINT     Trial Date:     November 6, 2023

22

23   **TO ALL PARTIES AND ATTORNEYS OF RECORD:**

24       **PLEASE TAKE NOTICE THAT** on May 16, 2023, at 8:30 a.m., in Department 5 of the

25   above-entitled Court, located at 1100 Anacapa Street, Santa Barbara, California, Cross-Defendant

26   Fidelity National Title Insurance Company ("FNTIC") will, and hereby does, apply ex parte for an

27   order striking the Fifth Amended Cross-Complaint ("5ACC") of cross-complainants Randy Quaid

28   and Evgenia Quaid (collectively, the "Quaids").

# EXHIBIT N

# EXHIBIT N

# EXHIBIT N

# EXHIBIT N

1   Craig S. Granet (State Bar No. 071020)
   *craig.granet@rimonlaw.com*

2   Claire K. Mitchell (State Bar No. 318857)
   *claire.mitchell@rimonlaw.com*

3   RIMON, P.C.
   200 East Carrillo Street, Suite 201

4   Santa Barbara, CA 93101
   Telephones: (805) 618-2555 / (805) 892-7400

5

6   Andrew W. Zepeda (State Bar No. 106509)
   *azepeda@lurie-zepeda.com*

7   LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
   1875 Century Park East, Suite 2100

8   Los Angeles, CA 90067
   Telephone: (310) 274-8700

9

10  Attorneys for Plaintiffs and Cross-Defendants
   R. SCOTT TURICCHI and LANNETTE C. TURICCHI

11

12             SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             COUNTY OF SANTA BARBARA – ANACAPA DIVISION

14

15  R. SCOTT TURICCHI; and LANNETTE C.  )  Case No. 19CV06268
   TURICCHI,                    )  [Assigned to Hon. Colleen K. Sterne]

16                      )

17         Plaintiffs,       )  **THE TURICCHIS' JOINDER IN**
                      )  **FIDELITY'S *EX PARTE* APPLICATION**

18  vs.                   )  **TO STRIKE THE FIFTH AMENDED**
                      )  **CROSS-COMPLAINT FILED BY THE**

19  RANDALL QUAID, et al.,      )  **QUAIDS**
                      )

20                      )  Date:  May 16, 2023
         Defendants.     )  Time:  8:30 a.m.

21                      )  Dept:  5
                      )

22  AND RELATED CROSS-ACTION.    )

23                      )

24

25      Plaintiffs and Cross-Defendants R. SCOTT TURICCHI and LANNETTE C. TURICCHI

26  (the "Turicchis") hereby join in the *Ex Parte* Application filed by Cross-Defendant FIDELITY

27  NATIONAL TITLE INSURANCE COMPANY ("Fidelity") to strike the Fifth Amended Cross-

28

-1-

THE TURICCHIS' JOINDER IN FIDELITY'S *EX PARTE* APPLICATION

                                                              19CV06268

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
5/15/2023 2:16 PM
By: Sarah Sisto , Deputy

EXHIBIT O

EXHIBIT O

EXHIBIT O

EXHIBIT O

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| Dated and Entered: | May 23, 2023 | Time:  8:30 AM |
| Judicial Officer: | Colleen K. Sterne | |
| Deputy Clerk: | Danae Chauvin-Couture | Dept.:  SB Dept. 5 |
| Deputy Sheriff: | None | |
| Court Reporter: | FTR | Case No: 19CV06268 |

**R Scott Turicchi et al vs Randall Quaid et al**

Parties Present:
| | |
|---|---|
| Lannette Turicchi | Plaintiff (via Zoom) |
| Craig Granet | Attorney for Plaintiffs (in person) |
| Andrew Zepeda | Attorney for Plaintiffs (via Zoom) |
| Grant Puleo | Attorney for Defendants (via Zoom) |
| Karen Alexaner | Attorney for Defendants (via Zoom) |
| Jim Hepworth | Attorney for Cross-Defendants (in person) |

**NATURE OF PROCEEDINGS:  Ex Parte Hearing for Order Striking the Fifth Amended Cross-Complaint of Cross-Complainants Randy Quaid and Evgenia Quaid**

At 8:47 a.m. the matter proceeded via Zoom and in person, as indicated above.

At 8:51 a.m. Defendant's counsel Mr. Puleo provided oral argument. Counsel opined that the first through fourth causes of action could be stricken in light of the denial of the writ filed by Defendants with the Court of Appeal.

There was discussion about the various causes of action and the history of the case.

The Ex Parte Request was granted in part.  Causes of action 1, 2, 3 and 4 shall be stricken without prejudice.

Responses to the Fifth Amended Cross-Complaint shall be due in 20 days.

The Motions for Reconsideration currently scheduled for June 5, 2023 were filed when the Quaids were in pro per. Pursuant to Mr. Puleo's comments, the to Motions for Reconsideration shall be withdrawn.

DARREL E. PARKER, EXECUTIVE OFFICER

Minutes Prepared by:

_____ , Deputy
          Danae Chauvin-Couture

SC-2411 (Revised July 1, 2013)                    **MINUTE ORDER**

EXHIBIT P

EXHIBIT P

EXHIBIT P

EXHIBIT P

7/25/2014

Superior Court of the County of Santa Barbara - Online Services - Tentative Rulings

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

TENTATIVE RULING

Judge Colleen Sterne
Department 5 SB-Anacapa
1100 Anacapa Street P.O. Box 21107 Santa Barbara, CA 93121-1107

CIVIL LAW & MOTION

| Randy Quaid et al vs American Surety Company | |
|---|---|
| Case No: | 1467545 |
| Hearing Date: | Mon Jul 28, 2014 9:30 |
| Nature of Proceedings: Motion to Quash Subpoena-SB Sheriff's Dept. | |

| Case: | *Randy Quaid, et al. v. American Surety Company,* |
|---|---|
| | Case No. #1467545, Judge Sterne |

| Hearing Date: | July 28, 2014 |
|---|---|

| Matter: | Motion to Quash Subpoena for Production of Business Records in Action Pending Outside of California |
|---|---|

Tentative Ruling: The court grants the Santa Barbara County Sheriff's Department's Motion to Quash Subpoena for Production of Business Records in Action Pending Outside of California.

Discussion:

Petitioners Randy Quaid and Evgenia Quaid filed an application for discovery subpoena in action pending outside California pursuant to CCP § 2029.300. On June 24, 2014, the clerk of the court issued a subpoena to Sgt. E. Hsueh, Records and Warrants Dept. of the Santa Barbara County Sheriff's Department. The records sought are "Color Photographs in evidence for Case No. 1363847."

Motion: The Sheriff moves to quash the subpoena on two grounds: 1) The Quaids are fugitives from justice and, under the disentitlement doctrine, they cannot seek civil redress. 2) The exclusive means for obtaining evidence in a criminal case is pursuant to Penal Code § 1054.5

**Response to Motion:** The motion to quash is treated as a "petition" under CCP § 2029.600. Counsel for Quaids acknowledges that he is not licensed to practice law in California. The fugitive disentitlement doctrine does not apply to civil proceedings. The documents are necessary in their civil case against American Surety. They contend that American Surety was unreasonable and negligent in posting $1,000,000 in bail bonds without authorization. They contend the photograph of a mirror will show it was not damaged.

**Reply:** The Sheriff replies: Though the request for a subpoena does not constitute an appearance in the California courts, opposing the motion/petition to quash does and counsel is not admitted in California. The disentitlement doctrine does apply in civil cases. The civil proceeding interferes with the criminal case.

**Analysis:**

The initial application for a subpoena did not constitute an appearance in this court, CCP § 2029.300(a). However, the Sheriff's motion to quash constitutes a petition and shall comply with the applicable rules and statutes in this case, CCP § 2029.600. "A person who is not an attorney authorized to practice law in this state cannot represent anyone other than himself." *Roddis v. All-Coverage Ins. Exchange Auto. & Fire,* 250 Cal.App.2d 304, 311 (1967). The Quaids have not properly appeared in this court to oppose the petition to quash the subpoena.

Even if the Quaids had properly appeared before this court in this case, the court would quash the subpoena. Fugitive disentitlement is an equitable doctrine and its application is discretionary. *Polanski v. Superior Court,* 180 Cal.App.4th 507, 530 (2009). "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state," *MacPherson v. MacPherson,* 13 Cal.2d 271, 277 (1939). Quaids have failed to appear as ordered in Case #1363847, in which they are defendants facing charges of felony vandalism [Penal Code § 594(b)(1)], misdemeanor unauthorized entry of a dwelling house [Penal Code § 602.5(a)], and misdemeanor failure to appear [Penal Code § 1320.5]. The court is not inclined to allow the Quaids to use process of this court to compel production of documents from the Sheriff when they refuse to return to this County to face charges pending in this court.

The Quaids contend the doctrine of fugitive disentitlement does not apply in civil cases, relying on *Degen v. United States,* 517 U.S. 820 (1996). But the court in that case simply determined that there was no necessity to justify the rule of disentitlement. Id. at 829. The case was also limited to civil forfeiture actions and, later, the Congress enacted the Civil Asset Forfeiture Reform Act of 2000, a statutory fugitive disentitlement doctrine. *United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338,* 617 F.Supp.2d 103, 123 (E.D.N.Y. 2007). In any event, California's common law is independent of federal law. In *McPherson v. McPherson, supra,* the California Supreme Court applied the doctrine in a civil case.

Moreover, Penal Code § 1054.5 is "the only means by which the defendant may compel the disclosure or production of information from prosecuting attorneys, law enforcement agencies ...." The Quaids have chosen not to participate in the criminal proceeding. The court will not permit them to use this proceeding in civil court to circumvent criminal statutes.

The court grants the Sheriff's motion to quash.

*************************************************************

Please note:    As a result of staffing limitations, the court has experienced delays in routing time-sensitive documents, including oppositions and replies, for prompt review. To assist the court in avoiding delays, the court has established a generic email address for courtesy copies of law and motion documents to be electronically sent as PDF attachments. The court strongly encourages the parties to email courtesy copies to the court. Instructions for sending courtesy copies are found on the court's website at: http://www.sbcourts.org/os/lr/CourtesyLM.pdf

# EXHIBIT Q

# EXHIBIT Q

# EXHIBIT Q

# EXHIBIT Q

**From:** Serrano, Reginald <rfs4725@sbsheriff.org>
**Sent:** Wednesday, June 7, 2023 11:06 AM
**To:** Davis, Anthony <asdavis@countyofsb.org>
**Subject:** Quaids

**Caution:** This email originated from a source outside of the County of Santa Barbara. Do not
click links or open attachments unless you verify the sender and know the content is safe.

1

The following screenshots from our jail management system clearly shows that they are not presently in custody and they haven't been here since they bailed out in 2010:





The following screenshots from our WANDA system clearly shows their active warrants in blue:

**SANTA BARBARA COUNTY WARRANT SEARCH:**

```
WCN/NAME+DESC    CLASS TYPE           BAIL ISS DATE   COURT    SVC/RESP
10526047 001FD DD CRIM FEL    $20,000.00 09/21/2009 SBMC      SBSO
QUAID, RANDALL RUDY           W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1299916
52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 11/05/2009 14:59 BY S.B. MUNI COURT    RECALLED


10526047 002FD DD CRIM FEL    $40,000.00 12/15/2009 SBMC      SBSO
QUAID, RANDALL RUDY           W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1299916

52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 12/22/2009 12:01 BY S.B. MUNI COURT    RECALLED


10526047 003FD DD CRIM FEL ** NO BAIL ** 04/12/2010 SBMC      SBSO
QUAID, RANDALL RUDY           W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1299916

52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 04/26/2010 12:46 BY SBB WARR CTL BUR    ARREST


10526047 004FD DB CRIM FEL    $500,000.00 10/18/2010 SBMC      SBSO
QUAID, RANDALL RUDY           W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1363647
AKA QUAID, RANDY
AKA QUAID, RANDAL RUDY
52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 10/27/2010 11:24 BY S.B. MUNI COURT    RECALLED


10526047 005FD DD CRIM FEL    $500,000.00 11/02/2010 SBMC      SBSO
QUAID, RANDALL RUDY           W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1363647
AKA QUAID, RANDY RANDALL
52%       *-THIS IS NOT AN ABSTRACT-*
```

10526046 002FD DD CRIM FEL     $40,000.00 12/15/2009 SBMC     SBSO
QUAID, EVI HELLENA                W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916
AKA MOTOLANEZ, EUGENIA H
52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 12/22/2009 12:00 BY S.B. MUNI COURT    RECALLED

10526046 003FD DD CRIM FEL  ** NO BAIL ** 04/12/2010 SBMC     SBSO
QUAID, EVI HELLENA                W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916

52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 04/26/2010 12:46 BY SBB WARR CTL BUR    ARREST

10526046 004FD DD CRIM FEL     $500,000.00 10/18/2010 SBMC     SBSO
QUAID, EVI HELLENA                W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1263947
AKA QUAID, EVEGENIA HELENA
AKA MOTOLANEZ, EUGENIA H
52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 10/27/2010 11:22 BY S.B. MUNI COURT    RECALLED

10526046 005FD DD CRIM MISD   $10,000.00 10/18/2010 SBMC     SBSO
QUAID, EVI HELLENA                W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916
AKA QUAID, EVEGENIA HELENA
AKA MOTOLANEZ, EUGENIA H
52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 11/02/2010 13:06 BY S.B. MUNI COURT    RECALLED

10526046 006FD DD CRIM FEL     $500,000.00 11/02/2010 SBMC     SBSO
QUAID, EVI HELLENA                W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1363947
AKA MOTOLANEZ, EUGENIA H
AKA QUAID, EVEGENIA HELENA
52%      *-THIS IS NOT AN ABSTRACT-*

10526046 007FD DD CRIM MISD   $100,000.00 12/16/2010 SBMC     SBSO
QUAID, EVI HELLENA                W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916
AKA QUAID, EVEGENIA HELENA
AKA MOTOLANEZ, EUGENIA H
52%      *-THIS IS NOT AN ABSTRACT-*



Reggie Serrano | Extradition Coordinator - Felony Fugitive Unit | Santa Barbara County Sheriff | P 805.681.4191 | F 805.681.4975

## PROOF OF SERVICE

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

I declare that I am over the age of 18, employed in the County of Santa Barbara and not a party to the within action; my business address is 200 East Carrillo Street, Suite 201, Santa Barbara, California 93101. My electronic service address is judy.johnson@rimonlaw.com.

