1   **UNITED STATES DISTRICT COURT**
2   **CENTRAL DISTRICT OF CALIFORNIA**

3

4   RANDY QUAID,

5   EVGENIA QUAID,

6               *Plaintiffs,*

7                                             Case No. 24-cv-03455-MRA-
8                                             JPR

9   v.

10

11   CRAIG GRANET, et. al.,

12                                             **RESPONSE TO DEFENDANT'S**
13               *Defendants.*                **MOTION TO DISMISS**

14                                             Assigned to Judge Mónica Ramírez
15                                             Almadani; for discovery matters,
16                                             assigned to Magistrate Judge Jean P.
17                                             Rosenbluth

18

19

20

21

22

1

## **<u>TABLE OF CONTENTS</u>**

2    TABLE OF AUTHORITIES.............................................................3

3    INTRODUCTION......................................................................5

4    STANDARD OF REVIEW............................................................6

5    ARGUMENT...........................................................................

6    **I.  Plaintiffs Substantially Complied with the California Tort Claims**
7    **Act.**…………………………………………………………………7
8    **II. County Defendants Displayed an Egregious Invasion of Privacy**
9    **Against the Quaids, Who Had a Reasonable Expectation of**
10   **Privacy.** ………………………………………………………10
11   **III. Plaintiffs Properly Alleged Public Disclosure of Private Facts**…13
12   **IV.  Plaintiffs Adequately Asserted a Legally Protected Privacy**
13   **Interest, Forming the Foundation of Their Claim for Conspiracy**
14   **to Invade Privacy.** ………………………………………………15
15   **V. County Defendants Failed to Properly Supervise Their Employees**
16   **Which Directly Caused Harm to the Plaintiffs**…………………..16
17   **VI.  County Defendants Are Not Shielded by Either General Immunity**
18   **or Absolute Prosecutorial Immunity.** ……………………………18

19   **VII. The Court Should Deny the Defendant's Request to Dismiss**
20   **Plaintiff's Claims with**
21   **Prejudice**……………………………………………………..19

22   CONCLUSION.........................................................................20

23   CERTIFICATE OF COMPLIANCE..............................................20

24

25

1

# **TABLE OF AUTHORITIES**

2                                                                              Page(s)

3 **Cases**

4 *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007)...........................6

5 *Buzayan v. City of Davis Police Dep't*, No. 2:06 CV 01576 MCE DA, 2007

6 WL 2288334, (E.D. Cal. Aug. 8, 2007)...........................................................11

7 *Conley v. Gibson*, 335 U.S. 41, 48 (1957).....................................................6

8 *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128

9 (1976) .............................................................................................................19

10 *O'Hilderbrandt v. Columbia Broad. Sys., Inc.*, 40 Cal. App. 3d 323, 325, 114

11 Cal. Rptr. 826, 826 (1974) ............................................................................14

12 *Olson v. Manhattan Beach Unified Sch. Dist.*, 17 Cal. App. 5th 1052, 1062,

13 226 Cal. Rptr. 3d 162, 169 (2017)................................................................10

14 *Porten v. Univ. of S.F.*, 64 Cal. App. 3d 825, 829-30 (1976) ......................13

15 *Santee v. Santa Clara Cnty. Off. of Educ.*, 220 Cal. App. 3d 702, 708, 269

16 Cal. Rptr. 605, 608 (Ct. App. 1990)................................................................7

17 *Starr v. Baca*, 652 F. 3d 1202, 1217 (9th Cir. 2011) ....................................6

18 *Zia v. Baldwin*, 2022 Cal. Super. Lexis 30379 1, 21 (2022)........................14

19

1

**<u>Federal Rules</u>**

2

Fed. R. Civ. P. 12(b)(6)................................................................6

3

**<u>State Statutes</u>**

4

Government Code § 820 (a)..........................................................18

5

Government Code § 820.2...............................................................18

6

Government Code §910 ................................................................8,9

7

California Code, Civil Code - CIV §1798.53................................11

8

9

10

11

12

13

14

15

16

17

18

1

**<u>INTRODUCTION</u>**

2          Plaintiffs, by and through counsel, respectfully oppose Defendant Tony

3     Davis and County of Santa Barbara's ("County Defendants") motion to

4     dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

5     Plaintiffs' Amended Complaint sufficiently states a claim upon which relief

6     can be granted, and therefore, dismissal is unwarranted. This case challenges

7     the Defendant's misuse of a police database. This matter stands for the larger

8     premise of highlighting an unchecked abuse of power that requires great

9     scrutiny, while also seeking to uphold the protections the law guarantees to

10    the Quaids. On June 26, 2024, County Defendants filed a motion to dismiss

11    Plaintiffs' First Amended Complaint ("FAC") and requested all claims be

12    denied with prejudice. Defendants' motion to dismiss relies on multiple

13    arguments, none of which justify dismissal of Plaintiffs' complaint. In

14    response, Plaintiffs hereby file this timely opposition to the motion, and

15    request the Court *deny* the motion to dismiss based on the reasons discussed

16    below.

