John M. Pierce
jpierce@johnpiercelaw.com
John Pierce Law
21550 Oxnard Street, 3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY QUAID, an individual, and EVGENIA QUAID, an individual, | Case No. 2:24-cv-03455-MRA-JPR |
| *Plaintiffs*, | **RESPONSE TO DEFENDANTS R. SCOTT TURICCHI AND LANETTE TURICCHI'S MOTION TO DISMISS** |
| v. | |
| CRAIG GRANET, et al., | |
| *Defendants.* | |
| | Assigned to Judge Mónica Ramírez Almadani for discovery matters |
| | Assigned to Magistrate Judge Jean P. Rosenbluth |
| | **DATE: September 12, 2024** |
| | **TIME: 1:30 p.m.** |
| | **COURTROOM: 10B** |

# **TABLE OF CONTENTS**

RESPONSE TO DEFENDANTS' MOTION TO DISMISS . . . . . . . . . . . . . . . . . .5

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.  CLAIMS I THROUGH III IN PLAINTIFFS' FIRST AMENDED COMPLAINT CLEARLY STATE CLAIMS FOR RELIEF AGAINST DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI, AND THUS, DEFENDANTS' MOTION TO DISMSS FOR FAILURE TO STATE A CLAIM FOR RELIEF SHOULD BE DENIED . . . . . . . . . . . . .12

     **A.** Invasion of Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     **B.** Public Disclosure of Private Facts. . . . . . . . . . . . . . . . . . . . . . . . . 15

     **C.** Conspiracy to Invade Privacy. . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV. CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994). . . .12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . . .12

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1194 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*H & M Assocs. v. City of El Centro*, 109 Cal. App. 3d 399, 413 (1980) . . . . . . . .17

*Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 35 (1994) . . . . . . . . . . . . . . . 13

*In re Henson*, 289 B.R. 730 (Bankr. N.D. Cal. 2002). . . . . . . . . . . . . . . . . . . . . . .5

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Rotibi v. 21st Mortg. Corp.*, No. 2:23-cv-01500-MEMF (SKx), 2023 U.S. Dist. LEXIS 210568 at 6-7 (C.D. Cal. Nov. 22, 2023) . . . . . . . . . . . . . . . . . . . . . . . . .10

*Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Cnty. Of Santa Barbara v. Am. Sur. Co.*, 2013 WL 6018066 (Cal. Ct. App. Nov. 14, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998). . . . . . . . . . . . . . . .10

*U.S. Dept. of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 767 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Weber v. Department of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) . .13

*Wise v. S. Pac.*, 223 Cal. App. 2d 50, 64 (1963) . . . . . . . . . . . . . . . . . . . . . . . . 17

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

**Statutes**

Cal. Penal Code § 13300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

Cal. Penal Code § 13300(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cal. Civ. Code § 47(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8, 9

28 U.S.C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal Const, Art. I § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 14

# **RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

## **I.   INTRODUCTION**

Defendants R. Scott Turicchi and Lannette C. Turicchi (the "Turicchis") filed a motion to dismiss Plaintiffs' First Amended Complaint in this action. ECF No. 93. Their motion to dismiss for failure to state a claim for relief attempts to overlook the release of private information on the Quaids to be used prejudicially against them in the ongoing civil suit.

The Turicchis have stated that the correspondence between their attorney, Craig S. Granet and Senior Deputy District Attorney Anthony S. Davis, was necessary to show the Quaids were still fugitives for a Motion to Strike on the basis of the Doctrine of Fugitive Disentitlement. Def. Mot. to Dismiss at 7. However, the information provided in the screenshot exceeded the scope of what is needed for a Motion to Strike on the basis of the Doctrine of Fugitive Disentitlement. Three elements must be present for a court to dismiss civil action under the fugitive disentitlement doctrine: (1) the plaintiff must be a fugitive; (2) there must be some connection between his fugitive status and the civil action; and (3) dismissal of the action must be necessary to carry out concerns underlying the doctrine. *In re Henson*, 289 B.R. 730 (Bankr. N.D. Cal. 2002). The Turicchis seem to believe the correspondence was necessary to satisfy element (1). This argument fails because the correspondence provided information which far exceeds the scope

of showing the Quaids are, at the present moment, fugitives. In addition to information which could have just stated if the Quaids were fugitives, the email itself provided Craig Granet with the Quaids' active bookings, and charges where there was no active warrant.[1]

Moreover, the information needed to establish whether the Quaids were fugitives was already in the public record. Nearly five years after the issuance of a 2010 bench warrant, the Vermont Superior Court found no reason to hold Randy Quaid in custody on the outstanding California warrant. Judge Arms presiding over the matter in Vermont held that there was insufficient probable cause to extradite Randy Quaid to California.