On June 12, 2023, I served the following document: **THE TURICCHIS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE THE QUAIDS' FIFTH AMENDED CROSS-COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| ☐ | By MAIL. I mailed a copy of the above-referenced document to the addressee(s) on the attached Service List. I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service. The above-referenced document was deposited with the U.S. Postal Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. |
| ☒ | By E-MAIL. I e-mailed the above-referenced document to the email address(es) on the attached Service List. A true and correct copy of the e-mail transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By OVERNIGHT DELIVERY. The above-referenced document was deposited with an Overnight Delivery Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection and overnight delivery the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. A true and correct copy of the overnight delivery service transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By FAX. I faxed the above-referenced document to the fax numbers as stated on the attached Service List. A true and correct copy of the fax transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☒ | (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |

Executed on June 12, 2023, at Santa Barbara, California.


_____
*/s/ Judy Johnson*

## SERVICE LIST

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

| | |
|---|---|
| Grant Puleo, Esq. | Attorneys for Defendants |
| Karen L. Alexander, Esq. | RANDY QUAID aka Randall Quaid and |
| Duane Morris LLP | EVGENIA QUAID aka Eugenia Quaid |
| 750 B Street, Suite 2900 | |
| San Diego, CA  92101 | |
| Email: *gpuleo@duanemorris.com* | |
| *klalexander@duanemorris.com* | |
| *avillanueva@duanemorris.com* | |
| *ddoft@duanemorris.com* | |
| | |
| James D. Hepworth, Esq. | Attorneys for Cross-Defendant |
| Fidelity National Law Group | LAWYERS TITLE COMPANY |
| 601 South Figueroa Street, Suite 4025 | |
| Los Angeles, CA  90017 | |
| Email: *james.hepworth@fnf.com* | |
| | |
| Andrew W. Zepeda, Esq. | Co-Counsel for Plaintiffs |
| Lurie, Zepeda, Schmalz, Hogan & Martin | R. SCOTT TURICCHI and |
| 1875 Century Park East, Suite 2100 | LANNETTE C. TURICCHI |
| Los Angeles, CA  90067-2574 | |
| Email: *azepeda@lurie-zepeda.com* | |

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/10/2023 3:48 PM
By: Terri Chavez , Deputy

Craig S. Granet (State Bar No. 071020)
*craig.granet@rimonlaw.com*
Claire K. Mitchell (State Bar No. 318857)
*claire.mitchell@rimonlaw.com*
RIMON, P.C.
200 East Carrillo Street, Suite 201
Santa Barbara, CA  93101
Telephones:  (805) 618-2555 / (805) 892-7400

Andrew W. Zepeda (State Bar No. 106509)
*azepeda@lurie-zepeda.com*
LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 274-8700

Attorneys for Plaintiffs and Cross-Defendants
R. SCOTT TURICCHI and LANNETTE C. TURICCHI

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA – ANACAPA DIVISION

|  |  |
|---|---|
| R. SCOTT TURICCHI; and LANNETTE C. TURICCHI, <br><br> Plaintiffs, <br><br> vs. <br><br> RANDALL QUAID, et al., <br><br> Defendants. <br><br> AND RELATED CROSS-ACTION. | Case No. 19CV06268 <br> [Assigned to Hon. Colleen K. Sterne] <br><br> **THE TURICCHIS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF AMENDED EXHIBIT Q IN SUPPORT OF THEIR DEMURRER TO THE QUAIDS' FIFTH AMENDED CROSS-COMPLAINT** <br><br> Date:  August 7, 2023 <br> Time:  10:00 a.m. <br> Dept:  5 |

-1-

Plaintiffs and Cross-Defendants R. Scott Turicchi and Lannette C. Turicchi (the "Turicchis") hereby submit this Supplemental Request, pursuant to Sections 452 and 453 of the Evidence Code, that the Court take judicial notice of the attached **Amended Exhibit Q** in support of their Motion to Strike the Fifth Amended Cross-Complaint of Cross-Complainants Randy Quaid and Evgenia Quaid (the "Quaids").

The Turicchis, with their initial Request for Judicial Notice in Support of their Motion to Strike the Quaids' Fifth Amended Cross-Complaint, attached **Exhibit Q**, which is a screenshot from the records of the Felony Fugitive Unit of the Santa Barbara County Sheriff's Department, showing that Randy Quaid is still a fugitive on Felony Warrant No. 1363847, and that Evi Quaid is still a fugitive under both Felony Warrant No. 1363847 and Misdemeanor Warrant No. 1299916.

The attorneys for the Quaids have objected to **Exhibit Q** on the grounds that the screenshot itself does not provide sufficient context for the Court to take judicial notice of it. While the Turicchis disagree with that objection, to provide additional context for the screenshot from the Santa Barbara County Sheriff's Department, attached hereto as **Amended Exhibit Q** is that screenshot, with the cover email sent to the Turicchis' counsel with that screenshot by Anthony S. Davis, a Senior Deputy District Attorney in the Santa Barbara County District Attorney's office, who is handling the criminal cases against the Quaids.

The fact that the Quaids are still fugitives from justice under those warrants, as evidenced by the screenshot from the Santa Barbara County Sheriff's Department with the email from the District Attorney's office, is a fact of which the Court may take judicial notice pursuant to Section 452(h) of the Evidence Code. Specifically, Section 452(h) of the Evidence Code provides that judicial notice may be taken of: "Facts and propositions that are not reasonably

-2-

1   subject to dispute and are capable of immediate and accurate determination by resort to sources

2   of reasonably indisputable accuracy."

3       That is precisely the situation in the instant case.  The fact that the Quaids remain

4   fugitives from justice is not reasonably subject to dispute and is capable of immediate and

5

6   accurate determination by resort to sources of reasonably indisputable accuracy.  Specifically,

7   the Court can review its own case file in Criminal Case No. 1363847 for immediate and accurate

8   determination that there are outstanding warrants for the arrest of the Quaids.

9

10

11                                RIMON, P.C.

12

13  DATED:  July 10, 2023          By:_____
                                       CRAIG S. GRANET
14                                     Attorneys for Plaintiffs and Cross-
                                       Defendants R. SCOTT TURICCHI and
15                                     LANNETTE C. TURICCHI

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

THE TURICCHIS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

19CV06268

# INDEX OF EXHIBITS

**Exhibit**

**Description**

Q (Amended)

Screenshot from the records of the Felony Fugitive Unit of the Santa Barbara County Sheriff's Department, with cover email from the Santa Barbara County District Attorney's office

-4-

19CV06268

# AMENDED EXHIBIT Q

# AMENDED EXHIBIT Q

# AMENDED EXHIBIT Q

# AMENDED EXHIBIT Q

# AMENDED EXHIBIT Q

**Craig S Granet**

| | |
|---|---|
| **From:** | Davis, Anthony <asdavis@countyofsb.org> |
| **Sent:** | Wednesday, June 7, 2023 11:32 AM |
| **To:** | Craig S Granet |
| **Subject:** | FW: Quaids |

Hi Craig,

Well apparently we've emailed before, as your email address auto-populated when I started to enter it. My apologies if I failed to recall any previous conversations that we've had.

Per our conversation, please find the jail inmate records and warrant information for both Randy and Evi Quaid, as provided by the SB Sheriff's Department. The inmate records show that neither Quaid has been back since their release in 2010. The arrest warrants cover the entire history of both criminal cases, but the current warrant status of each is highlighted in blue. As I mentioned, there is an additional $100K warrant for Evi for the violation of her misdemeanor probation.

Please let me know if you need anything else, or have any other questions.

Best regards,
Tony



**Anthony S. Davis**
**Senior Deputy District Attorney**
Santa Barbara District Attorney's Office
1112 Santa Barbara Street
Santa Barbara, CA 93101
**T** 805.568.2425
**F** 805.560.1077
**E** asdavis@countyofsb.org

**Confidentiality Notice**: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited and may be unlawful. If you are not the intended recipient, please contact the sender by reply e-mail and then delete all copies of the original message.

**From:** Serrano, Reginald <rfs4725@sbsheriff.org>
**Sent:** Wednesday, June 7, 2023 11:06 AM
**To:** Davis, Anthony <asdavis@countyofsb.org>
**Subject:** Quaids

**Caution:** This email originated from a source outside of the County of Santa Barbara. Do not click links or open attachments unless you verify the sender and know the content is safe.

1

The following screenshots from our jail management system clearly shows that they are not presently in custody and they haven't been here since they bailed out in 2010:



The following screenshots from our WANDA system clearly shows their active warrants in blue:

SANTA BARBARA COUNTY WARRANT SEARCH:

```
WCN/NAME+DESC     CLASS TYPE              BAIL ISS DATE   COURT    SVC/RESP
10526047 001FD  DD CRIM FEL    $20,000.00 09/21/2009 SBMC      SBSO
QUAID, RANDALL RUDY               W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1299916
52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 11/05/2009 14:59 BY S.B. MUNI COURT    RECALLED


10526047 002FD  DD CRIM FEL    $40,000.00 12/15/2009 SBMC      SBSO
QUAID, RANDALL RUDY               W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1299916

52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 12/22/2009 12:01 BY S.B. MUNI COURT    RECALLED

10526047 003FD  DD CRIM FEL  ** NO BAIL ** 04/12/2010 SBMC      SBSO
QUAID, RANDALL RUDY               W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1299916

52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 04/26/2010 12:46 BY SBB WARR CTL BUR    ARREST

10526047 004FD  DD CRIM FEL    $500,000.00 10/18/2010 SBMC      SBSO
QUAID, RANDALL RUDY               W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1363847
AKA QUAID, RANDY
AKA QUAID, RANDAL RUDY
52%      *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 10/27/2010 11:24 BY S.B. MUNI COURT    RECALLED

10526047 005FD  DD CRIM FEL    $500,000.00 11/02/2010 SBMC      SBSO
QUAID, RANDALL RUDY               W M 604 200 BRO BLU 10/01/1950 SBSO
WARR#: 1363847
AKA QUAID, RANDY RANDALL
52%      *-THIS IS NOT AN ABSTRACT-*
```

10526046 002FD DD CRIM FEL      $40,000.00 12/15/2009 SBMC      SBSO
QUAID, EVI HELLENA              W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916
AKA MOTOLANEZ, EUGENIA H
52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 12/22/2009 12:00 BY S.B. MUNI COURT      RECALLED

10526046 003FD DD CRIM FEL  ** NO BAIL ** 04/12/2010 SBMC      SBSO
QUAID, EVI HELLENA              W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916

52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 04/26/2010 12:46 BY SBB WARR CTL BUR    ARREST

10526046 004FD DD CRIM FEL      $500,000.00 10/18/2010 SBMC     SBSO
QUAID, EVI HELLENA              W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1363847
AKA QUAID, EVEGENIA HELENA
AKA MOTOLANEZ, EUGENIA H
52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 10/27/2010 11:22 BY S.B. MUNI COURT      RECALLED

10526046 005FD DD CRIM MISD      $10,000.00 10/18/2010 SBMC     SBSO
QUAID, EVI HELLENA              W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916
AKA QUAID, EVEGENIA HELENA
AKA MOTOLANEZ, EUGENIA H
52%       *-THIS IS NOT AN ABSTRACT-*  *-THIS IS NOT AN ACTIVE WARRANT.
DISPOSED OF ON 11/02/2010 13:06 BY S.B. MUNI COURT      RECALLED

10526046 006FD DD CRIM FEL      $500,000.00 11/02/2010 SBMC     SBSO
QUAID, EVI HELLENA              W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1363847
AKA MOTOLANEZ, EUGENIA H
AKA QUAID, EVEGENIA HELENA
52%       *-THIS IS NOT AN ABSTRACT-*

10526046 007FD DD CRIM MISD      $100,000.00 12/16/2010 SBMC     SBSO
QUAID, EVI HELLENA              W F 510 140 BRO HAZ 08/02/1963 SBSO
WARR#: 1299916
AKA QUAID, EVEGENIA HELENA
AKA MOTOLANEZ, EUGENIA H
52%       *-THIS IS NOT AN ABSTRACT-*

Reggie Serrano | Extradition Coordinator - Felony Fugitive Unit | Santa Barbara County Sheriff | P 805.681.4191 | F 805.681.4975

## PROOF OF SERVICE

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

I declare that I am over the age of 18, employed in the County of Santa Barbara and not a party to the within action; my business address is 200 East Carrillo Street, Suite 201, Santa Barbara, California  93101. My electronic service address is judy.johnson@rimonlaw.com.