17

18

19

20

1                                     **STANDARD OF REVIEW**

2            A motion to dismiss under Rule 12(b)(6) should be granted only if it

3 appears beyond a doubt that the plaintiff can prove no set of facts in support

4 of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48

5 (1957); see also Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp v. Twombly*, 550

6 U.S. 540, 570 (2007). A motion to dismiss under Rule 12(b)(6) merely tests

7 the legal sufficiency of a complaint, requiring a court to construe the

8 complaint liberally, assume all facts as true, and draw all reasonable

9 inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57.  Further,

10 the complaint does not need detailed allegations, but simply requires "more

11 than a sheer possibility that a defendant has acted unlawfully" *Id*. Facts at this

12 stage do not need to be probable; they need only "suggest an entitlement to

13 relief." *Starr v. Baca*, 652 F. 3d 1202, 1217 (9th Cir. 2011).  And a complaint

14 should never be dismissed because the court is doubtful that the plaintiff will

15 be able to prove each of the factual allegations contained therein. *Twombly*,

16 550 U.S. at 556-57.

17

18

19

20

1  **ARGUMENT**

2        Plaintiffs' Amended Complaint sufficiently stated a claim upon which

3  relief can be granted. County Defendants put forward the following

4  arguments in support of its position that Plaintiffs' FAC should be dismissed:

5  that Plaintiffs failed to (1) comply with the California Tort Claims Act (2) to

6  properly allege invasion of privacy, (3) public disclosure of private facts (4)

7  conspiracy to invade privacy as well as, (5) negligent supervision. Lastly, (6)

8  County Defendants maintain they are protected by immunity. As further

9  discussed below, none of these arguments warrant a motion to dismiss.

10    **I.  Plaintiffs Substantially Complied with the California Tort**
11                          **Claims Act.**
12  Plaintiffs acknowledge County Defendant's contention that they did not

13  strictly comply with the California Tort Claims Act ("CTCA"), which

14  requires the filing of an administrative claim before initiating court action.

15  However, Plaintiffs believe the doctrine of substantial compliance is

16  applicable in this instance, a principle recognized by California courts. Under

17  substantial compliance, "the court may conclude a claim is valid if it

18  substantially complies with all of the statutory requirements for a valid claim

19  even though it is technically deficient in one or more particulars." *Santee v.*

20  *Santa Clara Cnty. Off. of Educ.*, 220 Cal. App. 3d 702, 708, 269 Cal. Rptr.

21  605, 608 (Ct. App. 1990). The doctrine typically applies where a "timely, but

1  deficient claim has been presented to the public entity." *Id*. Plaintiffs aver

2  that they substantially complied with the act by contacting three Santa

3  Barbara Police Department officers via email before filing suit.[1] In

4  accordance with Gov. Code §910, Plaintiff Evgenia Quaid informed Marisol

5  Mercado, Michele Hague and Susan Campbell, officials at the police

6  department, on July 18, 2023 of the grave misconduct involving the illegal

7  misuse of the police database by ADA Anthony Davis.[2]

8     Government Code §910 outlines the requirements for claims under

9  the California Tort Claims Act, providing that the claim show all of the

10  following: (a) The name and post office address of the claimant. (b) The

11  post office address to which … notices [are] to be sent. (c) The date, place

12  and other circumstances of the occurrence or transaction which gave rise to

13  the claim asserted. (d) A general description of the … injury, damage or

14  loss incurred … (e) The name or names of the public employee or

15  employees causing the injury, damage, or loss, if known. (f) … If the

16  amount claimed exceeds ten thousand dollars ($10,000), no dollar amount

17  shall be included in the claim. However, it shall indicate whether the claim

18  would be a limited civil case. Gov. Code, § 910, subds. (a)–(f).

---

[1] See Exhibit 1.
[2] See Exhibit 2.

1      The email included Plaintiff's contact information (satisfying

2   requirement (a) and (b)), the circumstances of the misconduct (satisfying

3   requirement (c), Plaintiff's willingness to initiate litigation and the illegality

4   of Mr. Davis' actions, which constituted a severe invasion of privacy

5   (satisfying requirement (d)), and the names of the employees causing the

6   injury (satisfying requirement (e)). The claim exceeds $10,000 (thus

7   requirement (f) is satisfied); however, Plaintiff Evgenia Quaid inadvertently

8   omitted whether the action would be a limited civil case. Overall, the

9   message clearly outlined the nature of the claim and the potential for

10  litigation if not addressed, thereby serving the underlying purpose of the

11  CTCA. The substantial compliance doctrine fulfills the primary objective of

12  the claim requirement by giving the public entity timely notice to investigate

13  and possibly settle issues with merit without proceeding to litigation and

14  without dismissing justifiable claims due to minor deficiencies.

15     County Defendants had notice of the issue. A "claim as presented"

16  (even one which is technically defective) "triggers a duty on the part of the

17  governmental entity to notify the claimant of the defects or omissions in the

18  claim. A failure to notify the claimant of the deficiencies in a 'claim as

19  presented' waives any defense as to its sufficiency." *Olson v. Manhattan*

20  *Beach Unified Sch. Dist.*, 17 Cal. App. 5th 1052, 1062, 226 Cal. Rptr. 3d

1   162, 169 (2017). Here, the County Defendants never replied back to

2   Evgenia Quaid letting her know of any deficiencies in her claim. Thus,

3   County Defendants forfeited their right to argue that the claimant's filing

4   was deficient in any manner that would invalidate their claim due to their

5   failure to fulfill their duty.