Additionally, in another public record, the Court of Appeals, Second District, Division 6, in California stated that Randy Quaid was not lawfully required to attend the hearing where the bail bonds had been forfeited. *See Cnty. Of Santa Barbara v. Am. Sur. Co.,* 2013 WL 6018066 (Cal. Ct. App. Nov. 14, 2013).

Thus, as multiple public records existed to gather information for the Turicchis' motion, the actions by their counsel, Craig Granet, aided by the Santa Barabara Sheriff's Department and the State Attorney's office, amount to nothing less than crimes and torts.

---

[1] *See* Exhibit A.

The Turicchis then argue that there is no allegation the summary criminal history information was from the Santa Barbara Sheriff Department's database. The original email was sent from Reginald Serrano's work email address, @sbsheriff.org.[2] Further, Reginald Serrano writes the information is "from [the Santa Barbara Sheriff Department's] jail management system."[3]

Section 13300 of the California Penal Code defines "local summary history information" to include information compiled by any local criminal justice agency including dates of arrests, booking numbers, charges, and similar data. Cal. Penal Code § 13300. As shown in Exhibit A, this is the exact information that was transferred. It is not logical for the Turicchis to write the Penal Code is not applicable because it "only relates to. . . Local summary criminal history information." Def. Mot. to Dismiss at 8.

The Turicchis then proceed to give reasons why even if the information was obtained from the Santa Barbara Sheriff Department's database, the Turicchis are not liable. Among these reasons are: the Turicchis falsely believe that, (1) California's Penal Code provides an exception for judicial proceedings, (2) the information is privileged based on Section 47(b) of the California Civil Code, and (3) the information is not private.

---

[2] *See* Exhibit B.
[3] *See Id.*

1    First, without giving an accurate citation, the Turicchis appear to refer to

2    section (i) of California's Penal Code § 13300. Cal. Penal Code § 13300(i). This

3    section provides for an exception on "information **obtained** from a record in . . . a

4    judicial or administrative proceeding." *Id.* (emphasis added). This argument fails

5    because the information was clearly not obtained from a record in a judicial

6    proceeding. The very simple flaw in this argument is that the information was not

7    obtained from a judicial proceeding. The information was received by private

8    email correspondence. The information was only placed into the record to be used

9    as evidence of the crime being committed. Referring back to Exhibit A, the

10   Turicchis' attorney, Craig Granet, did not receive the information through the

11   public record of a judicial proceeding. He was e-mailed the information by the

12   Senior Deputy District Attorney, who had received the information from an officer

13   of the Santa Barbara County Sheriff's Department.

14   Second, the Turicchis have completely misapplied California Civil Code §

15   47(b) in almost the same way as defendant Susan Williams has misapplied it.[4]

16   California Civil Code § 47(b) "protects participants in judicial proceedings from

17   derivative tort actions based on communications in or regarding the judicial

18   proceeding." Cal. Code Civ. Proc. § 47(b). , California's Litigation Privilege

---

[4] For purposes of furthering the conspiracy charge, let this be yet another glaring example of defendants communicating with one another to disadvantage the Quaids in some manner.

affords **litigants and witnesses** free access to courts without fear of being harassed subsequently by derivative tort actions. *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) (emphasis added). The privilege was originally enacted with reference to defamation. *Id.* at 1064. While it is clear that the litigation privilege protects speech, Rule 47(b) does not extend to crimes unrelated to the judicial proceedings. Thus, the communication is not privileged. It is a crime which violates § 13303 of the California Penal Code. *See* Cal. Penal Code § 13303 ("Any person authorized by law to receive a record or information obtained from a record who knowingly furnishes the record or information to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor.").

Third, the information was not a matter of public record. The information was obtained through e-mail correspondence. Prior to the admission of the information, this data was only available through the Santa Barbara Sheriff Department's warrant system. The Santa Barbara Sheriff Department warrant system and due diligence are not public records. They are to be used for law enforcement only.[5]

The Turicchis repeat the same reasons to dismiss Plaintiffs' Second Claim for Relief for Public Disclosure of Private Facts, as they used for the former claim for relief.

---

[5] *See* Exhibit C.

A public disclosure of private facts has occurred "where 1) there has been a public disclosure of 2) a private fact, 3) which would be offensive and objectionable to the reasonable person and 4) which is not of legitimate public concern." *Rotibi v. 21st Mortg. Corp.*, No. 2:23-cv-01500-MEMF (SKx), 2023 U.S. Dist. LEXIS 210568 at 6-7 (C.D. Cal. Nov. 22, 2023) (quoting *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998)).