On July 10, 2023, I served the following document: **THE TURICCHIS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF AMENDED EXHIBIT Q IN SUPPORT OF THEIR DEMURRER TO THE QUAIDS' FIFTH AMENDED CROSS-COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| ☐ | By MAIL.  I mailed a copy of the above-referenced document to the addressee(s) on the attached Service List.  I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.  The above-referenced document was deposited with the U.S. Postal Service on the same day shown on this affidavit, in the ordinary course of business.  I am the person who sealed and placed for collection the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. |
| ☒ | By E-MAIL.  I e-mailed the above-referenced document to the email address(es) on the attached Service List.  A true and correct copy of the e-mail transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By OVERNIGHT DELIVERY.  The above-referenced document was deposited with an Overnight Delivery Service on the same day shown on this affidavit, in the ordinary course of business.  I am the person who sealed and placed for collection and overnight delivery the above-referenced document on this date at Santa Barbara, California, following ordinary business practices.  A true and correct copy of the overnight delivery service transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By FAX.  I faxed the above-referenced document to the fax numbers as stated on the attached Service List.  A true and correct copy of the fax transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☒ | (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |

Executed on July 10, 2023, at Santa Barbara, California.


*/s/ Judy Johnson*

## SERVICE LIST

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

| | |
|---|---|
| Grant Puleo, Esq.<br>Karen L. Alexander, Esq.<br>Duane Morris LLP<br>750 B Street, Suite 2900<br>San Diego, CA  92101<br>Email: *gpuleo@duanemorris.com*<br>    *klalexander@duanemorris.com*<br>    *avillanueva@duanemorris.com*<br>    *ddoft@duanemorris.com* | Attorneys for Defendants<br>RANDY QUAID aka Randall Quaid and<br>EVGENIA QUAID aka Eugenia Quaid |
| James D. Hepworth, Esq.<br>Fidelity National Law Group<br>601 South Figueroa Street, Suite 4025<br>Los Angeles, CA  90017<br>Email: *james.hepworth@fnf.com* | Attorneys for Cross-Defendant<br>LAWYERS TITLE COMPANY |
| Andrew W. Zepeda, Esq.<br>Lurie, Zepeda, Schmalz, Hogan & Martin<br>1875 Century Park East, Suite 2100<br>Los Angeles, CA  90067-2574<br>Email: *azepeda@lurie-zepeda.com* | Co-Counsel for Plaintiffs<br>R. SCOTT TURICCHI and<br>LANNETTE C. TURICCHI |
| Susan J. Williams, Attorney at Law<br>Hennelly & Grossfeld LLC<br>10900 Wilshire Boulevard, Suite 400<br>Los Angeles, CA  90024<br>Email: *swilliams@hgla.com* | Attorneys for Cross-Defendants<br>BRUCE BERMAN and<br>NANCY GOLIGER BERMAN |

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

THE SUPERIOR COURT, STATE OF CALIFORNIA
For the County of Santa Barbara
Figueroa Division

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff,

vs.

RANDALL RUDY QUAID                DOB: 10/01/1950
AKA: RANDY QUAID
AKA: RANDAL RUDY QUAID

EVI HELLENA QUAID                 DOB: 08/02/1963
AKA: EVEGENIA HELENA QUAID

Defendants.

DA No. 10-09-254799
Court No. 1363847

**3RD AMENDED
FELONY COMPLAINT**

F I L E D
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

OCT 3 0 2015

Darrel E. Parker, Executive Officer

BY
T PALOMAREZ



The undersigned is informed and believes that:

COUNT 1

On or about September 18, 2010, in the County of Santa Barbara, the crime of VANDALISM EXCEEDING $400, in violation of **PENAL CODE SECTION 594(b)(1)**, a Felony, was committed by EVI HELLENA QUAID and RANDALL RUDY QUAID, who did maliciously and unlawfully deface with graffiti and other inscribed material, damage and destroy HOUSEHOLD FIXTURES, AND HOUSEHOLD ITEMS INCLUDING FURNITURE, FIREPLACE AND MIRROR, real and personal property, which belonged to L. TURICCHI and S. TURICCHI, in the amount of four hundred dollars ($400.00) or more.

COUNT 2

On or about September 18, 2010, in the County of Santa Barbara, the crime of UNAUTHORIZED ENTRY OF A DWELLING HOUSE, in violation of **PENAL CODE SECTION 602.5(a)**, a Misdemeanor, was committed by EVI HELLENA QUAID and RANDALL RUDY QUAID, did unlawfully enter and remain in a noncommercial dwelling house, apartment and other residential place without consent of the owner, owner's agent and the person in lawful possession thereof.

COUNT 3

On or about September 18, 2010, in the County of Santa Barbara, the crime of RESIST, OBSTRUCT, DELAY OF PEACE OFFICER OR EMT, in violation of **PENAL CODE SECTION 148(a)(1)**, a Misdemeanor, was committed by EVI HELLENA QUAID, who did willfully and unlawfully resist, delay or obstruct SBSO DEPUTIES, attempting to and discharging the duty of his/her office and employment.

1

COUNT 4

On or about November 2, 2010, in the County of Santa Barbara, the crime of FAILURE TO APPEAR WHILE ON BAIL, in violation of **PENAL CODE SECTION 1320.5**, a Felony, was committed by EVI HELLENA QUAID and RANDALL RUDY QUAID, who were charged with the commission of a felony, to wit: VANDALISM EXCEEDING $400, in violation of Section 594(b)(1) of the Penal Code of the State of California, who was released from custody on bail and, in order to evade the process of the court, willfully and unlawfully failed to appear as required.

### SPEC ALLEG - OFFENSE WHILE ON BAIL OR O.R.

It is further alleged that at the time of the commission of the above offense, the defendant, EVI HELLENA QUAID and RANDALL RUDY QUAID, was released from custody on bail or Own Recognizance in Case Number 1363847 within the meaning of Penal Code section **12022.1(b)**.

* * * * * * * *

Pursuant to penal code section 1054.5(b), the people are hereby informally requesting that defense counsel provide discovery to the people as required by penal code section 1054.3.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT CONSISTS OF 4 COUNT(S).

Executed at Santa Barbara, California, on October 15, 2015.

*Joyce E. Dudley*

LEE CARTER
SENIOR DEPUTY DISTRICT ATTORNEY

The undersigned swears that he is a peace officer for the State of California and that as part of his official duties has read and is thoroughly familiar with all aspects of the criminal complaint and the facts and information set forth in this complaint are true to the best of the undersigned's information and belief and establish probable cause for the issuance of a warrant of arrest for the defendants EVI HELLENA QUAID and RANDALL RUDY QUAID.

_____
Affiant/Officer

Subscribed and sworn to before me this 20th day of October 2015 and based on the foregoing I find probable cause exists for the issuance of a warrant of arrest for the above-named defendant and warrant is so ordered.

_____
JUDGE OF THE SUPERIOR COURT

Agency: CASO

| DEFENDANT NAME | SEX | RACE | HGT | WGT | EYES | HAIR | DRIVER'S LICENSE | STS | COURT DATE |
|---|---|---|---|---|---|---|---|---|---|
| Randall Rudy Quaid | M | W | 604 | 200 | BLU | BRO | N3535838 | | WT |
| Evi Hellena Quaid | F | W | 510 | 140 | HZL | BRO | A5784569 | | WT |
| an | | | | | | | | | |

2

## PROOF OF SERVICE

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

I declare that I am over the age of 18, employed in the County of Santa Barbara and not a party to the within action; my business address is 200 East Carrillo Street, Suite 201, Santa Barbara, California 93101. My electronic service address is judy.johnson@rimonlaw.com.

On July 30, 2024, I served the following document: **THE TURICCHIS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE QUAIDS' MOTION TO STRIKE REFERENCES TO THE JULY 28, 2014 RULING** on the interested parties in this action as follows:

| | |
|---|---|
| ☐ | By MAIL. I mailed a copy of the above-referenced document to the addressee(s) on the attached Service List. I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service. The above-referenced document was deposited with the U.S. Postal Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. |
| ☒ | By E-MAIL. I e-mailed the above-referenced document to the email address(es) on the attached Service List. A true and correct copy of the e-mail transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By OVERNIGHT DELIVERY. The above-referenced document was deposited with an Overnight Delivery Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection and overnight delivery the above-referenced document on this date at Santa Barbara, California, following ordinary business practices. A true and correct copy of the overnight delivery service transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☐ | By FAX. I faxed the above-referenced document to the fax numbers as stated on the attached Service List. A true and correct copy of the fax transmittal will be attached to the above-referenced document and produced if requested by any party. |
| ☒ | (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |

Executed on July 30, 2024.

_/s/ Judy Johnson_

1

## SERVICE LIST

*R. Scott Turicchi, et al. vs. Randall Quaid, et al.*
Santa Barbara County Superior Court Case No. 19CV06268

Randy Quaid
Post Office Box 199
Bristol, VT  05443
Email:  *eliza.george@mail.be*

Evgenia Quaid
Post Office Box 199
Bristol, VT  05443
Email:  *eliza.george@mail.be*

Andrew W. Zepeda, Esq.
Lurie, Zepeda, Schmalz, Hogan & Martin
1875 Century Park East, Suite 2100
Los Angeles, CA  90067-2574
Email: *azepeda@lurie-zepeda.com*

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/7/2020 4:10 PM
By: Terri Chavez, Deputy

Randy Quaid
Evgenia "Evi" Quaid
Pro Se
Po Box 17372
Beverly Hills CA
802-453-7250
Eliza.George@Mail.be

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

## ANACAPA DIVISION

| | |
|---|---|
| (RANDALL)RANDY QUAID and<br>(EUGENIA) EVGENIA "EVI" QUAID<br><br>Plaintiffs,<br><br>vs.<br><br>R. SCOTT TURICCHI, an indivual;<br>LANNETTE TURICCHI, an invidual;<br>BRUCE BERMAN, an individual; NANCY<br>GOLIGER BERMAN (aka NANCY<br>GOLIGER, an individual; BALTCOR<br>CORPORATION, a corporation;<br>ALEKSANDR VOLYNSKIY, an individual;)<br>ROBERT ("BOB") LAMBORN, an<br>individual: JAMES  KRAUTMANN, an<br>individual; and DOES 1 through 50,<br>inclusive,<br><br>Defendants. | Case No.  19cv06268<br><br>The Honorable Colleen K. Sterne<br> Hearing: Nov 16, 2020 at 8:30AM<br>**CROSS-COMPLAINT FOR**<br>**DAMAGES**<br><br>**1.    FORGERY**<br><br>**2.    CANCELATION OF**<br>**       INSTRUMENTS**<br><br>**3.    CONSPIRACY TO COMMIT**<br>**       FRAUD**<br><br>**4.    BANK FRAUD / MORTGAGE**<br>**       FRAUD**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed<br>11/25/2019 |

-1-

## INTRODUCTION

For Plaintiffs Cross-complaint against Defendants (defined below) alleges the following based upon Plaintiff's personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, among other things, a 2007 appraisal of the subject property of this Cross-complaint fabricated at the behest of Defendant R. Scott Turicchi and co-Defendants to defraud federal lenders; and public documents, public filings, and information readily obtainable on the Internet concerning an unfavorable criminal complaint ruling against Turicchi and his company J2 Global Inc. for their commission of fraud on customers; and the current action in Central District Court naming R. Scott Turicchi a defendant concerning alleged violations of federal securities statutes. Plaintiff believes that substantial evidentiary support exists and will exist for the allegations set forth herein after a reasonable opportunity for discovery. Plaintiffs Randy Quaid and Evi Quaid bring this Cross-complaint against Defendants, and hereby seek compensatory, and equitable relief; costs; attorneys' fees; and other appropriate and just relief resulting from Defendants' unlawful conduct. Plaintiffs therefore allege:

## THE PARTIES

1.      Plaintiff Randy Quaid is a 69 year-old man who, at all relevant times mentioned in this Cross-complaint (1989-2009) was a resident in the County of Los Angeles, State of California, and/or Texas; residing at 721 Bedford drive Beverly Hills 90210 from 1993-1999; and from 2000- 2007 residing at 1035 Summit Drive Beverly Hills California 90210.