6   **II. County Defendants Displayed An Egregious Invasion Of Privacy**
7   **Against The Quaids, Who Had A Reasonable Expectation Of**
8   **Privacy.**

9   County Defendants wrongly assert that Plaintiffs do not have a

10  reasonable expectation of privacy in their criminal records. Defendants base

11  their argument on the concept of inevitable discovery due to Plaintiffs'

12  involvement in civil litigation and their "fugitive status," which would likely

13  dismiss their right to action. First, the "likely" discovery of the Quaids'

14  criminal records is highly irrelevant. The inevitable discovery doctrine is a

15  doctrine used in criminal cases to refute a motion to suppress evidence based

16  on violations to an individual's expectation of privacy under the Fourth

17  Amendment. The County should realize that this is: (i) a civil matter, and (ii)

18  there is no motion to suppress evidence based upon a Fourth Amendment

19  violation.

20  Even if the information would have eventually become known through

21  other means, the illegal manner in which the information was obtained

1   constitutes a violation of their right to privacy. Under California law,

2   specifically Civil Code 1798.53: "Any person, other than an employee of the

3   state or of a local government agency acting solely in his or her official

4   capacity, who intentionally discloses information, not otherwise public,

5   which they know or should reasonably know was obtained from personal

6   information maintained by a state agency or from 'records' within a 'system

7   of records' maintained by a federal government agency, shall be subject to a

8   civil action, **for invasion of privacy**, by the individual to whom the

9   information pertains."

10          This law applies to individuals who intentionally disclose non-public

11   information obtained from state agency records. See *Buzayan v. City of Davis*

12   *Police Dep't*, No. 2:06 CV 01576 MCE DA, 2007 WL 2288334, at *1 (E.D.

13   Cal. Aug. 8, 2007) (court denied defendant police department's motion to

14   dismiss, allowing plaintiff's 1798.53 claim to proceed upon showing that the

15   officers' conduct was outside their official capacity and that they knowingly

16   obtained and disclosed the information as state actors). Police officers, while

17   acting in their official capacity, have access to sensitive information stored

18   within the police database. When confidential criminal records are accessed

19   and disclosed without proper authorization or valid purpose, it constitutes an

20   invasion of privacy and no longer falls within the scope of their official

11

1   capacity. The law recognizes that individuals like the Quaids have a

2   reasonable expectation that their criminal history will remain confidential

3   unless accessed during a time of necessity pursuant to a public employee's

4   duties and within the scope of their employment.

5        Second, County Defendants erroneously assert that Plaintiffs are

6   fugitives, suggesting they had no reasonable expectation of privacy due to

7   this status. These assertions are factually incorrect and misleading. Plaintiffs

8   are not fugitives, nor do they have any active warrants against them. The

9   attempt to undermine Plaintiffs' reasonable expectation of privacy based on

10  such unfounded claims is baseless and should not be entertained by this

11  Court. The Defendants lack of attaching an exhibit showing the Quaids are

12  fugitives was not by mistake. No exhibit exists. Five years after the issuance

13  of a bench warrant, the Vermont Superior Court found no reason to hold

14  Randall Quaid in custody on the outstanding California warrant.[3]

15       County Defendants also claim Plaintiffs failed to plead sufficient facts

16  that the Defendants seriously invaded their privacy. However, the allegations

17  of misconduct committed by Reggie Serrano and Tony Davis in the FAC

18  were sufficiently serious. The nature, scope and actual impact of the conduct

19  illustrate a complete attack on the societally recognized privacy right. If the

[3] See Exhibit 3.

12

1   conduct were not such an egregious breach of privacy, there would be no law

2   condemning this behavior. Further, investigations show time and time again

3   the prevalence of California law enforcement personnel getting caught for

4   misusing the police database and being penalized for it.[4] Those who have

5   been caught have either resigned, been fired, suspended or faced criminal

6   charges.[5] The severity of this intrusion has been outlined in Plaintiffs FAC,

7   which also highlights that the California Constitution confers a right to

8   privacy. Cal Const, Art. I § 1. The right to privacy is an "unalienable right"

9   that may not be violated by anyone. *Porten v. Univ. of S.F.*, 64 Cal. App. 3d

10   825, 829-30 (1976). The facts alleged are detailed enough to allow the court

11   to draw a reasonable inference that County Defendants are liable for invasion

12   of privacy.

13      **III.   Plaintiffs Properly Alleged Public Disclosure of Private**
14                                    **Facts.**
15          County Defendants contend the Quaids did not allege sufficient facts to

16   show a public disclosure occurred. Although made to a limited number of

17   individuals, courts have been lenient in cases where the disclosure was not

18   "public" in the general sense. See *Zia v. Baldwin*, 2022 Cal. Super. Lexis

---

[4] Sam Stanton et al., Hundreds of California Police Misuse Law Enforcement Computer Databases, Investigation Shows, DESERT SUN (Nov. 13, 2019),
https://www.desertsun.com/story/news/2019/11/13/california-police-misuse-law-enforcement-databases-computers/2509747001/.