The Turicchis have admitted that they used the Quaids' private criminal history to support their Motion to Strike on the basis of the Doctrine of Fugitive Disentitlement. By submitting this information to the Court, they have satisfied element 1, making it a part of the public record. Second, the general public is denied access to criminal-history summaries in nearly every state. *U.S. Dept. of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 767 (1989). "In 47 States nonconviction data from criminal-history summaries are not available at all, and even conviction data are 'generally unavailable to the public.'" *Id.* It is clear from nearly every state's policy, "that individual subjects have a significant privacy interest in their criminal histories." *Id.* The information that was circulated to Craig Granet to be used against the Quaids was not limited in any regard. It included nonconviction data and was nearly the entirety of their criminal history.[6] Finally, the Quaids' criminal information had no public concern. The previous

---

[6] *See* Exhibit D.

Civil Action which the Turicchis refer back to was a quiet title action. Even to show that the Quaids were fugitives to draft their motion, the information circulated far exceeded fugitive status information. Thus, the Quaids' privacy interests were severely intruded upon by the Turicchis when they requested the information and then admitted it into the public record.

The Turicchis then use a very generic argument to dismiss Count III, Conspiracy to Invade Privacy, against them. The Turicchis falsely believe that "there has been no invasion of privacy" and thus, "there can be no claim for conspiracy to invade privacy." Def. Mot. to Dismiss at 9.

As shown above, there is a significant privacy interest in one's criminal-history summary. *Reporters Comm. For Freedom of Press*, 489 U.S. at 763 ("both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person. . . .there is a vast difference between the public records that might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information"). Further, elements of action for civil conspiracy are formation and operation of conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of common design. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994).

Here, there can be no doubt that a conspiracy had been formed. The Turicchis' attorney requested and sought the criminal history information to prejudice the Quaids in a civil matter to quiet title. This information was freely given, without any restrictions or limitations, by employees of the Santa Barbara Sheriff's Department and the Senior Deputy Assistant District Attorney. The criminal-history summary was private and taken from the Santa Barabara County Sheriff Department's clearinghouse of information. The Quaids have been repeatedly damaged and prejudiced against in various court proceedings and have been subject to continuous harassment by the Turicchis.

## II. CLAIMS I THROUGH III IN PLAINTIFFS' FIRST AMENDED COMPLAINT CLEARLY STATE CLAIMS FOR RELIEF AGAINST DEFENDANTS R. SCOTT TURICCHI AND LANNETTE TURICCHI, AND THUS, DEFENDANTS' MOTION TO DISMSS FOR FAILURE TO STATE A CLAIM FOR RELIEF SHOULD BE DENIED

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, there need not be detailed factual allegations, but the Plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a

motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Id*. at 555 (citing Fed. R. Civ. P. 8(a)(2), 28 U.S.C.A.). In reviewing a complaint on motion to dismiss for failure to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to nonmoving party. *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1194 (E.D. Cal. 2009) (citing Fed. R. Civ. P. 12(b)(6)). Thus, to "avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Department of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

### A. Invasion of Privacy

The Quaids have clearly provided more than mere labels, conclusions, and a recitation of the elements of the causes of action. California common law and the California Constitution confers a right to privacy. Cal Const, Art. I § 1. Elements of state constitutional cause of action for invasion of privacy are identification of a specific, legally protected privacy interest, a reasonable expectation of privacy on plaintiff's part, and serious invasion of privacy interest. *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 35 (1994). The California Constitution further provides

1   that arrest records may not be disseminated if it does not further law enforcement

2   or criminal justice. Cal Const, Art. I § 1.

3   In the Quaids' First Amended Complaint, they provide exhibits which show

4   proof of the dissemination of their legally protected privacy interest (criminal

5   history summary). Additionally, all allegations of material fact are taken as true. In

6   the First Amended Complaint, it is alleged that the Santa Barbara County Sheriff

7   Department's database on confidential criminal records (such as warrants) are

8   limited to law enforcement officials and agents. Pl.'s First Am. Compl. at 4. It is

9   alleged that this private information was circulated between Reginald Serrano,

10  Tony Davis, and Craig Granet. *Id.* at 5.

11  The Turicchis have falsely believed that there is "no allegation in Plaintiffs'

12  First Amended Complaint that the Santa Barbara Sheriff's Department Screenshot

13  is part of the master record. . . . and, without that, the use of that screenshot could

14  not be an invasion of privacy." Def. Mot. to Dismiss at 11.