2.      Plaintiff Evi Quaid is a 57 year-old woman who, at all relevant times mentioned in this Cross-complaint (1989-2009) was a resident in the County of Los Angeles, State of California, and/or Texas; residing at 721 Bedford drive Beverly Hills 90210 from 1993-1999; and from 2000- 2007 residing at 1035 Summit Drive Beverly Hills California 90210.

3.      Plaintiffs are informed and believe and thereon allege that Defendant Robert
Scott Turicchi ("R. Scott Turicchi") is an individual residing in Los Angeles County,
California; and R. Scott Turicchi is, and at all relevant times mentioned in this Cross-
complaint was, the president and/or Chief Financial Officer (CFO) for publicly traded
company J2 Global Inc.

4.      Plaintiffs are informed and believe and thereon allege that Defendant Lannette
Turicchi is an individual, and Lannette Turicchi is, and at all relevant times mentioned in this
Cross-complaint was, a resident in Los Angeles County, California.

5.      Plaintiffs are informed and believe and thereon allege that Defendant Bruce
Berman is an individual residing in Los Angeles County, California; and Bruce Berman is,
and at all relevant times mentioned in this Cross-complaint was, an executive for Warner
Bros Pictures and/or chairman and Chief Executive Officer for Village Roadshow Pictures.

6.      Plaintiffs are informed and believe and thereon allege that Defendant Nancy
Goliger Berman (aka Nancy Goliger) is an individual residing in Los Angeles County,
California; and Nancy Goliger Berman is, and at all relevant times mentioned in this Cross-
complaint was, a marketing executive for a major Hollywood studio.

7.      Plaintiffs are informed and believe and thereon allege that Defendant Baltcor
Corporation is a California corporation whose principal place of business is located in Los
Angeles County at 3435 Ocean Park Blvd Suite 109, Santa Monica CA 90405; and that at all
relevant times mentioned in this Cross-complaint Baltcor Corporation was a brokerage firm.

8.      Plaintiffs are informed and believe and thereon allege that Aleksandr
Volynskiy is an individual residing in Los Angeles County, California; and Volynskiy is, and
at all relevant times mentioned in this Cross-complaint was, a licensed appraiser (License
No. AL021125) of real property for Alvo Enterprise located at 12625 Lithuania Drive,
Granada Hills, California 91344.

9.      Plaintiffs are informed and believe and thereon allege that Defendant Robert
("Bob") Lamborn is an individual residing in the County of Santa Barbara; and that Lamborn
is, and at all relevant times mentioned in this Cross-complaint was, a real estate broker
licensed with the State of California Bureau of Real Estate (License No. 00445015).

-3-

10.     Plaintiffs are informed and believe and thereon allege that defendant James Krautmann is an individual residing in the County of Santa Barbara; and that Krautmann is, and at all relevant times mentioned in this Cross-complaint was, a real estate broker licensed with the State of California Department of Real Estate (License No. 01468842) and an agent of Sotheby's International Realty.

11.     Plaintiffs are informed and believe and thereon allege that they are ignorant of the true names and capacities of the defendants named as DOES 1 through 50 and therefore sue these defendants by fictitious names, pursuant to Section 474 of the California Code of Civil Procedure. Plaintiffs are informed and believe, and thereon allege, that each fictitiously-named Defendant participated in, contributed to, or was in some way responsible for the matters complained of herein. When the identities and the exact nature of such fictitiously-named defendants' participation in and contribution to these matters are ascertained, Plaintiffs will amend this complaint to set forth the same.

12.     Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of the Defendants named in Paragraphs 3 through 10 was in some manner legally responsible for the events alleged in this complaint and for Plaintiffs' injuries and damages.

13.     Plaintiffs are informed and believe and on that basis allege that at all times pertinent to this action, Does 1 through 50 acted as the agents, servants or employees of one or more co-defendants, and at all times were acting within the course and scope of such agency and/or employment, and that each Defendant approved or ratified the acts of one or more co-defendants.

## FACTUAL ALLEGATIONS

14.     Randy Quaid is an award winning Actor in the entertainment business. Since 1970 he has performed in approximately 150 films and television productions, including voice-overs for animated works, radio productions, book narrations, as well as the voice/ spokesperson for such well-known brands as Miller Beer, KFC, US Air and Capital One credit card commercials from 2003-2010. Randy Quaid's body of work spans a very active forty-year career, including his role as Colonel Tom Parker for CBS in 2005; the 2007

-4-

Warner Brothers Milos Forman film with Quaid portraying the king of Spain; and for Warner

Brothers, its very popular *"Vacation"* franchise. In fact, Randy Quaid's first day of work in

Hollywood was on a Warner Bros sound stage in 1971.

15.    Plaintiff Evi Quaid is a filmmaker whose work has been screened at the

Toronto film festival and starred such famous actors as Michael Cain, Randy Quaid and

Alison Janney. She is also a successful photographer with a 2005 one-woman show to her

credit in the highly esteemed Mak Museum in Vienna, Austria. Evi also collaborated with

legendary photographer Helmut Newton on a series of photographs that remain on permanent

exhibition in the Helmut Newton Museum in Berlin and Paris. Evi is a published author, a

writer of articles for prominent style magazines and she was a contributing editor for Vogue

Magazine. Her homes and personal style have been featured in Vogue numerous times.

16.    Plaintiffs took ownership of title for and interest as joint tenants in real

property located at 1357 East Mountain Drive in Montecito, California 93108 (the "East

Mountain Property") upon the power and authority of Grant Deed 89-071461 recorded in the

office of the Santa Barbara County Recorder on October 25, 1989. The East Mountain

Property is described as:

> That certain tract of land in the County of Santa Barbara, State of California,
> shown and designated as Parcel "A" on Parcel Map No. 11669 filed December
> 22, 1972 in Book 11, Page 30 of Parcel Maps in the office of the County
> Recorder of said County.

A Certified Copy of Plaintiff's Grant Deed 92-002539 is attached hereto as **Exhibit A.**

17.    Plaintiffs are informed and believe and thereon allege that their correct Deed

of Trust is currently undocumented in the Santa Barbara County Recorder's Office files. A

Deed of Trust 89-071462 in favor of Chase Manhattan Financial Services, Inc., is on file,

however it does not represent Plaintiff's true mortgage note. A certified copy of Deed of

Trust 89-071462 is attached hereto as **Exhibit B**. Plaintiffs did not have a Chase mortgage. In

2012 Plaintiffs subpoenaed JPMorgan Chase records for evidence of a mortgage account

attached to Deed of Trust 89-071462. Chase could locate no such account. A true and correct

copy of JPMorgan Chase letter responding to Plaintiff's subpoena is attached hereto as

**Exhibit C.**

18.     Plaintiffs are informed and believe and thereon allege that in 1992 when the East Mountain Property transferred from Quaid to Defendants Bruce Berman and Nancy Goliger Berman it was delivered with a forged Grant Deed 92-002539, a void instrument with no power or force to convey good title either to a second or to a third party. A certified copy of the Quaid-Berman Grant Deed 92-002539 is attached hereto as **Exhibit D**. This document was forged by Bruce Berman and Nancy Goliger Berman who then, with malicious intent, caused Grant Deed 92-002539 to be recorded into the Santa Barbara County Recorder's Office on January 15, 1992, thereby conveying to themselves for their own self-enrichment the East Mountain Property. Plaintiffs never acknowledged their signatures before a notary public or other officer authorized to take acknowledgments and never authorized any person to insert the name of a grantee in said Grant Deed. California caselaw is well settled that an instrument for transfer of real property, forged and recorded into the public records is a void document and thus is precluded from delivering good title. See *Trout v. Taylor*, 32 P.2d 968, 970.(Cal. 1934). A handwriting analysis of the Plaintiffs signatures on Grant Deed 92-002539 reveals the "Eugenia H Quaid" signature to be a forgery. A true and correct copy of the handwriting analysis of Eugenia H Quaid signature is attached hereto as **EXHIBIT E**. A second analysis performed by one of the most highly respected real estate document analysts in the country, Marie McDonnell, also concluded that both Plaintiff's alleged "signatures" are forgeries. McDonnell who trains FBI agents in her very specialized field states in her analysis of Plaintiff's recorded documents:

> Over my twenty-eight (28) years in practice, I have developed an expertise in identifying forged signatures on real estate transaction documents. In my opinion, the Quaid's signatures on the Grant Deed dated November 11, 1991, recorded in the Official Records of Santa Barbara County on January 15, 1992 as Document #92-002539 are not genuine. I drew this conclusion after examining a number of other documents that the Quaids signed during that period of time. .

> In addition, I find that the facts simply don't add up. The Quaids paid $1,350,000.00 to purchase the Property on October 23, 1989. They made a $350,000.00 cash downpayment and financed the balance with a purchase money mortgage loan in the amount of $1,000,000.00. The Quaids had

-6-

extreme pride of ownership, so much so that their Property was featured in the
May 1993 edition of House & Garden.

The alleged sale of the Property to the Bermans on November 11, 1991 for
$1,100,000.00 would mean that the Quaids took a loss of $250,000.00 in
downpayment funds, over $228,000.00 in monthly mortgage payments, and
all the money they invested in improving the Property during a period in time
when California real estate was appreciating at a rapid rate.

19.     Plaintiffs are informed and believe and thereon allege that, like the Berman
forged Grant Deed, the Berman Deed of Trust 92-002540 is a void document executed in
favor of Crossland Savings, which purports to stand for a promissory note to lien the East
Mountain Property with a mortgage in Defendant's name. A certified copy of Berman Deed
of Trust 92-002540 is attached hereto as **Exhibit F**. This Berman Deed of Trust contains an
incorrect Parcel Map Number ("PMN") for the East Mountain Property. The PMN here
reads: 11,699 when it should read: 11669, the number used to identify the parcel since its
creation. The Berman PMN also has a comma inserted, which is uncharacteristic of parcel
map numbers. The Berman Deed of Trust represents a loan for a parcel that does not exist in
Santa Barbara County. Also, the "Trustee" identified in this 1992 document is "SMS Trust
Deed Service, A California Corporation"; however the California Bureau of Real Estate
licensing information for SMS Trust Deed Service shows the company's license to have
expired three years before the Berman Deed of Trust 92-002540 was ever created. A true and
correct copy of the California Bureau of Real Estate license information for SMS Trust Deed
Serviceis attached hereto as **Exhibit G**.

20.     Plaintiffs are informed and believe and thereon allege that when the Bermans
took the East Mountain Property they did so with the conspiratorial participation of Robert
(Bob) Lamborn and Edward Fisher Brown, two agents with Pitts-Bachmann Realty, since
acquired by Sotheby's Realty. Together Lamborn and Brown represented both sides, "seller"
and "buyer", without obtaining a waiver from Plaintiffs, as required by law, and without
Plaintiff's permission to act on their behalf.  Plaintiffs signed no Purchase Agreement with
the Bermans or with any other party for the purpose to sell their property.

-7-

21.     Plaintiffs are informed and believe and thereon allege that a fraudulent Equity Title Company ("ETC") escrow was created, organized and performed specifically for the purpose of aiding and abetting a scheme to convey the East Mountain Property from Quaid to the Bermans. A dummy escrow account was set up at a California United Bank branch in Encino, California.

22.     Plaintiffs are informed and believe and thereon allege that the Bermans' co-conspirators created multiple fraudulent documents for their purpose, in addition to the Berman forged Grant Deed and Deed of Trust. For instance, Plaintiffs believe that the fake Deed of Trust 89-071462 in favor of Chase Manhattan Financial Services, Inc. was fabricated during this escrow to falsely represent Plaintiff's note. This Deed of Trust purports Plaintiffs had a Chase Manhattan Financial Services, Inc loan, but Plaintiffs had a City National Bank ("CNB") mortgage loan secured at CNB's branch in Westwood, California, right across the street from Plaintiff's business manager. The Chase Deed of Trust document also does not indicate an interest rate or a term of life for the loan.

23.     The records show that the purported Chase Deed of Trust was allegedly assigned to Citibank, NA. A certified copy of Assignment 91-046510 is attached hereto as **Exhibit H**. It shows a "loan number" in the top center of the document, however Citibank orally informed Plaintiffs that this couldn't be a Citibank loan number because their loan numbers have more digits. What is odd is that an Equity Title escrow officer fabricated a document alleging he or she was in communication with Chase concerning the paying off of Plaintiff's "note". If the "note" had truly been assigned to Citibank the escrow officer would have been settling with Citibank, not Chase.

24.     Plaintiffs are informed and believe and thereon allege that Plaintiff's Substitution of Trustee and Full Reconveyance 92-083943 was also a product of the fraudulent Quaid-Berman escrow and is therefore a fake document. A certified copy of Sub Trustee 92-083943 is attached hereto as **Exhibit I**. It was fabricated on January 30, 1992, fifteen days after the close of the purported "escrow". Most astonishing, this alleged Substitution of Trustee was not recorded until October 23, 1992, nine months later. The document alleges the Plaintiff's mortgage "note" is being paid off to Citibank, not to Chase.