[5] *Id.*

1   30379 1, 21 (2022) (court held disclosure of private facts at a work meeting

2   may constitute public disclosure).  The dissemination of information to a

3   small group of individuals can still meet the threshold for public disclosure,

4   especially considering the Plaintiffs' status as public figures in the

5   entertainment industry. Although public figures have a diminished

6   expectation of privacy, they still retain privacy rights that must be weighed

7   against other public interests. *O'Hilderbrandt v. Columbia Broad. Sys., Inc.*,

8   40 Cal. App. 3d 323, 325, 114 Cal. Rptr. 826, 826 (1974). Here, there is no

9   countervailing public interest that would warrant the dissemination of the

10   Plaintiffs' criminal records, so they retain their right to privacy.

11          There is also an exception to a public dissemination in the traditional

12   sense when the disclosure is highly likely to result in public knowledge. *Zia,*

13   *2022* Cal. Super. Lexis 30379 at 22. Given the County Defendant's

14   adversarial stance towards the plaintiffs, the nature of the information

15   sought and the Quaid's prominent reputation, it strongly suggests that they

16   would be motivated to disseminate this information further. Therefore, it is

17   highly probable that disclosure to only a few individuals would inevitably

18   lead to public awareness. Also, it is important to note that no California

19   courts have defined the number of people necessary to justify a finding of

1   publicity. *Id* (quoting *Kinsey v. Macur*, 107 Cal. App. 3d. 265, 271 (1980).

2   The broader concern here is a blatant violation of the Plaintiffs' privacy.

3   Ultimately, courts have always recognized a fundamental right to privacy and

4   County Defendant's disclosure, fueled by malicious intent and illegal behavior

5   clearly exceeded the boundaries of privacy. This emphasizes why the law is

6   intended to safeguard individuals like the Plaintiffs from such breaches of

7   confidentiality and privacy.

8          When viewed favorably towards Plaintiffs, the facts presented in the

9   FAC are adequate to support a claim for the public disclosure of private facts.

10   **IV.  Plaintiffs Adequately Asserted a Legally Protected Privacy**
11   **Interest, Forming the Foundation of Their Claim for**
12   **Conspiracy to Invade Privacy.**
13   County Defendants base their dismissal of Plaintiffs' conspiracy to

14   invade privacy claim on the incorrect assertion that the Quaids did not

15   properly allege a claim for invasion of privacy. Plaintiffs are fully aware that

16   civil conspiracy must be accompanied by an underlying tort. As previously

17   discussed, Plaintiffs stated a viable claim, properly alleging a legally

18   protected privacy interest, a reasonable expectation of privacy, and conduct

19   by the Defendants constituting a serious invasion of that privacy. Facts were

20   incorporated in the FAC that strongly suggest that County Defendants and

21   Craig Granet worked together and conspired to invade the Plaintiffs' privacy

22   by illegally accessing and disseminating private information in an effort to

1    inflict harm upon the Quaids. Moreover, County Defendants argue the term

2    "serious harm" is too vague. Plaintiffs clarify they suffered damages that

3    caused them mental and emotional distress due to reputational harm, distrust

4    in law enforcement and constitutional rights violations by public employees.

5    Also, County Defendants contend Plaintiffs assertion that Defendant Granet

6    used their criminal information to defame them is groundless; however, this

7    claim is factually supported throughout the Complaint. Plaintiffs contend that

8    the intimate details of their private life being dispersed caused reputational

9    damage resulting in psychological harm and the eventual slander of title

10   (Compl. ¶ 35, 42, 61).

11   **V. County Defendants Failed to Properly Supervise Their**
12   **Employees Which Directly Caused Harm to the Plaintiffs.**
13   Additionally, County Defendants argue that Plaintiffs' claim of

14   negligent supervision was insufficient because it did not comply with the

15   CTCA, failed to allege any specific duty owed by the County to the Quaids,

16   did not adequately demonstrate a breach of that duty, and did not properly

17   allege damages. As previously stated, Plaintiffs complied with the CTCA

18   by emailing three different Santa Barbara Police Department officials

19   detailing the incident and parties involved. Moreover, police departments

20   have certain duties regarding their employees' supervision, which are aimed

21   at ensuring accountability and adherence to legal and departmental policies.

1    It is widely understood that police staff should not abuse their authority or

2    misuse their access to law enforcement databases to harm individuals.

3    County Defendants neglected their duty to supervise their employees,

4    allowing Mr. Davis and Mr. Serrano to take actions that not only harmed

5    the plaintiffs, but also places other members of the public at risk of having

6    their rights violated. This negligent supervision subjects public entities like

7    Santa Barbara County to liability for their actions. Further, the Defendant's

8    assertion that Plaintiffs' allegations of harm are vague fail to acknowledge

9    the specific instances of harm detailed in Plaintiffs' FAC. Specifically, the

10   Complaint alleged that on June 7, 2023, Defendant Reggie Serrano

11   accessed the criminal history and arrest records of the Quaids (Compl. ¶

12   27). Moreover, his actions caused irreparable harm to the plaintiffs by

13   severely invading their privacy, damaging their reputation, causing them

14   emotional trauma including heightened anxiety and stress and imposing

15   financial consequences due to the need for legal action. In addition, the

16   Quaids' trust and sense of safety in law enforcement has severely

17   diminished because of the police's involvement in illegal activity, thereby

18   undermining the faith that individuals like Plaintiffs are supposed to have in

19   them.