15  The Turicchis are essentially defending their action by stating that because

16  the Quaids did not use the verbatim language, "master record," the claims for relief

17  should be dismissed and their wrongdoings should not be punished. Equitably, this

18  does not logically make sense. Exhibit A itself shows the breadth of information

19  that only a master record of information would contain. The information in the

20  exhibits accompanying Pl. First Am. Compl. is exactly the information that would

be contained in the master record: criminal history, names, date of birth, date of arrests, booking numbers, charges, and similar data. *See* Cal. Penal Code § 13300.

Thus, the Turicchis' argument fails for two reasons. First, if crimes and wrongdoings would simply be dismissed for failure of Plaintiffs to use verbatim language, there would rarely be accountability for criminals and tortfeasors. Second, without using the words "master record" Plaintiffs have pleaded with enough facts that the "record or information" of the Quaids was furnished to persons not authorized by law, which is a misdemeanor. *See* Cal. Penal Code § 13303.

### B. Public Disclosure of Private Facts

The Turicchis then give a very brief defense against Plaintiffs' second claim for relief, Public Disclosure of Private Facts. The Turicchis then cite to two cases relied upon in the First Amended Complaint but fail to compare them to the present matter. *See* Def. Mot. to Dismiss at 14. In citing to *Hill,* 7 Cal. 4th 1, 37, the Turicchis take a line the court used to discuss defenses to a state constitutional privacy cause of action. However, the quote they used from *Hill*, "Not every act which has some impact on personal privacy invokes the protections of our Constitution," does not discuss dissemination of criminal-history summaries. Def. Mot. to Dismiss at 14. If the Turicchis had included (or analyzed) the court's full analysis, they would see that the court was explaining that there is no violation if

the invasion is justified by a competing interest. *Hill,* 7 Cal. 4th 1, 38. Further, the court explained that "Legitimate interests derive from the legally authorized and socially beneficial activities of government and private entities." *Id.* In *Hill*, the court found that the NCAA as a private organization had a legitimate competing interest in their drug testing program – "to protect the integrity of competition through the medium of accurate testing of athletes engaged in competition." *Id.* at 54. In support of their holding that there was no invasion of privacy, "only those with a 'need to know' learn of the positive [results of a drug test]." This is strikingly different from the present matter. The Quaids' personal criminal information, which revealed much more information than purely drug use, was admitted to the public record. Not only those on a "need to know" basis would find out about their **entire** criminal history, but several of the defendants who had no reason to inquire about the information received it. *Id.* The Quaids have plausibly pleaded and alleged this in their amended complaint. *See* Pl.'s First Am. Compl. ¶ 38.

### C. Conspiracy to Invade Privacy

The Turicchis' argument that the Plaintiffs' third claim for relief for alleged conspiracy to invade privacy has a fatal defect. They simply support their position for dismissal because there is an absence of "any wrongful act or acts." It has been made clear that the Turicchis have committed an invasion of privacy by requesting

and circulating the Quaids' private information (criminal-history summary). Further, they are liable for the public disclosure of those private facts when they became a part of the circulation and e-mail chain where that information was shared. These facts are well-pleaded in Plaintiffs' First Amended Complaint. Pl. First Am. Compl. ¶¶ 44, 45, 47.

A civil conspiracy requires a formation and operation of the conspiracy, wrongful acts or acts done pursuant to the conspiracy, and damage resulting from those acts. *H & M Assocs. v. City of El Centro*, 109 Cal. App. 3d 399, 413 (1980) (quoting *Wise v. S. Pac.*, 223 Cal. App. 2d 50, 64 (1963) (establishing the elements required to state a cause of action for civil conspiracy)). Plaintiffs have plausibly stated that direct lines of communication existed between defendants, which included counsel for the Turicchis during the civil matter. Pl. First Am. Compl. ¶ 44. Exhibits attached to the First Amended Complaint show, in writing, these lines of communication to have existed.

Thus, taking what Plaintiffs allege as true along with the material evidence within the exhibits, it would be inappropriate to dismiss the third cause of action as to the Turicchis.

### III. **CONCLUSION**

For the foregoing reasons, Randy and Evgenia Quaid respectfully requests the Court to deny defendants R. Scott Turicchi and Lannette Turicchi's motion.

DATED: August 27, 2024                                          Respectfully Submitted,

                                                                John Pierce Law
                                                                By: /s/ John M. Pierce
                                                                John M. Pierce

                                                                *Attorney for the Plaintiffs*


## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Plaintiffs Randy and Evgenia Quaid, certifies that this brief contains 3,050 words, which complies with the word limit of Local Rule 11-6.1 of the Local Rules of this Court.

                                                                By: */s/ John. M. Pierce*
                                                                John M. Pierce