-8-

The ETC escrow officer can not be sending Berman's money to two different lenders. This
Sub Trustee is also mailed to an address, 10960 Wilshire Blvd #938 in Los Angeles,
California, where Plaintiffs did not receive mail and had no connection to at the time. That
particular address was Plaintiff's ex-business manager's old address. The business manager,
Warren Grant, had moved offices a year earlier in 1991. If the Berman escrow had been
legitimate and if Plaintiffs had been truly involved, all correspondence and documents from
the escrow officer would have gone to their business manager's correct address. Substitution
of Trustee, and Full Reconveyance 92-083943 is a fraudulent document.

25.     The 10960 Wilshire address is in fact also in the address history of Defendant
R. Scott Turicchi's company, J2 Global Inc.

26.     Plaintiffs are informed and believe and thereon allege that their true mortgage
loan with CNB has been papered over in the county records to conceal the fact that Plaintiffs
continued to pay off their loan for years after Bruce Berman et al stole the East Mountain
Property from them, thus misusing Plaintiffs' identities and damaging their credit reports.
Plaintiffs possess evidence that they were paying off their East Mountain Property mortgage
to CNB and their property tax at least until September of 1995 followed by a full cash payoff
of their City National Bank mortgage on December 26, 1995 with a CNB cashiers check for
$934,732 dollars and 75 cents. (The same year Bruce Berman produced Vegas Vacation
starring Randy Quaid)

27.     Plaintiffs are informed and believe and thereon allege that the Bermans used
Plaintiffs as unwitting participants in a real estate scheme to defraud Plaintiffs, and that
Plaintiffs continue to be damaged by Berman's recordation of forged and fabricated
documents into the public records. Such damage is evidenced by Defendants Turicchi's
vexatious, meritless lawsuits and other alleged acts to have been unlawfully committed by R.
Scott Turicchi and all of the Defendant's named herein.

28.     In 1984 Defendant Bruce Berman, according to his bio, was recruited by
Warner Brothers Pictures as a vice president of production, and in 1987 was promoted to
senior vice president of production. He was named president of theatrical production in 1989
and president of worldwide theatrical production in 1991. Berman currently serves as

-9-

Chairman and CEO of Village Roadshow Pictures, an affiliate of Warner Brothers Pictures.
During his long tenure with Warner Bros and Village Roadshow Bruce Berman either
produced or oversaw production on a number of films that included Randy Quaid in the cast.
His privileged position at the studio allowed Bruce Berman access to Quaid's personal
information, including his Social Security Number, his W2's and pay stubs.

29.    Plaintiffs are informed and believe and thereon allege that in the summer of
2007, and fifteen years after the Bermans' recordation of forged Grant Deed 92-002539,
Bruce Berman et al, then doubled-down on their fraudulence and criminality to conspire with
defendants R. Scott Turicch to take the East Mountain Property for a mutually agreed upon
overvaluation / "sale" price of approximately $5.4 million dollars, a price that, in 2007, was
at least two times the property's true market value, even at the apex of the burgeoning real
estate market.

30.    A Beverly Hills-based ring of realtors, appraisers, mortgage brokers and
escrow officers had recently been convicted of defrauding lenders out of $46 million dollars
from 2000 to 2007. A Los Angeles Times article quoting the authorities who busted the ring
describes the fraudsters simple plan: buy an inexpensive house in an exclusive neighborhood
at market value; fabricate paperwork showing the houses to be worth two or three times as
much; then secure loans based on the inflated numbers. Prosecutors say the perpetrators
recruited real estate agents to find properties, falsify listings and negotiate sales. They also
enlisted two appraisers to inflate the houses' values by jacking up the comparable sales
figures from other transactions in the same areas as the targeted properties. A true and correct
copy of the Los Angeles Times article is attached hereto as **Exhibit J**.

31.    Plaintiffs are informed and believe and thereon allege that the very same
scheme was being hatched in Montecito in the summer of 2007 involving the East Mountain
Property.

32.    After agreeing on an overvaluation "sale" price of $5.4 million dollars with
Bruce Berman, R. Scott Turicchi then arranged for an out-of-town appraiser to be bribed for
the purpose of performing, fabricating and falsifying an appraisal for the East Mountain
Property to make it appear as if the Berman property was worth over $5.4 million dollars,

-10-

thereby inflating its true market valuation of approximately $2.8 million dollars by at least two times its actual value in 2007.

33.     Plaintiffs are informed and believe and thereon allege that the appraiser R. Scott Turicchi bribed, Defendant Aleksandr Volynskiy of ALVO Enterprise, Inc., has previously engaged in and been sanctioned by the California Bureau of Real Estate Appraisers ("CBREA") for overvaluing property. A true and correct copy of Volynskiy's CBREA violations and disciplinary action is attached hereto as **Exhibit K**. At the time of the Turicchi appraisal in June 2007 Mr. Volynskiy had been a real estate appraiser for at least five years, however, he was issued citations and fined by the governing Board for the State of California Appraisers for failure to accurately report key physical characteristics of the subject property; commission of a series of errors in the Cost Approach and Sales Comparison Approach, resulting in an overvaluation; (along with other offenses).

34.     Mr. Volynskiy's place of business is located in Granada Hills, California. It is common practice for real estate appraisers to work within certain geographical areas such as a particular city. In performing a simple internet search for "real estate appraiser Montecito, California", Plaintiffs found 6 companies within a 10 mile radius. The City of Grenada Hills is approximately 76 miles away from the East Mountain Property. Performing the same search over the entire route from Granada Hills to the East Mountain Property, Plaintiffs found more than 30 different appraisal companies. Why was Volynskiy used?

35.     Plaintiffs are informed and believe and thereon allege that Volynskiy was used because of his overvaluation history and for willingness to be bribed to fabricate an appraisal report to match Turicchi's and Berman's agreed upon $5.4 million dollar targeted "sale price". Volynskiy accomplished this goal on behalf of R. Scott Turicchi and Bruce Berman by willfully and intentionally distorting his sales comparison analysis, jacking up the comps, and using the valuations of much higher quality properties for comparisons of value to the East Mountain Property. A true and correct copy of the Turicchi / Volynskiy Appraisal Report is attached hereto as **Exhibit L**, pages 1 through 27 inclusive plus cover letter, invoice, and title page.

-11-

36.     The cover letter of Defendant Volynskiy's report indicates that the appraisal was prepared for Baltcor Corporation, a brokerage firm located in Santa Monica, California; and that the appraisal was performed by Volynskiy, and that Turicchi is identified as the recipient of services rendered. Volynskiy then addresses his letter to "Dear Broker" presumably a Baltcor employee, but he does not provide the identity of the "Broker", the alleged recipient of his letter. On its face, Volynskiy's appraisal report appears to be professionally executed, replete with measurements and dry comments and opinions about various features of the East Mountain Property, but closer scrutiny reveals material evidence to expose and condemn the report's fraudulence. At one point Volynskiy even goes so far as to describe the Berman tract house as a "mansion".

37.     When Berman took Plaintiff's property it had approximately 1700 square feet of habitable space ("the Quaid version") as indicated by a 1989 MLS. A true and correct copy of 1989 MLS with picture of Plaintiff's house is attached hereto as **Exhibit M**.  According to Defendant Robert Lamborn's own listing dated October 3, 2005 Berman tacked on another 650 square feet, two bedrooms and a bath, for a total of 2350 square feet of habitable space. The Berman structure Turicchi bribed Volynskiy to appraise was not a mansion; far from it; the Berman version was a tiled-roof tract house with a carport consisting of approximately 2350 square feet on .8 acres, less than Plaintiff's one whole acre. A tract house with a one-car carport on a sloped hillside is not a mansion.

38.     In April 2010, Plaintiffs were informed by their ex-business manager, Warren Grant, of Grant Tani and Barash & Altman in Los Angeles, that the East Mountain Property had not been sold by him to Berman in 1992, stating to Plaintiffs, "I had nothing to do with the sale of your house in Montecito; I did not sell it."  Plaintiffs, knowing they had not been involved in a sale and had signed no document or spoken to any realtor had always assumed Warren Grant had taken care of it, but now in 2010 he was saying to them that no sale had occurred at all. Plaintiffs did not sell their Montecito property to Bruce and Nancy Berman.

39.     Plaintiffs had gone to Warren Grant their ex-business manager because of their concern they had become victims of identity theft in Santa Barbara County where they had lived from 1989-1992. The San Ysidro Ranch Hotel where Plaintiffs were married had recently fraudulently overcharged a valid credit card Evi Quaid was using with multiple charges totaling $240 thousand dollars for a $10 thousand dollar hotel bill. She wasn't the card's debtor; Evi Quaid's name was on the card as an authorized user. A true and correct copy of the San Ysidro Ranch Hotel credit card overcharges is hereto attached as **Exhibit N**. This event with the hotel coupled with Plaintiff's recently acquired knowledge that the East Mountain Property had been listed on the market in 2003 for the inflated asking price of $7 million dollars when Plaintiffs knew it to be worth far less than half that amount caused concern Plaintiffs were being unfairly exploited in Santa Barbara County. The news from the business manager greatly added to this concern.

40.     Being informed that the East Mountain Property never sold and believing the information from Warren Grant to be true and factual, Plaintiffs immediately, in April 2010, started an investigation to fully understand and to resolve the disturbing disconnect between their belief the property had been sold in 1992 and Warren Grant's stunning revelation that the property had not been sold. Plaintiffs intended to use, if appropriate and necessary, the information gleaned from their investigation to invoke the usual and ordinary processes of the law.

41.     Shortly after meeting with Warren Grant in April 2010 Plaintiff Evi Quaid visited Defendant Bruce Berman at his Beverly Hills office. When Evi Quaid announced herself to the receptionist she was shown straight away into Berman's office. Upon seeing her Bruce Berman immediately threw his hands into the air in mock surrender, stating, "I never moved in, I never changed the utilities, I only removed the mailbox." At no time during this meeting did Berman deny that he had put the East Mountain Property into his name or inform Plaintiff that he had conveyed the East Mountain Property to Defendants Scott Turicchi and Lannette Turicchi.

42.     Shortly after the meeting with Berman, Plaintiffs went to inspect the East Mountain Property itself. From the street the place look abandoned, the front yard was overgrown with weeds; junk was strewn about. Even though a cupola had been constructed on top of it and a single-car carport now abutted the east side of the house the main dwelling structure still retained its original tract-house character and was very recognizable as the one Plaintiffs had purchased in 1989 through a local realtor, Gary Peters. The rooms that were visible from the street were devoid of furniture or any other items required to make the space habitable. The front yard was still the same thin strip of ground sloping from the road to the walkway leading to the front door. The walkway's original footlights had been exhumed and lay on the ground rusted and bent. Newer fixtures had been installed to replace them, so it was odd that the old ones would still be lying about. Plaintiffs also noticed the address, "1355". Plaintiffs address was 1357.

43.     Contrary to Bruce Berman's assertion that he'd removed the mailbox one stood near the front gate. Inside it a partition separated the one box into two separate spaces for receiving mail. A notice read:

ATTENTION MAIL CARRIER THIS ADDRESS IS CURRENTLY

VACANT DO NOT PLACE MAIL IN THIS BOX. VACANT!

A true and correct copy of the mailbox notice is attached hereto as **Exhibit O**.

44.     Based on the statement from their ex-business manager that the the property was never sold to Bruce Berman, and based on Berman's own statement to Plaintiffs that he never moved in and never changed the utilities, and being unaware of the Turicchi's interest in the property, Plaintiffs formed an honest and reasonable belief they could be exposed to potential liability concerning the property's safety or lack thereof and believed they had a color of right to investigate.

45.     Plaintiffs took photographs of the property's condition. They went around to the rear of the house and discovered the backyard area's condition to be even more derelict than the front. A room had been added to the rear of the kitchen. The neglected grounds consisted of splotches of grass interspersed with dried mud. Plaintiff's old outdoor furniture

still sat in the yard, sinking six inches into the dried mud, rotting from disuse. Plaintiff's outdoor wooden bench had been haphazardly tossed on its end into some dead shrubbery. Legally protected oak trees had been removed. The neglect to the structure itself was painfully obvious; the workmanship quality of the add ons was so poor it could not have been done in compliance with a building code, as evidenced by the illegal removal of two oak trees that once grew through the rear deck. Deep cuts from an electric saw scarred the deck flooring; a dangerous step-down situated at the rear doors awaited someone's falling and being injured. Looking through the glass doors and windows that lined the rear of the house there was no visible sign of furniture in any of the rooms. There was no indication that anyone had spent any time there or made an effort to make the place habitable in the last eighteen years. On the west side of the house black sheets of plastic tarp protruded from the base of a crumbling foundation. On the east side Plaintiffs made a curious discovery:  an electrical wire running from the house to the next door neighbor's property, as if the neighbor were using the East Mountain house as an off-grid source of power. Fetid brown water filled half of the deep end of a small neglected pool, making it look more like a cess pool or septic tank hole. The pool area was fenced in with cheap, rusted rebar. A pile of old rusted locks and door knobs sat in a box on the ground. Plaintiffs old mailbox had been removed like Berman said and sat on a bench near the locks. Slugs and snails crawled around everywhere. Discarded fire pots filled with oil lay in a heap in a corner of the yard. The place was a dry, gross, dangerous mess. A pool house had been constructed. Leaning against the tree in front of the pool house stood a sign that read:  "Casa Berman". Plaintiffs possess high resolution photographs to verify the specific descriptions in this paragraph, which will be presented at trial. One of these photographs, a composite of a before and after still shots. The "before" photo shows two oak trees growing through the rear checkered decking; a step-down is seen at the base of the trees. The 2010 "after" photo shows the same step-down with the trees removed, their holes patched over and electric saw marks scarring the deck. With the illegal removal of the protected oak trees the step-down becomes a dangerous building code violation right at the foot of the rear doors. Also, the checkered paint is removed, leaving weather beaten decking. A before-and-after composite photograph of the East Mountain

-15-

Property taken in April 2010 is attached hereto as **Exhibit P**. The checkered deck was painted when Plaintiffs owned the property; it was a design created by Evi Quaid. Defendant Robert Lamborn used this "before" photo of the checks with the trees in his subsequent listings for the property starting in 2003, after the trees had already been removed and the deck repainted.