20   **VI.   County Defendants Are Not Shielded By Either General**
21   **Immunity Or Absolute Prosecutorial Immunity.**

17

1        County Defendants assert Plaintiffs have not cited any statute that

2    could justify their claim for relief against them. Yet, the Quaids bring this

3    action under the CTCA, which permits claims against public entities and

4    cited California Government Code 820 (a), which states "a public employee

5    is liable for injury caused by his act or omission to the same extent as a

6    private person." The immunity outlined in Section 820.2 covers injuries

7    "resulting from his act or omission where the act or omission was the *result*

8    *of the exercise of the discretion vested in him*, whether or not such

9    discretion be abused." County Defendants cannot escape liability because

10   Defendant Serrano and Defendant Davis' use of the police database for an

11   authorized purpose is not within the scope of his discretionary duties.

12   Defendants failed to adhere to established protocols and policies regarding

13   access to the law enforcement database and the County failed to supervise

14   its employees. Those actions do not fall within the category of acts

15   protected by immunity, and County Defendants' contention that they are

16   shielded from liability for their employees' acts is baseless.

17       Moreover, County Defendants' argument that District Attorney, Mr.

18   Davis, enjoys absolute prosecutorial immunity is simply nonsensical. A

19   state prosecuting attorney only enjoys this type of immunity when acting

20   within the scope of his duties in initiating and pursuing a criminal

18

1   prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S.

2   409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Mr. Davis' actions

3   were neither in pursuit of the State's interests nor within the scope of his

4   assigned duties. Soon after Defendant Granet requested the Quaids'

5   criminal records, Defendant Davis illegally provided them to him with no

6   question and offered his assistance to Mr. Granet should he need anything

7   else. It is important to note that Mr. Granet is a civil lawyer and the

8   information sent to him by Mr. Davis was in furtherance of a quiet title

9   case. When a DA assists a civil attorney in a property case-clearly a civil

10   matter-it falls outside the scope of prosecutorial duties protected by

11   absolute immunity. This distinction underscores the limited scope of

12   prosecutorial immunity under the law, which does not extend to actions

13   taken outside the realm of criminal prosecution. Therefore, the Quaids are

14   able to bring this claim under the CTCA.

15   **VII.   The Court Should Deny The Defendant's Request To**
16   **Dismiss Plaintiffs' Claims With Prejudice.**
17   At this stage it is imperative that the complaint contains factual

18   assertions that allow the court to draw a reasonable inference that the

19   defendants are liable for the misconduct alleged. Plaintiffs adequately pled

20   invasion of privacy, public disclosure of private facts, conspiracy to invade

21   privacy and negligent supervision. When all facts are taken as true and

1    construed in light most favorable to Plaintiffs, it is evident that the Quaids

2    have viable legal claims against County Defendants based on their utter

3    disregard of the law and of Plaintiffs' constitutional rights.

4                                    **CONCLUSION**

5    Based on the foregoing reasons, Plaintiffs respectfully request that County

6    Defendant's motion to dismiss be DENIED.

7                        **CERTIFICATE OF COMPLIANCE**

8    The undersigned, counsel of record for Randy and Evgenia Quaid certifies

9    that this brief contains 3,644 words, which complies with the word limit of

10   L.R. 11-6.1.

11
12   DATED: August 7, 2024

13                                                    Respectfully Submitted,

14                                                    John M. Pierce
15                                                    John Pierce Law, P.C.
16                                                    21550 Oxnard Street
17                                                    3rd Floor, PMB#172
18                                                    Woodland Hills, CA 91637
19                                                    (662) 603-2750
20                                                    jpierce@johnpiercelaw.com
21

# EXHIBIT 1

# RE: Thank You one more small thing

**No Name No Name <eliza.george@mail.be>**                                    Jul 18, 2023, 7:51 PM

**To:** Hague, Michele <mnh4212@sbsheriff.org>

**CC:** Campbell, Susan <snc4967@sbsheriff.org> ,Mercado, Marisol <mnm4054@sbsheriff.org>

---

DEAR   Michele Hague & REGGIE SEARRANO

https://www.desertsun.com/story/news/2019/11/13/california-police-misuse-law-enforcement-databases-computers/2509747001/

**Please be aware that everything you are sending to ADA Anthony Davis is ending up in the hands of an individual unauthorized to have your agency's confidential information, civil attorney, Craig Granet.  Mr. Granet is then illegally using the information you send to Mr. Davis for his own illegal use in a civil case against us. ADA Anthony Davis is requesting you to commit a crime by misusing a police database to supply him with confidential information on us, which he then passes along to Mr. Granet.  Please be aware that you are committing a criminal act as defined below per California PC §11142, and PC § 13300 and your conduct can be reported to the FBI and you may be criminally prosecuted.  The same goes for Mr. Davis and Mr. Granet.**
**Please inform your boss, Sheriff Brown, that you have committed a crime that you can be reported to the FBI and prosecuted by the DOJ.  Please see attached. Other California Sheriff employees have been prosecuted for the same misconduct as you have committed against Randy and Evi Quaid.**

The Turicchis' Opposition ("Opposition") glaringly ignores the most important point of the Quaids' Application—that the Offensive Exhibits were obtained by unlawful or improper means, and it is Hornbook Law that evidence obtained by unlawful or improper means cannot be used to support to a party's benefit in court. Indeed, the Opposition fails to even address, much less respond to, the Quaids' argument that the dissemination of the information in the Offensive Exhibits to opposing counsel, and their further placement of such information in the public record, is improper and likely a criminal violation punishable under Penal Code section 11142 and its local corollary, Penal Code section 13300. (*See also* Pen. Code, § 11143 [misdemeanor for someone to receive or possess this information knowing they are not authorized by law to do so].)