46.     Seeing the place so neglected, its protected oak trees removed and the fire pots lying about in such hazardous dry conditions Plaintiffs immediately decided to report these things to the Montecito Fire Department. Plaintiffs feared endangering lives, homes and pets in the neighborhood and believed making authorities aware of the property's condition was a responsible and reasonable thing to do. Plaintiffs met with the fire chief.

47.     Plaintiff Evi Quaid then met with local Montecito realtor Frank Abetamarco who confirmed to her that the East Mountain Property had been "abandoned for years". Abetamarco's comments to Evi Quaid supported plaintiff's own observations of the property.

48.     Plaintiffs are informed and believe and thereon allege that after Turicchi took possession in 2007 Berman continued to have a connection to the property. It is odd that three years after taking ownership Turicchi continued to have a "Casa Berman" sign prominently displayed in front of the pool house. The double-slotted mailbox on the street and Plaintiff's old mailbox sitting on the bench in the back yard raised questions about Bruce Berman's motive for removing it. Plaintiffs wondered if he had taken out the box to divert their mail or to control specific mailings concerning their CNB mortgage or government notices to Plaintiffs about the property, and if its removal had something to do with their identity being misused in the county. The two slots in the mail box on the street, the two sets of footlights along the front walkway, the pile of rusted locks, Bruce Berman's protest that he never changed the utilities — these were curiosities to say the least and raised a lot of questions for Plaintiffs. It was as if their old footprint to the property had continued to be utilized as a papered-over, parallel identity running in tandem with Berman's "ownership". Even today, Turicchi has two gates leading into the property with a different address at each one: "1357" and "1355".

49.      On page 23 of his June 2007 report Turicchi's appraiser, Volynskiy, has included a photo of the exterior of a "guest house". It is actually a picture taken of another property entirely. In reality the property's only auxilary structure is the Berman pool house and it looks nothing like Volynskiy's photograph. The pool house had problems of its own since it contained an illegal kitchen; it still does. It is a violation of Montecito's zoning ordinance to have a kitchen in any auxillary structure away from the main house. Such a kitchen is considered to be a fire hazard. In 2000 Berman signed and caused to be recorded into the Santa Barbara County records an agreement ("Agreement") with the Montecito Sanitary District. A true and correct copy of Berman's Residential Sewer Service Agreement For New Auxillary Structures 2000-0028756 is attached hereto as **Exhibit Q.** Clause 7 of the Agreement**,** paragraph b, clearly states:

> (The pool house) . . . shall not at any time be equipped with any food preparation facilities . . . nor shall it at any time be converted from an auxiliary structure to a 'dwelling unit' . . . without the issuance of a new permit.

Plaintiff's can find no subsequent permit allowing the pool house to be converted into a guest house. Berman installed a kitchen in violation of his Agreement's Clause 7b. When the property transferred to Scott Turicchi et al they inherited the illegal kitchen from Berman. The pool house is no guesthouse.

50.      When Berman installed the tiny swimming pool he surrounded it with cheap rebar fencing. Photograph showing rebar around pool will be shown at trial.. Yet, on page 24 of Volynskiy's report a picture of the swimming pool area reveals the Volynskiy fence to have been photoshopped with an entirely different fence replacing the rusted rebar, thereby creating a fence that appears more presentable and more expensive.

51.      The East Mountain Property sits on sloped terrain, yet a Volynskiy photo of the front yard on page 24 in the report flattens the thin strip of grass to make it look more desirable to purchasers.

52.      Plaintiffs before-and-after photo in Exhibit P taken from their inspection of the property in April 2010, described in Paragraph 44, show clearly that what Turicchi

-17-

purchased was not a "mansion", but a tract house consisting of shoddy workmanship, its quality more consistent with the cobbled-together construction of a temporary movie set.

53.     Most egregious of all are Volynskiy's choices of properties for his "comparable" market valuations. Volynskiy's alleged comparables are all properties that are at least double in class above the Berman version; a couple of the properties are three valuation categories above, actual mansions with real garages and reasonably valued in 2007. Such a property is 1478 East Mountain Drive, described in Volynskiy's report near the top of Page 8 and pictured on Page 27. Plaintiff provides a current color photograph of the property to show more clearly its features; it's virtually the same structure it was in 2007. See photograph of 1478 East Mountain Drive attached hereto as **Exhibit R**. This property is a prime example of Hollywood Regency architecture, built in 1960 on the higher north side of East Mountain Drive, the more desirable, more valuable side for its ocean views; 8,000 square feet on 2.5 acres; it's a true mansion. The Berman version is far outclassed here; 1478 East Mountain Drive has over twice the square footage and three times the acreage. In November 2006, eight months before the Berman/Turicchi transfer, this property sold for $6.2m. In January 2005 it had sold for $5.9 million dollars. By contrast, in 2005 Bruce Berman was trying to unload his tract house "mansion" with a carport for $6.4 million. A true and correct copy of the Berman's listing history with the 2005 SBMLS #05-3744LS listing at $6.4 million dollars is attached hereto as **Exhibit S**. 1478 East Mountain Drive is not a genuinely comparable property to Berman's and Volynskiy should not have used it in his report.

54.     On page 26 of the appraisal report is a Volonskiy photo of another so-called "comparable", located at 1506 East Mountain Drive, which he describes at the top of page 8. A current photograph of this property is also provided for clarity; its structure is virtually unchanged since 2007. See photograph of 1506 East Mountain Drive attached hereto as **Exhibit T**. It is a 3700 square foot villa on 2.63 private, flat acres; completely renovated in 1995; stunning architectural integrity, positioned on the north side of East Mountain Drive with phenomenal ocean views, beautiful, mature landscaping. This is not a genuinely comparable property for Berman by any stretch of the imagination; it is three times the

-18-

property; and so is its sale price of $6.2 million justified in January 2007. Volynskiy here is willfully participating in the Turicchi/Berman conspiracy by trying to place the Berman tract house version, with no ocean view and no flat lot, alongside real mansions to make it appear far more valuable than it really is knowing that lenders require appraisals before approving loans. All of Volynskiy's assertions about his other pseudo-comps are just as disingenuous and fraudulent.

55.      To find true 2007 comparisons to the East Mountain Property one has to look outside the fraudulent examples in Volynskiy's report. For instance, there's a property located at 800 Hot Springs Road that's situated two lots over from the East Mountain Property. See photograph of 800 Hot Springs Road attached hereto as **Exhibit U**. Like the Berman version, it's a high-end tract-house, but with 25% more habitable space, 3000 square feet. It sits on 1.2 acres (a 50% bigger lot). Mature gardens; ocean views. In 1989 800 Hot Springs sold for $1.3 million, the very same year Plaintiffs purchased East Mountain for $1.35 million. 800 Hot Springs then sold in 2009 for $2.5 million; and in 2014 for $2.8 million. It is not possible that 800 Hot Springs could have sustained a $5 million dollar market valuation in 2007 even at the height of the housing bubble; and it is not possible the Berman version did either as Volynskiy's report falsely concludes.

56.      For a more up to date comparison, another example that's not included in the Volynskiy report, is 999 Hot Springs Road, once owned by Kenny Loggins ("the Loggins house"). This property is situated on the more desirable north side of East Mountain Drive with private access; it's practically right across the street from Turicchi's 2011 structure. The Loggins house sits on a 300% larger lot - 3.17 aces: 4,000 square feet of habitable space; major ocean views; pool with its own natural hot springs; neighbors are Jeff Bridges and Michael Douglas. [1] The Loggins house was built in 1977; it was designed by a notable

---

[1] The neighbors are relevant here because on page 1 of Volynskiy's report "Content Addendum" under the heading "Addendum 1 - Neighborhood Description and Characteristics" Volynskiy states that Montecito is "home to many celebrities; yet he fails to mention the subject property he's appraising was once owned by a celebrity, Randy Quaid, or that the property had been the backdrop in stories about Randy and Evi in People Magazine and House and Gardens.

architect, Geoff Holroid, who has designed houses for Billy Ray Cyrus and the Kardshians. It
sold in May 2017 for $3.8 million (before the mudslides).

57.    Yet, Turicchi's property is currently assessed at $6.3 million dollars in the
current county Assessor's Property Details report which indicates the Turicchi dwelling
structure to have 3000 square feet. A true and correct copy of the Santa Barbara County
Assessor's Property Details report is attached hereto as **Exhibit V**. The only reason for the
Assessor to tolerate such an overvaluation for the Turicchi property would likely be the $70
thousand dollar property tax bill that comes with the inflated Turicchi assessment. Either the
Assessor's exorbitant assessment demonstrates a conflict of interest between its mandate to
fairly assess property versus its function to fund the county's public services or Turicchi has
snowed the Assessor with his fraudulent appraisal in order to camouflage his ongoing scam.

58.    Returning to Volynskiy's comps, the ones he uses are far superior properties,
two even three times more valuable, when compared to the 2007 Berman version, and even
to the latest Turicchi version. The Turicchi / Volynskiy appraisal report is a fabricated and
fraudulent overvaluation of a tract house.  If Turicchi had been a real buyer in the 2007
market, looking for a genuine $5.4 million dollar property, he would have been shown the
very same properties Volynskiy used for his most superior "comparables" featuring classic
architecture, solid construction, more acreage, more square footage, ocean views; in short,
world class Montecito properties, everything the Quaid / Berman / Turicchi versions are not.
Or for $2.6 million dollars Turicchi could have purchased SBMLS #06-968, 1075 Cold
Springs Road, which was on the market in June 2007 with its ocean views, a much newer
structure, 5000 square feet, 4 bedrooms on one whole acre, not on an access street. See
photograph of 1075 Cold Springs Road attached hereto as **Exhibit W**.

59.    Plaintiffs are informed and believe and thereon allege that Volynskiy ignored
in his report the most recent sales history of the East Mountain Property — Jaffe to Quaid /
Quaid to Berman — $1.35 and $1.1 respectively. By omitting the most recent sale prices for
the property Volynskiy raises a red flag concerning his report's integrity.

60.    In 2003 Bruce Berman and his realtor, Defendant Robert ("Bob) Lamborn, put
the East Mountain Property on the market, listing it for an asking price of $7.4 million, three

times its true market value. See Berman SBMLS ##03-3321 listed at $7.4 million dollars in Exhibit S. Plaintiffs allege this listing was used by Lamborn and Berman to start laying in the groundwork to defraud lenders into believing the Berman tract house actually merited such a multi-million dollar valuation. When it didn't sell Berman and Lamborn renewed the listing on October 3, 2005, reducing the overvalued asking price to a lower overvalued asking price - $6.4 million.

61.    Plaintiffs are informed and believe and thereon allege that Santa Barbara / Los Angeles real estate agent, Defendant Robert ("Bob") Lamborn, was the listing agent for "seller" Berman in the 2007 Berman/Turicchi appraisal scam; that he was a willful and knowing participant, that Lamborn knew the true value of the East Mountain Property, yet conspired with Bruce Berman, R. Scott Turicchi, Turicchi's real estate agent, Defendant James Krautmann, appraiser Aleksandr Volynskiy, and at least one escrow officer and, with a reasonable assessment of the facts alleged herein, a title insurance officer, and possibly others, to achieve their common goal to defraud federal lenders by concealing the true valuation of the East Mountain Property so Turicchi and Berman and their co-conspirators could enrich themselves, and so the realtors could receive higher commissions than they would have received had the appraisal been legitimate. Lamborn's function in the scam was to select the properties for Volynskiy to use for his comps since Volynskiy was from out of town and unfamiliar with the market valuations in the Montecito area. One such "comparable" was actually a Lamborn listing, pictured on Page 27 and described in the middle of Page 8 in Volynskiy's report as 660 El Bosque Road. A current photograph of this property is also provided for clarity; its structure is virtually unchanged since 2007. See photograph of 660 El Bosque Road attached hereto as **Exhibit X.** This particular property is worth examining more closely, not only because it was an actual Lamborn listing in 2007, but also because even a cursory examination fatally condemns the Volynskiy appraisal to be a gross violation of the Sales Comparison Approach for determining true market value for the purpose to commit fraud.