PEOPLE OF THE STATE OF CALIFORNIANO.
CLERK OF THESUPERIOR COURT COMPLAINT
1 4 0 9 5 1 - 2
By.
Deputy RYAN SILCOCKS
PEN:TOREDID CEN:7339787
t/a 07/09/12 in dept. 701 at 9 a.m.

On Jan 28, 2021 at 12:45 PM, "Hague, Michele" <mnh4212@sbsheriff.org> wrote:

    Hello Evi,
    We can't call U.S. Dept of State on your behalf.

    If you want to call passport services and relay the information to call our
    records department to verify that Randy Quaid has no warrants that would be

fine.

You can fax the letter also, since it is your clearance letter.

It's not our policy to make outgoing phone calls, only incoming calls to verify warrants.


805-681-4330.


-----Original Message-----
From: Mercado, Marisol
Sent: Thursday, January 28, 2021 8:12 AM
To: Hague, Michele <mnh4212@sbsheriff.org>
Subject: FW: Thank You one more small thing



Marisol Mercado
Admin Office Pro 2
Criminal Records/Warrants
Santa Barbara County Sheriff's Department
(805) 681-4180
mnm4054@sbsheriff.org

-----Original Message-----
From: Quaid Films <eliza.george@mail.be>
Sent: Wednesday, January 27, 2021 7:29 AM
To: Mercado, Marisol <mnm4054@sbsheriff.org>
Subject: RE: Thank You one more small thing

Dear Marisol

I found this info on the passport web sight

can you fax the info that there are No warrants to the below fax # or call them
and let them know please   Thank You Evi

U.S. Department of State
CA/PPT/S/A
44132 Mercure Cir
PO Box 1243
Sterling, VA 20166-1243
Please notify Passport Services when a subject is apprehended, when the warrant
is quashed or when passport action is no longer needed. If a lookout is allowed
to remain in the passport system after these events, it will result in
inconvenience.
For more information on how to return a passport based on the above
circumstance, please contact the Office of Adjudication by telephone at
202-485-6400 or by fax at 202-485-6496.
https://urldefense.proofpoint.com/v2/url?u=https-3A__urldefense.com_v3_-5F-5Fhttps-

RE: Thank You one more small thing
Case 2:24-cv-03455-MRA-JPR    Document 96    Filed 08/08/24    Page 24 of 31    Page ID #:2246
4/28/24, 6:33 PM

3A__travel.state.gov_content_travel_en_passports_legal-2Dmatters_law-2Denforcement.html-5F-5F-3B-21-21N0NHzr84BXs-21M3pGkJyVdHVRTJ3v8PmWKoYMhxyd14PJhbVCWgcumOTLxP-2DzKdNguL1E0etClirEHRLo-24&d=DwIFaQ&c=1wUSNqovzTuGtEyxwNcqMAkpWHAqSzvPhp9OaWkFGCw&r=hr82bdwxmq6StqZpY_R23DxQ466DUgawNGomtYXPnws&m=mNGo5oAnt6UvHrpg7CtLDYv6qfJywHxJAYcUkoXAFHY&s=VItWxwAf_c0CQ6iu2XVFniMovIX80Huk_T9N21_y4gw&e=

> ----------------------------------------
> From: Mercado Marisol <mnm4054@sbsheriff.org>
> Sent: Tue Jan 26 23:00:00 CET 2021
> To: 'Quaid Films' <eliza.george@mail.be>
> Subject: RE: Thank You one more small thing
>
>
> Sure,
>
> There is no active warrants for Randy R. Quaid at this time.
>
> Thank You,
>
> Marisol Mercado
> Admin Office Pro 2
> Criminal Records/Warrants
> Santa Barbara County Sheriff's Department
> (805) 681-4180
> mnm4054@sbsheriff.org
>
> -----Original Message-----
> From: Quaid Films <eliza.george@mail.be>
> Sent: Tuesday, January 26, 2021 1:51 PM
> To: Mercado, Marisol <mnm4054@sbsheriff.org>
> Subject: Thank You one more small thing
>
> could you email me that you have no active out standing warrants

# EXHIBIT
# 2

# RE: Quaids Due Dilligence report provided to Davis

**RECORDS <records@sbsheriff.org>**                    **Jul 24, 2023, 2:26 PM**

**To:** No Name No Name <eliza.george@mail.be>

Hi Evi,

The warrant system and due diligence if not releasable to the public.  It is for Law enforcement only.

**From:** No Name No Name <eliza.george@mail.be>
**Sent:** Monday, July 24, 2023 9:15 AM
**To:** RECORDS <records@sbsheriff.org>
**Subject:** Quaids Due Dilligence report provided to Davis

TO: Hague, Michele

Hi, Michele:

# EXHIBIT

# 3

Clerk:  All rise!