62.    In 2007 660 El Bosque Road, was a Lamborn phantom listing with a January 2007 asking price, not sale price, asking price of $5.8 million. Volynskiy describes this

property as representative of " . . . current market in Montecito area . . ." and  " . . . similar to the subject (the Berman version) in most aspects and therefore given significant consideration." (Parentheses added.) However, this particular listing does not represent the "current market" since licensed appraisers are not allowed to use asking prices for their comparisons, only actual sale prices. Even though the 660 El Bosque Road property has the same lot size as the East Mountain Property, its dwelling structure leaves the Berman version in the dust value-wise with 6,100 square feet of habitable space on a flat lot, all usable, swimming pool, 5 bedrooms, 7 baths and a current 2020 asking price of $4.8. Plaintiffs refer here to 660 EL Bosque Road as a "phantom" because Lamborn, since it was his listing, could insert any asking price he wanted Volynskiy to use. A couple of months later, only three days after the Turicchi Grant Deed and Deed of Trust were recorded into the county records on August 21, 2007 and all was said and done with the Turicchi-Berman appraisal scam, Lamborn took his 660 El Bosque Road listing off the market. MLS records show that 660 El Bosque didn't sell until eight years later in 2015 for $4.5 million after being listed nine different times with multiple renewals. A true and correct copy of 660 El Bosque Road's MLS history with Lamborn's August 24, 2007 removal is attached hereto as **Exhibit Y**.

   63. Plaintiffs are informed and believe and thereon allege that the Berman second-rate add ons to the East Mountain Property were not sufficient to justify an increase in the property's 2007 market valuation to $5.4 million dollars from Plaintiffs purchase price of $1.35 million in 1989; that the Volynskiy $5.4 million dollar appraisal figure is fictitious and misleading; that the co-conspirators used it to steal $6 million dollars per three different loans from federal lenders Washington Mutual, FA and DB Private Wealth Mortgage Ltd., a subsidiary of Deutsche Bank. One of these loans is still active.

   64. Defendant R. Scott Turicchi, currently serves as the president and Chief Financial Officer ("CFO") of J2 Global Inc (ticker symbol JCOM). His corporate responsibilities include giving final approval of his company's press releases to the investing public. Currently, Scott Turicchi is a named Defendant in over a dozen class action lawsuits brought by investors alleging violations of federal securities statutes. One of the firms representing investors is the highly esteemed Rosen Law Firm, P.A. in Los Angeles,

California. Rosen specializes in securities fraud cases and conducts investigations on behalf
of the Securities and Exchange Commission ("SEC"). A true and correct copy of J2 Global
Shareholders' Complaint filed in United States Federal Court Central District California,
Case No. 2:2020cv06096 is attached hereto as **Exhibit Z**, pages 1 through 38 inclusive. The
Rosen complaint alleges that R. Scott Turicchi violated federal laws that include his
misrepresentation of material facts to artificially inflate J2 Global's stock price with false and
misleading filings, that he employed devices, schemes and artifices to defraud, that he
published false and misleading statements to the investing public to obfuscate the true facts
concerning J2 Global's acquisitions. Other allegations in the Rosen complaint against J2 and
president/CFO R. Scott Turicchi cite multiple instances of undisclosed self-dealing,
misleading and "tricky".accounting to hide company under performance, and committing
$200 million dollars in stolen shareholder cash to J2 Global's chairman at his private
residence. All of Rosen's allegations are supported by a prestigious Hindenburg Research
Report about J2 Global Inc. entitled: "J2 Global: Troubling Related Party Transactions,
Looming Impairments And A Suspicious History Of Insider Enrichment Spanning Decades."
When the in-depth report was published on June 30, 2020 J2's stock (JCOM) plummeted
50%. A true and correct copy of the June 30, 2020 Hindenburg Report is attached hereto as
**Exhibit AA**.

    65.    And in March 2019  People of the State of California v. J2 Global Inc, Case
Number: 19STCV06851, Turicchi and his company accepted a plea deal to avoid prosecution
for fraudulently manipulating their customers' credit cards by continuing to charge customers
attempting to opt out of the company's free trial offer. J2 Global was ordered to pay $1.2
million dollars in monetary relief and $125 thousand dollars in administrative costs to five
California District Attorney Offices. A true and correct copy of STIPULATION FOR ENTRY
OF JUDGMENT for Case No. 19STCV06851 is attached hereto as **Exhibit BB**.

    66.    Plaintiffs are informed and believe and thereon allege that Defendant R. Scott
Turicchi's misrepresentations to investors span decades and that, in tandem with the
increased price of J2 Global shares, R. Scott Turicchi's own stock options increased too; and
that R. Scott Turicchi effectively laundered money when he used his overvalued stock

options money to pay for the good money he stole by falsely concealing and misrepresenting the East Mountain Property's true market value to federal lenders.

67.     Plaintiffs bring this Cross-Complaint in response to Defendant Turicchi's vexatious, meritless quiet title action, the second such action brought against Plaintiffs by Defendants in the past two years. Turicchi's first case in Central District Court was dismissed and a judgment for costs of suit was awarded to Plaintiffs, which R. Scott Turicchi and Lannette Turicchi have thus far refused to pay. A true and correct copy of United States District Court Central District of California, Case No. CV 18-8908 PA JUDGMENT OF DISMISSAL is attached hereto as **Exhibit CC**. In that case, and in a multitude of other cases filed by R. Scott Turicchi and Lannette Turicchi against other parties, all involving real property, they retained a lawyer, Mark B Scott, Bar License No. 49773, who has a suspension on his record for committing acts of moral turpitude for bilking an elderly invalid and his wife. The private investigators hired by Turicchi also demonstrated their own moral deficiencies by committing criminal acts in their efforts to intimidate stalk and relentlessly pursue Plaintiffs and to invade their privacy. One such investigator, Keith Redin, even masqueraded as a federal judge telephonically to a Plaintiff's acquaintance in an attempt to intimidate and elicit information about Plaintiffs. A true and correct copy of Keith R. Redin's Registered Process Server Identification Card is attached hereto as **Exhibit DD**.

### First Cause of Action

Violation of California Civil Code 470

#### Against Defendants Berman

68.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     This Count is asserted against Defendants Bruce Berman and Nancy Goliger Berman and is based upon Section 470 of the California Civil Code.[2] One of the items listed in subdivision 470(d) is "any document for the conveyance of real estate and property".

70.     On January 15, 1992 Defendants Bruce Berman and Nancy Goliger Berman, with malice, caused to be recorded into the county Recorder's Office Grant Deed 92-002539, an instrument for conveyance they knew to be forged, with the intent to defraud Plaintiff's out of their real property. For years Plaintiffs/Quaid believed they had sold the property through their ex-business manager. It is common practice for Hollywood business managers to handle the real estate investments of their clients. Quaid trusted the ex-business manager to use his skills to protect their interests. In 2010 Plaintiffs received information from the ex-business manager that the property had not been sold by him. This information demanded an investigation since Plaintiffs knew they'd not been involved in a sale. Plaintiffs confronted the individual they thought had purchased the property from them, Bruce Berman, who told them he'd never moved in and never changed the utilities. Plaintiffs went to the property to inspect it. The property's appearance, its condition, the "vacant notice" in the mailbox, and other signs of disuse coupled with Bruce Berman's own admission that he "never moved in" indicated the property had been abandoned. A search of the Santa Barbara County records revealed to Evi Quaid that a bogus mortgage document had been filed in Plaintiff's name and that Berman had used a forged deed that he had mailed to his Los Angeles home at 7740 Flynn Ranch Road. As a senior executive/producer at Warner Bros Studios, Bruce Berman had access to all of Randy Quaid's private information. Other documents revealed that in 1993 Berman had illegally taken the property and its value and put it into a trust. In 2007 Berman took the property out of his trust with the intent to conspire with Defendants Turicchi to transfer it to them through a scheme to commit mortgage fraud. When Berman-Turicchi became fearful Plaintiffs might be on to their mortgage fraud scheme, Berman-Turicchi

---

[2] California Civil Code Section 470 (a) Every person who, with the intent to defraud, knowing that he or she has no authority to do so, signs the name of another person or of a fictitious person to any of the items listed in subdivision (d) is guilty of forgery.

retaliated by having Plaintiffs publicly discredited, their lives and careers attacked in an attempt to disable and debilitate Plaintiffs from reporting them to the authorities.

71.     The Bermans also caused to be recorded into the county Recorder's Office on the same day a Deed of Trust document 92-002540, an instrument they knew to be fabricated with false, incorrect and misleading information and, like its companion Grant Deed, also fraudulent.

72.     The public has relied on the alleged integrity of these particular documents and believed the East Mountain Property to have been properly and legally transferred to the Bermans, and subsequently to Defendants Turicchi, when the opposite is true. Had Plaintiffs known their names had been forged, that the instruments described herein were fraudulent, they would have allowed no transfer of their property to the Bermans or to any other party. The Bermans thus involved Plaintiffs as unwitting victims in their fraudulent scheme by stealing their identity without Plaintiff's knowledge to corrupt the East Mountain Property's chain of title. The Bermans have thus caused severe harm to Plaintiffs' lives, careers and reputations that is ongoing and corrupted the public files of the Santa Barbara County Recorder's Office..

73.     When Plaintiffs did finally become aware of the Bermans' fraudulence in 2010 they immediately took action to understand and to rectify the situation, however, during their investigation Plaintiffs were thwarted by Bruce Berman and his co-conspirator, R. Scott Turicchi, who used their connections to the media and to certain corrupted members of the law enforcement community to discredit and debilitate the Plaintiffs, so to impede their efforts to discover the facts concerning Defendants' criminal activities. By reason of the foregoing, Defendants Berman have violated Section 470 of the California Civil Code and are liable to Plaintiffs for substantial damages which they have suffered and continue to suffer.

### Second Cause of Action

Violation of California Civil Code 3412

-26-

<u>Cancellation of Berman Grant Deed 92-002539 and</u>

<u>Other Instruments</u>

74.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 73 as if fully set forth herein.76.

75.     This Count is asserted and is based upon Section 3412 of the California Civil Code.[3]

76.     Plaintiff's allege the alleged underlying note represented by 1989 Deed of Trust document 89-071462 is unverifiable by JPMorgan Chase, as described above in Paragraph 16. See Exhibit B and Exhibit C. This Deed of Trust 89-071462 document must be cancelled and replaced with Plaintiff's original City National Bank Deed of Trust.

77.     Defendant Berman's fraud and forgery renders Grant Deed 92-002539 void, and all subsequent Berman instruments emanating from it and recorded after it are also void and must be cancelled.

78.     Paragraph 76 similarly applies to all of Defendant Turicchi's recorded documents, since California caselaw is well settled that a void deed has no power to deliver title to a third party. *See Trout v. Taylor*, 32 P.2d 968, 970.(Cal. 1934). The Turicchi recorded documents must all be cancelled.

79.     There is here the reasonable apprehension of serious injury to Plaintiffs, including pecuniary loss and the prejudicial alteration of Plaintiff's position due to the void existence of Grant Deed Deed of Trust 89-071462 and Grant Deed 92-002539. Plaintiffs acted to rectify the inauthenticity of Deed of Trust 89-071462 and Grant Deed 92-002539 and were in turn subjected to retaliation, physical violence, humiliation, and cover up attempts by all Defendants.

80.     Unless the documents cited in this Second Cause of Action are cancelled there is the reasonable apprehension of serious injury to the public, to any individual who

---

[3] Section 3412 of the California Civil Code states:  A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

acts based on the inauthenticity of Grant Deed 92-002539 and the inauthentic East Mountain
Property chain of title.

### Third Cause of Action

Violation of 18 U.S.C. Section 371, and

Violation of California Civil Code Section 1572, 1709, and 1710

Conspiracy To Commit Fraud

Against All Defendants

81.     Plaintiff repeats and re-alleges each and every allegation contained in
Paragraphs 1 through 80 as if fully set forth herein.

82.     This Count alleging Conspiracy to Commit Fraud is asserted and is based
upon 18 U.S. Code Section 371.[4]

83.     This same Count alleging Fraud is asserted and is based upon California Civil
Code Sections 1572, 1709 and 1710.[5]

84.     All of the perpetrators involved in the R. Scott Turicchi / Bruce Berman scam,
all of the Defendants, followed a well worn strategy to defraud federal lenders.

85.     Plaintiffs are informed and believe and thereon allege that R. Scott Turicchi
and Lannette Turicchi agreed and/or conspired with one or more other persons, Bruce
Berman, Nancy Goliger Berman, Robert Lamborn, James Krautmann, Aleksandr Volynskiy,
and at least one escrow officer and, with a reasonable assessment of the facts alleged herein,
a title insurance officer, and possibly others, to defraud an agency of the United States and
that, to further the objective of the conspiracy, one member of the conspiracy committed at

---

[4] 18 U.S. Code Section 371 states:  If two or more persons conspire either to commit any
offense against the United States, or to defraud the United States, or any agency thereof in
any manner or for any purpose, and one or more of such persons do any act to effect the
object of the conspiracy, each shall be fined under this title or imprisoned not more than
five years, or both.