Judge:  Thank you. You can be seated. Okay, so we're back on the record in the matters of Mr Randy Quaid and Mrs Evi Quaid.  Uh . . . the court . . . uh, when it stepped off the bench reviewed the document that it took some time to review while it was making its probable cause decision. Uh, and that regards whether or not there was probable cause to find that the defendants failed to appear on November 16, 2010.  Mr Hughes proffered that probable cause was established by an ex-parte (muni ?) order which states:

"After further review of the case the warrant issued on November 2nd 2010 and held until November 16th 2010 is here by released."

The court found that "is hereby released" means that warrant issued.  Uh, and the warrant wouldn't have issued if the defendants had actually appeared. The problem is that that document was created on November 8th 2010.  The bail that was issued on November 2nd 2010 and that was supposed to be held until November 16, 2010 was actually issued on November 8th 2010. The failure to appear in this case, which is the only felony charge that supports the State's petition for rendition does not establish probable cause for that petition.Therefore, the court will say this to both you, Mr and Mrs Quaid, the statement that I made about your obligation to abide by a court order that requires you to return to court to address your legal matters the way any other citizen might remains the same. However, in this case, like any other citizen, the court will review your case with (laughs) every eye toward detail and fairness, and in light of that the court cannot find that, based upon the documents in front of it today, that probable cause exists for the failure to appear charge for November 16th 2010. The court is dismissing the order for interstate rendition for fugitive. For both of you, you are dismissed.

Evi:  Thank you so much!

Judge:  …to make a finding of probable cause sections 49 to 55. The court's finding may be based upon hearsay evidence or from copies of affidavits whether certified or not made outside of this state. Vermont directs this court - Vermont law directs this court - regarding what is sufficient for a finding of probable cause.  Probable Cause is a finding that an offense has been committed and that the defendant has committed it. The finding of Probable Cause shall be based upon substantial evidence, which may be hearsay in total or in part provided that there is a substantial basis for believing that the source of the hearsay is to be credible and for believing that there is a factual basis for the information furnished. Vermont rule 4b - rule criminal procedure 4b states "The finding of probable cause shall be based on substantial evidence which may be hearsay in full or in part provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.

Here, Mr Quaid is charged with vandalism exceeding four hundred dollars pursuant to the California penal code section 594b1, which requires every person who maliciously commits any of the following acts with respect to any real or personal property not his or her own is guilty of vandalism.  One:  defaces with graffiti or other inscribed material. Two:  Damages.  Three:  Destroys. If the amount of defacement, damage, or destruction is four hundred dollars or more vandalism is punishable by imprisonment pursuant to subdivision h of section 1170 or in county jail not exceeding one year, or by fine for not more than ten thousand dollars, making it a felony. Now here, the statement of Santa Barbara police officer, Dicky, indicates that belongings were removed from the home:  "The belongings were valued at more that four hundred to seven thousand dollars.  While moving the property the Quaids vandalized the property causing more than four hundred to seven thousand dollars in damage." From this information the court cannot find that the property was defaced with graffiti or other inscribed material, or necessarily that it was damaged or destroyed.  There are conclusory allegations that vandalism occurred and that damaged occurred.  The court does not find that this statement allows this court to make a finding based upon substantial evidence that is credible that vandalism occurred, and therefore the court does not find probable cause.

Vermont Superior Court                              Franklin Criminal Division

```
| ==========================================================================
|  Docket No.  18-10-15 Frcm      State of Vermont vs. Quaid, Randall R.  |
| ==========================================================================
```

Case Type:                                   Last judge: Alison Arms
Case Track:     Not set                      Recused:    None
Case Status:    Disposed
Next Hearing:
========================================================================
                              PARTIES
No. Role Litigant Name              Attorney Name          Telephone
------------------------------------------------------------------------
p# 1  plf  State of Vermont         Hughes, James A.        802-524-7920
p# 2  def  Quaid, Randall R.        Langrock, Peter F.      388-6356
========================================================================
                             DISPUTES
DsptCase Name                        Disputants    Dispo Date
------------------------------------------------------------------------
1  fug  Fugitive from Justice        p#1 v p#2     dc    10/15/15
========================================================================
                 MOTIONS/PETITIONS/REQUESTS FOR RELIEF
No.Type                              Status    Judge     Date
------------------------------------------------------------------------
1  / TO Invoke 13 VSA 4950           moot      AA        10/15/15
2  / to Dismiss the Request for Rendition of    granted   AA    10/15/15
========================================================================