[5] The tort of deceit or fraud requires:  "(a) misrepresentation (false representation,
concealment, or non disclosure); (b) knowledge of falsity (or "scienter"); (c) intent to
defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v.
Permanente Medical Group, Inc.* (1997) 15 Cal. 4th 951, 974.  The representation must
ordinarily be an affirmation of fact, as opposed to an opinion.

least one overt act to cheat two federal lenders, Washington Mutual, FA and DB Private Wealth Mortgage Ltd., a subsidiary of Deutsche Bank, out of money.

86.  R. Scott Turicchi and his co-conspirators perpetrated a scheme with criminal intent to inflate the market valuation of the East Mountain Property through the fabrication of a fraudulent appraisal by using properties of far greater valuation as "comparables" so to defraud Washington Mutual, FA and DB Private Wealth Mortgage Ltd. into relinquishing federal funds totaling $6 million dollars for Defendants' own self-enrichment.

87.  Aleksandr Volynskiy knew lenders required appraisals before they would approve home loans. He had a target number of $5.4 million that Turicchi and Berman had given him; he was provided with far superior properties to the East Mountain Property to use for his comparables by Berman's realtor, Bob Lamborn, and Turicchi's realtor, James Krautmann.  Volynskiy then went about jacking up his "appraisal" with the shared goal of his co-conspirators to defraud lenders into believing the Berman property was worth at least two times more than it really was in 2007. The federal lenders then relied on Volynskiy's inflated appraisal, falsified comps and other misrepresentations by the co-conspirators to fund the Turicchi loans.

88.  Defendants R. Scott Turicchi and Lannette Turicchi used the fraudulent appraisal as an artifice of deception and willfully made statements they knew to be false and misleading to conceal from two federal lenders the true market value of the East Mountain Property with the intent to steal from the United States $6 million dollars through a loan for $3 million dollars and two subsequent refinance loans for $1.5 million dollars each. One of these loans represented by Deed of Trust 2013-0065197 is still active. A certified copy of the 2007 Turicchi Washington Mutual, FA Deed of Trust 2007-0060405, and a certified copy of the 2009 Turicchi DB Private Wealth Mortgage Ltd. Deed of Trust 2009-0062103, and a certified copy of the 2013 DB Private Wealth Mortgage Ltd. Deed of Trust 2013-0065197 are attached hereto as **Exhibit EE**, **Exhibit FF**, and **Exhibit GG** respectively. It is odd that all of the recordation numbers of the Turicchi Deeds of Trust begin with "006".

89.     Defendants acted for each other to carry forward their fraudulence in violation
of the rules and regulations of the California Bureau of Real Estate and the California Bureau
of Real Estate Appraisers.

90.     Defendants acted for each other to defraud the Santa Barbara County
Assessor's Office by allowing the agency to use the fraudulent appraisal to justify a current
assessed valuation of $6.3 million dollars for the East Mountain Property when true
comparable properties are currently assessed by at least half that inflated number.

91.     Due to Defendants Turicchi and their co-conspirators' commission of their
fraudulence, R. Scott Turicchi and Lannette Turicchi have received the East Mountain
Property unlawfully and are therefore prevented from appearing here as its rightful and legal
owner.

92.     Defendants Turicchi filed their November 2019 action against Plaintiffs, not
for the purpose to "quiet title", but to obtain a de facto gag order to bar Plaintiffs from
exposing the Turicchis' and their co-conspirators' fraudulence and criminality. Turicchi's
Complaint is a form of "whistleblower" retaliation against Plaintiffs.

93.     Defendants' conspiracy is ongoing, their partnership in crime continues as the
co-conspirators continue to attempt to conceal their crimes and harm Plaintiffs by using them
in their title and overvaluation fraud.

94.     All of the co-conspirators continue to harm Plaintiffs personal lives, their
careers, and their reputations, thereby entangling Plaintiffs unwittingly in their fraudulence,
subjecting them to humiliation intimidation and physical violence, to the conspirators' abuse
of Plaintiffs identity and their celebrity so to deflect attention away from themselves to cover
up the conspirators' fraudulence that each has committed in furtherance of their scheme to
defraud the United States and the people in the County of Santa Barbara.

95.     The willful acts of criminality committed by all of the Defendants have
needlessly distorted the market valuations of properties in the Montecito area and contributed
to the collapse of the real estate market and home ownership as a whole.

96.     By reason of the foregoing, Defendants have violated 18 U.S. Code Section 371 and are liable to Plaintiffs for substantial damages which they have suffered and continue to suffer as a result of the conspirators ongoing efforts to cover up and conceal their crimes.

### **Fourth Cause of Action**

Violation of 18 U.S.C. 1344(2), and Violation of

California Code Penal Code 532f(a)(1)(2)(3)(4)

Bank Fraud and Mortgage Fraud

Against All Defendants

97.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 96 as if fully set forth herein.

98.     The bank fraud and mortgage fraud allegations names all defendants and rests on the same allegations as the conspiracy charge. Payments to Berman and/or to the realtors and/or to other co-conspirators would constitute money-laundering the federal funds.

99.     This Count alleging Bank Fraud is asserted and is based upon 18 U.S. Code 1344(2).[6]

---

[6] 18 U.S. Code 1344(2) which states:  Whoever knowingly executes, or attempts to execute, a scheme or artifice—to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

100.    The same Count alleging Mortgage Fraud is asserted and is based on CCPC
532f(a).[7]

101.    R. Scott Turicchi and Lannette Turicchi submitted to federal lenders
information they knew to be false for the illicit purpose to securitize three notes totaling six
million dollars. One of these notes remains active today.  By acquiring the property through
fraudulence Plaintiffs do not lawfully own the property and therefore have no standing to
appear with a quiet title action against Plaintiff's or any other party.

102.    Defendants Turicchi used the Volynskiy fraudulent appraisal report as an
artifice of deception with reckless disregard for the truth, knowing the report to contain
misstatements, misrepresentations, or omission, as to the true market valuation of the East
Mountain Property with the intent to defraud Washington Mutual, FA, and DB Private Wealth
Mortgage Ltd. a subsidiary of Deutsche Bank, that the fraudulent appraisal report be relied
on by the lenders, so to secure a higher mortgage loan and refinance loans in violation of 18

---

[7] CCPC 532f(a) states:  A person commits mortgage fraud if, with the intent to defraud, the
person does any of the following:

(1)    Deliberately makes any misstatement, misrepresentation, or omission
during the mortgage lending process with the intention that it be relied
on by a mortgage lender, borrower or any other party to the mortgage
lending process;

(2)    Deliberately uses or facilitates the use of any misstatement,
misrepresentation, or omission, knowing the same to contain a
misstatement, misrepresentation, or omission during the mortgage
lending process with the intention that it be relied on by a mortgage
lender, borrower or any other party to the mortgage lending process;

(3)    Receives any proceeds or other funds in connection with a mortgage
loan closing that the person knew resulted from a violation of either of
the foregoing requirements;

(4)    Files or causes to be filed with the recorder of any county in connection
with a mortgage loan transaction, any document the person knows to
contain a deliberate misstatement, misrepresentation, or omission.

-32-

U.S. Code1344(2) and CCPC 532f)a)(2).

    103.    Defendants Turicchi also committed Occupancy Fraud due to the fact they
have never used the East Mountain Property for their "principal residence" as they agreed to
do in their 2007 Washington Mutual, FA loan agreement. On page 7, paragraph 6, of the
agreement, under the Deed of Trust's Uniform Covenants it reads:

    6. Occupancy. Borrower shall occupy, establish, and use the Property as

    Borrower's principal residence . . .

By not using the East Mountain Property for their principle residence Defendants R. Scott
Turicchi and Lannette Turicchi defrauded Washington Mutual, FA for the purpose of securing
a lower interest rate and down payment than they would have received if they had been
honest and straightforward with Washington Mutual, FA that the property was for investment
purposes. The Turicchis never lived at 1357 East Mountain Drive as demonstrated by the
"Vacant Notice" in the mailbox and the "Casa Berman" sign still on display three years after
the property transferred to Turicchi. See Paragraph 43 and Paragraph 45.

    104.    In 2007 Defendants Turicchi secured a $3,000,000 note with lender
Washington Mutual, FA as represented by Deed of Trust 2007-0060405. See Exhibit CC . On
Page 3, Paragraph "BORROWER COVENANTS" in this particular Deed of Trust agreement
signed by Defendants, it clearly states:

    Borrower is lawfully seized of the estate hereby conveyed . . .

    105.    In 2009 and 2013 Turicchis secured two notes for $1,500,000 each with DB
Private Wealth Mortgage Ltd. as represented by Deeds of Trust 2009-0066040 and
2013-0065197. See Exhibit DD, and Exhibit EE. On Page 3 of each document, Paragraph
"BORROWER COVENANTS" states in part:

    . . . that Borrower is lawfully seized of the estate hereby conveyed . . .

    106.    Plaintiffs are informed and believe and thereon allege that, based on the
factual evidence described in Paragraphs 1 through 105, Defendants R. Scott Turicchi and
Lannette Turicchi have not "lawfully seized" the East Mountain Property due to their willful
violations of 18 U.S. Code1344(2) and 532f(a)(1)(2)(3)(4) and therefore have no standing to
appear as its owner.

107.    Defendants Turicchi caused Deed of Trust instruments 2007-0060405,
2009-0066040, and 2013-0065197 to be recorded into the county Recorder's Office,
documents they knew to contain misrepresentations and false statements concerning the
valuation of the East Mountain Property and their relationship to it.

108.    The Grant Deed and all of the Deed of Trust instruments recorded in the Santa
Barbara County Recorder's Office in the name of R. Scott Turicchi and Lannette Turicchi
represent void and unlawful ownership of the East Mountain Property and represent void
mortgage notes that were secured through Defendants Turicchi's fraudulence in violation of
United States statutes and the State of California statutes and therefore must be cancelled.

109.    By their actions described herein Defendants Scott Turicchi and Lannette
Turicchi have committed bank fraud and mortgage fraud in violation of 18 U.S.C. 1344(2)
and CCPC 532f(1)(2)(3)(4).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, pray for judgment against Defendants and each of them
as follows:

On the First Cause of Action:

1.      For compensatory damages in an amount to be determined at time of
trial.

2.      For punitive damages in an amount to be determined at time of trial.

On the Second Cause of Action:

3.      Cancellation of Plaintiff's unverifiable Deed of Trust 89-071462.

4.      Cancellation of all Bruce Berman and Nancy Goliger Berman recorded
instruments in the Santa Barbara County Recorder's Office.

5..     Cancellation of all Scott Turicchi and Lannette Turicchi recorded
instruments in the Santa Barbara County Recorder's Office.

-34-

On the Third Cause of Action:

      6..     For compensatory damages in an amount to be determined at trial.

      7.     For punitive damages in an amount to be determined at time of trial.

      8.     For exemplary damages in an amount to be determined at time of trial.

On the Fourth Cause of Action:

      9.     For compensatory damages in an amount to be determined at time of trial.

      10.     For punitive damages in an amount to be determined at time of trial.

      11.     For exemplary damages in an amount to be determined at time of trial.

      12.     For the East Mountain Property to be foreclosed on for compensatory relief to JPMorgan Chase, Washington Mutual, FA's successor.

On All Causes of Action:

      13.     For costs of suit incurred herein;

      14.     For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated:  September 30, 2020          Respectfully submitted,

                          By Randy Quaid__/s/ Randy Quaid, Pro Se

                          By Evgenia Quaid__/s/Evi Quaid, Pro Se

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>PROOF OF SERVICE</u>**

I declare that I am over the age of eighteen (18) years and not a party to this action.  My business address is 200 East Carrillo Street, Suite 201, Santa Barbara, California  93101.  On August 8, 2024, I served the following document:  **REQUEST FOR JUDICIAL NOTICE OF DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI IN SUPPORT OF DEFENDANTS R. SCOTT TURICCHI'S AND LANNETTE TURICCHI'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT DUE TO FAILURE TO STATE A CLAIM FOR RELIEF [F.R.C.P. 12(b)(6)]** on the interested parties in this action, as indicated below:

| | |
|---|---|
| John M. Pierce, Esq. | Attorneys for Plaintiffs |
| John Pierce Law | RANDY QUAID and EVGENIA QUAID |
| 21550 Oxnard Street, 3rd Floor | |
| PMB #172 | |
| Woodland Hills, California  91367 | |
| Telephone:  (310) 441-0500 | |
| Email:  *jpierce@johnpiercelaw.com* | |

[X]     [BY EMAIL]  I caused the above-referenced document to be transmitted from my email address (judy.johnson@rimonlaw.com) to the interested parties at the email address as listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]     [FEDERAL]  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 8, 2024.

*/s/ Judy Johnson* _____