10/12/15   Case filed: Fugitive from Justice.
           Arraignment set for 10/12/15 at 01:00 PM.  Audio Disk ID: 1 Time:
           01:12 PM.
           Arraignment held.  AA/CDVIDEO Hughes/Langrock/dft present Defendant
           does not waive extradation State requesting continuace for probable
           cause to be established as Courts in CA are closed today.  Court is
           granting the State's Atty 3 days to gather paperwork to establish
           Probable Cause on fugitive charge. Defense requesting Court ot set
           bail today.
           Appearance entered by Peter F. Langrock on behalf of Defendant
           Randall R. Quaid. Bail Ord: total $500000.00 1-3.  Bail Mittimus:
           Northwest State Corr Facility (St.A).
10/13/15   Arraignment set for 10/15/15 at 01:00 PM.
10/14/15   1 document filed by Attorney James A. Hughes for party 1:
           Supplemental filing.
10/15/15   Motion TO Invoke 13 VSA 4950 filed by Attorney Peter F. Langrock for
           Defendant Randall R. Quaid.Motion TO Invoke 13 VSA 4950 given to
           judge.
           Motion given to Judge.
           1 document filed by Attorney Peter F. Langrock for party 2: Defense
           Request for Bail.
           Motion to Dismiss the Request for Rendition of filed by Attorney
           Peter F. Langrock for Defendant Randall R. Quaid.Motion to Dismiss
           the Request for Rendition of given to judge.
           Motion given to Judge.
           Arraignment held.  AA/CDVIDEO J Hughes/P Langrock/deft Habeas
           proceeding.  Audio Disk ID: 1 Time: 01:06 PM.  Bail Ord: total
           $50000.00 1-3,31-32.  Bail Mittimus: Northwest State Corr Facility
           (St.A).
           Entry Order by Judge Alison Arms: Counts 1 & 2 No PC Count 4 PC
           found.  Audio Disk ID: 1 Time: 02:16 PM.
           Entry Order by Judge Alison Arms: Deft is discharged Order for
           rendition is dismissed.
           Motion to Dismiss the Request for Rendition of granted by Alison
           Arms.  Parties notified on the record.
           Motion TO Invoke 13 VSA 4950 rendered moot by Alison Arms.  Dispute 1
           disposed: Dismissed by court.
```

Certified to be a true copy of the original as the same appears on file in this office.

AST Clerk Vermont Superior Court Franklin Unit

Vermont Superior Court                          Franklin Criminal Division

```
|                                                                        |
|  Docket No.  19-10-15 Frcm        State of Vermont vs. Quaid, Evi H.    |
|                                                                        |
```

Case Type:                              Last judge: Alison Arms
Case Track:   Not set                   Recused:    None
Case Status:  Disposed
Next Hearing:
=================================================================================

                                PARTIES
---------------------------------------------------------------------------------
No. Role Litigant Name              Attorney Name          Telephone
---------------------------------------------------------------------------------
p# 1  plf  State of Vermont         Hughes, James A.       802-524-7920
p# 2  def  Quaid, Evi H.            Shelkrot, Lisa B.      802-864-0217
=================================================================================

                                DISPUTES
---------------------------------------------------------------------------------
DsptCase Name                         Disputants   Dispo Date
---------------------------------------------------------------------------------
1  fug  Fugitive from Justice         p#1 v p#2    dc    10/15/15
=================================================================================

                    MOTIONS/PETITIONS/REQUESTS FOR RELIEF
---------------------------------------------------------------------------------
No. Type                               Status   Judge   Date
---------------------------------------------------------------------------------
1  / to Invoke 13 VSA 4950             moot     AA      10/15/15
2  / to Dismiss the Request for Rendition of   granted  AA   10/15/15
=================================================================================

10/12/15   Case filed: Fugitive from Justice.
           Arraignment set for 10/12/15 at 10:30 AM.
           This hearing to take place in Chittenden Criminal Division.
           1 document filed by Attorney James A. Hughes for party 1: Proposed
           Franklin Cty Cond. of Release.
           Arraignment held.  TW/CDVIDEO.  Audio Disk ID: 1 Time: 11:25 AM.
           Appearance entered by Lisa B. Shelkrot on behalf of Defendant Evi H.
           Quaid.
           Entry Order by Judge Thomas Walsh: deft enters plea on not guilty
           defense objects to bail request of $500,000.00 Notes deft has
           significant ties to this community Requests low bail be set with
           instructions to appear in Court in VT or in CA.  Bail Ord: total
           $500000.00 1-2.  Bail Mittimus: Chittenden Regional Corr. Facilty.
           Entry Order by Judge Thomas Walsh: Please set for status promptly set
           with related case of State vs.  Randall Quaid.
10/13/15   Arraignment set for 10/15/15 at 01:00 PM.
10/14/15   1 document filed by Attorney James A. Hughes for party 1: Suplemental
           filing.
10/15/15   Motion to Invoke 13 VSA 4950 filed by Attorney Lisa B. Shelkrot for
           Defendant Evi H. Quaid.Motion to Invoke 13 VSA 4950 given to judge.
           Motion to Dismiss the Request for Rendition of filed by Attorney Lisa
           B. Shelkrot for Defendant Evi H. Quaid.Motion to Dismiss the Request
           for Rendition of given to judge.
           1 document filed by Attorney Lisa B. Shelkrot for party 2: Defense
           Request for Bail.
           Motion given to Judge.
           Arraignment held.  AA/CDVIDEO J Hughes/P Langrock/deft.  Audio Disk
           ID: 1 Time: 01:57 PM.  Bail Ord: total $50000.00 1-3,31-32.  Bail
           Mittimus: Chittenden Regional Corr. Facilty.  Audio Disk ID: 1 Time:
           02:15 PM.
           Entry Order by Judge Alison Arms: Deft is discharged.  Order for
           rendition is dismissed.
           Motion to Dismiss the Request for Rendition of granted by Alison
           Arms.  Parties notified on the record.
           Motion to Invoke 13 VSA 4950 rendered moot by Alison Arms.  Dispute 1
           disposed: Dismissed by court.  Case closed.
```

certified to be a true copy of the
original as the same appears on file in
this office.

Asst. Clerk, Vermont Superior Court
Franklin Unit
5/10/17