UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND [ECF 75, 76, 77, 78, 88, 93] AND DEFENDANT BRUCE BERMAN'S MOTION FOR AN ORDER DECLARING PLAINTIFFS VEXATIOUS LITIGANTS [ECF 60]**

Before the Court are Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (the "Motions to Dismiss") and Defendant Bruce Berman's Motion to Declare Plaintiffs Vexatious Litigants and to Impose a Pre-Filing Order on Plaintiffs and for an Award of Costs Including Attorneys' Fees (the "Vexatious Litigants Motion") (collectively, the "Motions"). ECF 60, 75, 76, 77, 78, 88, 93. The Court read and considered the Motions and held a hearing on October 31, 2024. ECF 125. For the reasons stated herein, the Court **GRANTS** the Motions to Dismiss without leave to amend and the Vexatious Litigants Motion.

## I. BACKGROUND[1]

Plaintiffs Randy and Evgenia Quaid ("Plaintiffs" or the "Quaids") filed the instant action on April 26, 2024. ECF 1. The initial Complaint alleged that on November 25, 2019, Defendants R. Scott Turicchi and Lanette Turicchi (the "Turicchis") brought a quiet title action in Santa Barbara Superior Court against Plaintiffs in property located at 1355 East Mountain Drive, Santa Barbara, California (hereinafter, the "Quiet Title Action"). *Id.* ¶¶ 1-2, at 2. In selling the property to the Turicchis, Defendant Bruce Berman purportedly forged the Quaids' signature on

---

[1] When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See infra* II. As such, the factual background is described herein as alleged in Plaintiffs' Complaint and First Amended Complaint ("FAC"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. NEA*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

the deed to the property. *Id.* ¶¶ 12-14, at 3. Defendant Craig Granet was counsel for the Turicchis in the Quiet Title Action. *Id.* ¶ 6. On November 10, 2020, the Quaids filed a cross-complaint in the Quiet Title Action naming Defendant Fidelity National Title Insurance Company ("Fidelity"), represented by Defendant James Hepworth, (collectively, "Fidelity Defendants") as cross-defendants. *Id.* ¶¶ 9-10, at 3. On May 3, 2023, the Quaids filed a fifth amended cross-complaint in the Quiet Title Action. *Id.* ¶ 3, at 2.

On June 7, 2023, Defendant Reggie Serrano, an employee of the Santa Barbara Police Department ("SBPD"), accessed a police database to obtain mug shots, warrant status, and jail inmate records of the Quaids, and then sent that information to Defendant Anthony Davis, an Assistant District Attorney with Defendant Santa Barbara County's District Attorney's Office (the "D.A.'s Office") (collectively, "County Defendants"). *Id.* ¶¶ 4-5. Davis then forwarded that information to Granet. *Id.* ¶ 6. The Quaids allege that Granet intended to use this information to "defame" the Quaids in the civil case and that he was aided by Davis and Serrano. *Id.* ¶ 8, at 3. It appears—though it is not entirely clear in the initial Complaint—that Hepworth responded to their Cross-Complaint with assistance from Defendant Susan Williams, who was Berman's counsel in the Quiet Title Action and is Berman's attorney in this case. *See id.* ¶¶ 14, 15. On these facts, Plaintiffs asserted the following claims in their initial Complaint: (1) unauthorized furnishing of criminal history information, (2) conspiracy, and (3) forgery against Berman. *Id.* at 5-7.

Plaintiffs served all Defendants except Serrano with process. ECF 51 through 55. Between May 22, 2024, and May 30, 2024, all Defendants who were served moved to dismiss the original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 58, 64, 66, 70. Fidelity Defendants and Granet in their initial motions raised, among other arguments, that Plaintiffs' claims are barred by litigation privilege as set forth in California Civil Code § 47(b). *See* ECF 66 at 11; ECF 70 at 9-11. On May 22, 2024, Berman also filed the instant Vexatious Litigants Motion. ECF 60. Plaintiffs filed an Opposition to the Vexatious Litigants Motion. ECF 100. Berman filed a Reply. ECF 110.

On June 12, 2024, prior to adjudication of the initial motions to dismiss, Plaintiffs filed the operative First Amended Complaint ("FAC"). ECF 72. In the FAC, Plaintiffs allege once more that on June 7, 2023, Serrano accessed the Quaids' criminal history and arrest records. *Id.* ¶ 27. Serrano disseminated those records to Davis. *Id.* ¶ 28. Davis then circulated this information to Granet, legal counsel for the Turicchis. *Id.* ¶ 29. Serrano, Davis, Granet, and Williams maintained "direct lines of communication" to discuss the Quaids' criminal history and arrest records, and they acted in concert to publicize this information. *Id.* ¶¶ 44, 45. As to Berman, the Quaids allege that he falsely signed for Randy Quaid, without authorization, to transfer title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

of the Mountain Drive property from the Quaids to the Turrichis, and in doing so, falsified the deed. *Id.* ¶¶ 55-58. Notably, the Quaids omit any explicit mention of the Quiet Title Action. *Cf. id.* ¶ 11 (disclosing that they filed a cross-complaint in "the Civil Lawsuit"), ¶ 29 (disclaiming that Granet was legal counsel for the Turicchis). On these amended facts, Plaintiffs allege the following claims: (1) invasion of privacy, (2) public disclosure of private fact, (3) conspiracy to invade privacy, (4) negligent supervision, against Santa Barbara County only, and (5) slander of title, against Berman only. *Id.* ¶¶ 22-61.

Defendants filed the instant Motions to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 75 through 78, 88, 93. Plaintiffs opposed the Motions to Dismiss. ECF 96, 98, 99, 100, 104, 108. Defendants filed Replies. ECF 109 through 115.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "fail[ure] to state a claim upon which relief [can] be granted." When deciding a motion to dismiss under Rule 12(b)(6) "all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Although the court "must accept as true all of the allegations contained in a complaint," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

## III. DISCUSSION

### A. Claim Presentation Requirement (Claims 1-4 against County Defendants)

The California Government Claims Act ("CGCA") requires the presentation of "all claims for money or damages against local public entities." Cal. Gov't Code § 905. Claims for personal injury and property damage must be presented within six months after accrual, and all other claims must be presented within a year. *Id.* § 911.2. The claim presentation requirement applies to causes of action against a public entity as well as those against a public employee for acts or omissions in the scope of their employment. *Id.* § 950.2. "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . ." *Id.* § 945.4. As such, "[t]he filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012) (quoting *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 767 (2002)); *see also City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 ("[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.").

"The claimant bears the burden of ensuring that the claim is presented to the appropriate public entity." *DiCampli-Mintz*, 55 Cal. 4th at 991. A claim must be delivered or mailed to "the clerk, secretary, or auditor" of the public entity. Cal. Gov't Code § 915(a). If a claim is not timely delivered or misdirected, a claim is deemed presented if it was "actually received by the clerk, secretary, auditor, or board of the local public entity." *Id.* § 915(e)(1). "If an appropriate public employee or board never receives the claim, an undelivered or misdirected claim fails to comply with the statute." *DiCampli-Mintz*, 55 Cal. 4th at 992.

In their Motion to Dismiss, County Defendants argue that Plaintiffs failed to allege compliance with the claim presentation requirement under the CGCA. ECF 76 at 10. It is true that the FAC does not contain any allegations that Plaintiffs satisfied the claim presentation requirement. Plaintiffs' "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *State v. Superior Ct.*, 32 Cal. 4th 1234, 1239 (2004).

In their Opposition, Plaintiffs contend that they "substantially complied" with the claim presentation requirement because they contacted three SBPD officers via email prior to filing suit. ECF 96 at 8, Ex. 1. Plaintiffs assert that these emails "clearly outlined the nature of the claim and the potential for litigation if not addressed." *Id.* at 9. As an initial matter, Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

allegations—raised for the first time in their Opposition—are irrelevant on a Rule 12(b)(6) motion to dismiss because they do not appear in the operative pleading. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

However, even if the Court were to consider Plaintiffs' emails, Plaintiffs would still fail to plausibly allege substantial compliance with the claim presentation requirement. The emails were clearly misdirected because they were sent to SBPD officers, not the entity's clerk, secretary, auditor, or board. And Plaintiffs fail to plausibly allege that the appropriate employees actually received the claim as required under section 915(e)(1). Absent actual receipt, Plaintiff cannot show substantial compliance. *See DiCampli-Mintz*, 55 Cal. 4th at 991-92 (reversing lower court's finding of substantial compliance where the claimant failed to satisfy either section 915(a) or 915(e)(1)). The emails are also not in the form and content required by statute. *See, e.g.*, Cal. Gov't Code §§ 910(a)-(b), (f) (requiring disclosure of claimant's name, post office address, and amount of damages claimed).

Accordingly, the Court **GRANTS** County Defendants' Motion to Dismiss for failure to comply with the CGCA's claim presentation requirement and **DISMISSES** Claims 1-4 against County Defendants.[2]

### B.   Litigation Privilege (Claims 1-4 against Granet, Fidelity Defendants, Williams, and the Turicchis)

Section 47(b) of the California Civil Code provides, in pertinent part, that a publication or broadcast made in "any . . . judicial proceeding" is privileged. This privilege is given "broad interpretation." *Silberg v. Anderson*, 50 Cal. 3d 205, 211 (1990). It "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* at 212. To be in furtherance of the objects of the litigation, a communication need only "be connected with, or have some logical relation to, the action." *Id.* at 220. The privilege applies to even those communications "made outside the courtroom and [with] no function of the court or its officers." *Id.* at 212. It is well-established that litigation privilege "bars all tort causes of action except malicious prosecution." *Jacob B. v.*

---

[2] The Court does not address County Defendants' additional arguments for dismissal pursuant to Rule 12(b)(6), including the sufficiency of Plaintiffs' factual allegations and immunity, because the CGCA clearly bars Plaintiffs' claims against the County. *See* ECF 76 at 10-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

*Cnty. of Shasta*, 40 Cal. 4th 948, 960 (2007).  This includes causes of action for invasion of privacy, as well as constitutionally based privacy causes of action.  *Id.* at 960-61.

Fidelity Defendants, Granet, Williams, and the Turicchis argue that their alleged conduct is protected by litigation privilege.  ECF 77 at 12; ECF 78 at 7-9; ECF 88 at 8-9; ECF 93 at 13.  Each was either a party or attorney of record in the Quiet Title Action.  *See generally* ECF 1 ¶¶ 1-15, at 2-3.  That Plaintiffs amended their pleading to avoid explicitly mentioning the Quiet Title Action is of no moment.  *See Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1025 n.12 (E.D. Cal. 2012) ("A prior pleading may be superseded as a pleading, but the prior pleading may be admissible in evidence against the pleader; e.g., as an admission or prior inconsistent statement by the pleader."), *aff'd sub nom. Robinson v. Jewell*, 790 F.3d 910 (9th Cir. 2015).  The Court also takes judicial notice of the relevant filings in the Quiet Title Action, specifically the Turicchis' requests for judicial notice in support of their motion to strike the Quaids' fifth amended cross-complaint.[3]

Plaintiffs' pleadings reflect that the Quaids filed a cross-complaint in the Quiet Title Action

---

[3] The Turicchis request that the Court take judicial notice of the following court filings, *inter alia*: (1) their request for judicial notice in support of their motion to strike the Quaids' fifth amended cross-complaint, including exhibits P and Q attached to the request and (2) their request for supplemental judicial notice of amended exhibit Q.  ECF 94 ¶¶ 1-2, Exs. A-B.  Granet, who was the Turicchis' counsel in the Quiet Title Action, requests judicial notice of the same.  ECF 77-1 ¶¶ 1-2, Exs. A-B; ECF 59.  Federal Rule of Evidence 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).  "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).  A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  "While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the 'representations having been made therein.'"  *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012) (quoting *San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1216 n.1 (E.D. Cal. 2011)).  Because the Quiet Title Action and the requests for judicial notice filed therein bear a direct relation to the matter at hand, the Court grants the Turicchis' and Granet's Requests for Judicial Notice ("RJNs").  Plaintiffs did not oppose the RJNs.  Because the requests are identical in this respect, the Court cites to only the Turicchis' RJN.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

on May 3, 2023. ECF 1 ¶ 3, at 2; *see also* ECF 94 (Turicchis RJN) ¶ 1, Ex. A at 9, 61-62. On June 12, 2023, Granet, on behalf of the Turicchis, filed a motion to strike the fifth amended cross complaint on the ground, among others, that the Quaids are precluded from filing a cross-complaint pursuant to the doctrine of fugitive disentitlement. ECF 93 at 7; ECF 94 ¶¶ 1-2, Exs. A, B. In support of their motion to strike, the Turicchis requested that the D.A.'s Office provide evidence that the Quaids were still fugitives from justice at the time of their motion. ECF 93 at 7; ECF 94 ¶¶ 1-2, Exs. A, B. Serrano at SBPD obtained the relevant records, sent them to Davis at the D.A.'s Office, who then forwarded the information to Granet. ECF 1 ¶¶ 4-6, at 2; ECF 72 ¶ 27. Hepworth also communicated with Serrano, Davis, and Granet to elicit the Quaids' records. ECF 72 ¶ 13. Williams maintained "direct lines of communication" with the other Defendants to discuss the records. *Id.* ¶ 44. Granet, on behalf of the Turicchis, then requested that the state court take judicial notice of a screenshot of the records, attached as exhibit Q, to establish that the Quaids were still fugitives at the time. ECF 94 ¶ 1, Ex. A. at 10, 73-78. On July 10, 2023, the Turicchis filed a supplemental request for judicial notice of the amended exhibit Q in support of their demurrer. ECF 94 ¶ 2, Ex. B at 81-93. The amended exhibit Q included a June 7, 2023, cover email from Davis to Berman, also attached to the FAC, providing additional context surrounding the screenshot of records previously submitted. *Id.* at 87; ECF 72 ¶ 29 n.1, Ex. A.

It is clear that the Quaids' criminal records were obtained, shared, and submitted in connection with judicial proceedings in the Quiet Title Action. Put differently, the publication underlying Plaintiffs' invasion of privacy claims consists of a communication made in judicial proceedings, by litigants, to achieve the objects of litigation, that has some logical relation to the action. *See Silberg*, 50 Cal. at 212. Even if the publication of Plaintiffs' criminal records did not further the interests of justice, litigation privilege is absolute and unmistakably attaches. *Id.* at 218 (rejecting an "interest of justice" exception to litigation privilege).

In their Oppositions, Plaintiffs argue that section 47(b) does not shield Defendants from liability because it does not cover noncommunicative conduct. *See, e.g.*, ECF 98 at 11; ECF 104 at 3-4; ECF 105 at 8-9. Plaintiffs' reliance on *Kimmel v. Goland*, 51 Cal. 3d 202 (1990), is misplaced. In *Kimmel*, the court narrowly held that the litigation privilege does not shield a person from liability for illegally recording confidential telephone conversations in anticipation of litigation. 51 Cal. 3d at 205 (explicitly disclaiming that its holding is "limited to the narrow facts before us involving noncommunicative acts—the illegal recording of confidential telephone conversations—for the purpose of gathering evidence to be used in future litigation"). It does not support Plaintiffs' contention that Defendants' submission of Plaintiffs' criminal records in court proceedings and the communicative acts leading up to their filing are noncommunicative acts that falls outside of the litigation privilege.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

Litigation privilege is intended "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg*, 50 Cal. 3d at 213 (internal citation omitted). That purpose is duly served here. Accordingly, the Court **GRANTS** Granet's, Fidelity Defendants', Williams', and the Turicchis' Motions to Dismiss on this ground alone and **DISMISSES** Claims 1-4 against them.[4]

### C. Res Judicata and Two-Dismissal Rule (Claim 5 against Berman)

Berman argues that Plaintiffs' slander-of-title claim against Berman is precluded because Plaintiffs have voluntarily dismissed several prior actions in state court or federal court against Berman alleging that he forged the deed to the Mountain Drive property. ECF 75 at 9-10.

"Generally, a plaintiff's voluntary dismissal of its case is 'without prejudice.'" *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024) (quoting Fed. R. Civ. P. 41(a)(1)(B)). However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). To trigger the so-called "two-dismissal rule," the movant must show that "(1) the plaintiff voluntarily dismissed an action in either state or federal court, (2) thereafter the plaintiff voluntarily dismissed a second action pending in federal court, (3) the two dismissals concerned the same claim, and (4) the plaintiff seeks to raise the twice-dismissed claim again in federal court." *Rose Ct.*, 119 F.4th at 685. "The two-dismissal rule is analogous to the res judicata inquiry." *Id.* at 686; *see also Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

The Court takes judicial notice of the filings in *Quaid v. Boyett*, No. 2:20-cv-010761-FMO-MAA (C.D. Cal.) (hereinafter, the "2020 Federal Action").[5] The complaint filed in the 2020 Federal Action alleged that Berman and his wife "fraudulently and negligently acquired and transferred to themselves real property . . . belonging to plaintiffs." ECF 59 at 4, Ex. 16 ¶¶ 17,

---

[4] Based on this holding, the Court need not address the numerous other grounds for dismissal submitted by Berman, the Turicchis, Fidelity Defendants, and Williams.

[5] Berman requests that the Court take judicial notice of the following filings in *Quaid v. Boyett*, No. 2:20-cv-010761-FMO-MAA (C.D. Cal.): (1) the complaint, (2) the first amended complaint, and (2) the Quaids' notice of dismissal. ECF 59 at 4, Exs. 16-18. Because these documents are appropriately subject to judicial notice, *see Black*, 482 F.3d at 1041, the Court takes judicial notice of their contents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

37. The Quaids further alleged that the Bermans "transferred the property to a third party." *Id.* ¶¶ 19, 37. The Quaids brought a single claim against Berman for negligent interference with prospective economic advantage, based in part on the allegations that the Bermans "engaged in wrongful and negligent conduct through their fraudulent acquisition and transfer of plaintiff's real property without plaintiff's knowledge or consent." *Id.* ¶ 40. Plaintiffs voluntarily dismissed the 2020 Federal Action on May 30, 2021. ECF 59 at 4, Ex. 18.

The sole claim brought against Bruce Berman in this case is for slander of title. ECF 72 ¶¶ 54-61. Plaintiffs allege that Berman "falsely signed Randy Quaid's signature to transfer the title of [the Santa Barbara property] from the Quaids to the Turrichis [sic]." *Id.* ¶ 55. "The key question in determining whether the claims are the same 'is whether the two suits arise out of the same transactional nucleus of facts." *Rose Ct.*, 119 F.4th at 686 (quoting *Owens*, 244 F.3d at 714). That is, "a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action." *Id.*; *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."). It is clear that Plaintiffs could have brought their slander-of-title claim in the 2020 Federal Action because it is based on the same transactional nucleus of facts.

The Court takes judicial notice of the documents filed in *Quaid v. Berman*, No. 2:21-cv-04793-ODW-JPR (C.D. Cal.) (the "2021 Federal Action").[6] The Quaids' verified complaint in the 2021 Federal Action, filed on June 11, 2021, alleged that in January 1992, Berman caused to be recorded a purportedly forged grant deed and deed of trust, and that both instruments were fraudulent instruments. ECF 59 at 4, Ex. 22 ¶¶ 15-17. On these facts, the Quaids brought claims for, *inter alia*, quiet title and declaratory relief. *Id.* ¶¶ 33-49. The Quaids filed a notice of voluntary dismissal in the 2021 Federal Action on October 8, 2021. ECF 59 at 5, Ex. 25. On October 13, 2021, the district court issued a minute order dismissing the case and further advising the Quaids of the two-dismissal rule. *Id.* at 5, Ex. 26. Once more, because Plaintiffs' claims in the 2021 Federal Action are based on the same transactional nucleus of facts, their slander-of-title

---

[6] Berman requests that the Court take judicial notice of the following filings in *Quaid v. Berman*, No. 2:21-cv-04793-ODW-JPR (C.D. Cal.): (1) the complaint, (2) the declaration of Susan Williams, (3) Berman's motion to dismiss the Quaids' first amended complaint, (4) the Quaids' notice of dismissal, and (5) civil minutes regarding the notice of voluntary dismissal. ECF 59 at 4-5, Exs. 22-26. Because these documents are appropriately subject to judicial notice, *see Black*, 482 F.3d at 1041, the Court takes judicial notice of their contents.

Case 2:24-cv-03455-MRA-JPR   Document 127   Filed 01/03/25   Page 10 of 16   Page ID #:2512

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

claim could have been brought in the 2021 Federal Action.

The two-dismissal rule squarely applies to and precludes Plaintiffs' slander-of-title claim against Berman in this action. The purpose of the two-dismissal rule is to "limit[] a plaintiff's right to repeatedly dismiss the same claims to the detriment of the defendant and the court's docket." *Rose Ct.*, 119 F.4th at 687. Application of the rule in this case vindicates these interests. Accordingly, the Court **GRANTS** Berman's Motion to Dismiss on this ground and **DISMISSES** Claim 5.[7]

### D.  Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, "[t]he court should freely give leave when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Owens*, 244 F.3d at 712 (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Notwithstanding the liberal standard under Rule 15(a), leave is "not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). In determining whether to grant leave to amend, courts balance the following factors: (1) undue delay; (2) bad faith or dilatory motive of the moving party; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the non-moving party by virtue of allowance of the amendment; and (5) futility of amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that dismissal without leave to amend is appropriate because further

---

[7] Because the claim against Berman is barred, the Court need not address Berman's additional argument for dismissal on statute of limitations grounds. ECF 75 at 10-13. In their Opposition, Plaintiffs argue that discovery is needed to state additional claims for relief against Berman. ECF 99 at 8-9. Apart from alluding to a vague "conspiracy" between Defendants, it is altogether unclear what claims or factual allegations underlying those claims Plaintiffs intend to assert against Berman in an amended pleading. And it is well-established that under federal pleading requirements, a plaintiff cannot "unlock the doors of discovery . . . armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. Plaintiffs impermissibly attempt to do so here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

amendment would be futile. In filing an amended pleading that omitted any mention of the underlying Quiet Title Action, Plaintiffs engaged in dilatory tactics designed to obfuscate the issues and avoid defenses alleged by Defendants in their initial motions to dismiss. These tactics only served to delay proceedings and prejudice Defendants by requiring them to reassert the same defenses. Crucially, because the grounds for dismissal discussed above are absolute bars to liability, further amendment would be futile. Specifically, Plaintiffs cannot overcome the claim presentation requirement, litigation privilege, and the two-dismissal rule. As to the claim presentation requirement, the Court considered additional facts submitted by Plaintiffs in their Opposition and found that Plaintiffs nevertheless failed to allege presentation of a claim. And Plaintiffs cannot escape the conclusions that the communications underlying their privacy claims are privileged and that their claims against Berman are precluded, having been previously alleged and voluntarily dismissed in federal court at least twice.

Accordingly, the Court **DENIES** leave to amend and **DISMISSES** Plaintiffs' claims with prejudice.

### E. Declaring Plaintiffs Vexatious Litigants, Pre-Filing Order, and Award of Costs

Berman moves the Court to declare the Quaids vexatious litigants, issue a pre-filing order restricting their ability to bring future litigation against Berman in this court, and award Berman costs and attorneys' fees under Federal Rule of Civil Procedure 41(d). ECF 60. Local Rule 83-8.1 declares it the policy of this district "to discourage vexatious litigation and to provide persons who are subject to vexatious litigation with security against the costs of defending such litigation and appropriate orders to control such litigation."

#### 1. *Vexatious Litigants and Pre-Filing Order*

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). However, such pre-filing orders are an "extreme remedy that should rarely be used." *Molski*, 912 F.2d at 1057. "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.* "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Id.* (quoting *De Long*, 912 F.2d at 1148).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

The Ninth Circuit has outlined four factors for district courts to consider before entering a pre-filing order:

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Molski*, 500 F.3d at 1057 (internal citations and quotation marks omitted).[8]

The first factor, notice and opportunity to be heard, is "a core requirement of due process." *Id.* at 1058. Berman noticed and served his Vexatious Litigants Motion. ECF 60. The Quaids opposed the Vexatious Litigants Motion and were given an opportunity to be heard on the matter. *See* ECF 100, 125. Plaintiffs therefore "had fair notice of the possibility that [they] might be declared [] vexatious litigant[s] and have a pre-filing order entered against them." *Molski*, 500 F.3d at 1058.

The second factor, an adequate record for review, should include "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1063 (quoting *De Long*, 912 F.2d at 1147). The court need not list every case filed by the Quaids, but it should "outline and discuss many of them." *Molski*, 500 F.3d at 1059. The Court takes judicial notice of the relevant filings in the following state- and federal-court cases:[9]

(1) *Quaid v. City National Bank*, No. BC444264 (Cal. Super. Ct.): On August 20, 2010, the Quaids filed a complaint, *pro se*, alleging that living trust documents were fraudulently prepared to steal their assets by, among others, Berman. ECF 59 at 3, Ex. 1.

(2) *Turicchi v. Quaid*, No. 19CV06268 (Cal. Super. Ct.): On October 7, 2020, the Quaids filed a cross-complaint, *pro se*, against Berman, among others, alleging that Berman forged the deed. *Id.* at 3, Ex. 3. Berman filed a demurrer to the cross-complaint asserting, among other things, that the cross-complaint showed that the Quaids' forgery claim was barred by the statute of limitations. *Id.* at 3, Ex. 4. Prior to the hearing on the demurrer, the Quaids filed a cross-

---

[8] Plaintiffs erroneously cite the state law standard for classifying an individual a vexatious litigant. ECF 100 at 7-15.

[9] As explained above, filings in other court proceedings are appropriately subject to judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

complaint on December 30, 2020.  *Id.* at 3, Ex. 5.  Berman once more filed a demurrer set for hearing on June 7, 2021.  *Id.* at 3, Exs. 6, 7.  On May 17, 2021, before the demurrer could be heard, the Quaids filed a request to dismiss their cross-action.  *Id.* at 3, Ex. 9.  Two years later, the Quaids through counsel filed a fifth amended cross-complaint once more naming Berman. *Id.* at 3, Ex. 11.  Once again, Berman filed a demurrer on August 7, 2023.  *Id.* at 4, Ex. 12.  The Quaids then filed a request to dismiss the fifth amended cross-complaint on July 19, 2023.  *Id.* at 4, Ex. 13.  On September 11, 2023, the state court issued an order granting Berman's motion to declare the Quaids vexatious litigants, *id.* at 4, Ex. 14, and on September 13, 2023, it issued a pre-filing order.  *Id.* at 4, Ex. 15.

(3) *Quaid v. Boyett*, No. 2:20-cv-10761-FMO-MAA (C.D. Cal.): As discussed above, the complaint filed in this action alleged that Berman and his wife fraudulently and negligently acquired and transferred to themselves real property belonging to plaintiffs.  ECF 59 at 4, Ex. 16. Plaintiffs voluntarily dismissed their claims on May 30, 2021.  ECF 59 at 4, Ex. 18.

(4) *Quaid v. Berman*, No. 2:21-cv-04793-ODW-JPR (C.D. Cal.):   As discussed above, the Quaids filed a complaint on June 11, 2021, alleging that Berman forged the deed.  *Id.* at 4, Ex. 22. Berman filed a motion to dismiss the Quaids' pleading and declare them vexatious litigants on September 8, 2021.  *Id.* at 4, Ex. 24.  The Quaids thereafter filed a notice of dismissal on October 8, 2021.  *Id.* at 5, Ex. 25.  On October 13, 2021, the court entered its order dismissing the action and denying Berman's pending motion as moot, noting that if the Quaids previously dismissed any federal or state court action based on or including the same claim, their notice of dismissal operated as an adjudication on the merits.  *Id.* at 5, Ex. 26.

(5) *Quaid v. Turicchi*, No. 2:21-cv-08127-PA-AFM (C.D. Cal.): The Quaids filed a complaint, *pro se*, on October 11, 2021, alleging that Berman forged the deed.  *Id.* at 5, Ex. 33. The court dismissed the complaint with leave to amend for lack of subject matter jurisdiction on December 14, 2021.  *Id.* at 5, Ex. 34.  On December 14, 2021, the court dismissed the action without prejudice, finding that the Quaids had abandoned their claims for failing to file an amended complaint.  *Id.* at 5, Ex. 35.

(6) *Quaid v. Granet*, No. 2:23-cv-06850-MRA-JPR (C.D. Cal.):  The Quaids filed a complaint on August 18, 2023, alleging in part that Berman stole their identities and conspired to forge the deed.  *Id.* at 6, Ex. 36.  On March 22, 2024, the court issued an order to show cause why the action should not be dismissed for lack of prosecution.  *Id.* at 6, Ex. 37.  Berman filed a motion to dismiss on April 15, 2024, arguing lack of personal jurisdiction, defects in process, and defects in purported service of process.  *Id.* at 6, Ex. 38.  On April 23, 2024, the court dismissed the action without prejudice for failure to prosecute and denied as moot Berman's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

motion to dismiss. *Id.* at 6, Ex. 39.

The third factor "gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059. "To decide whether the litigant's actions are frivolous or harassing, the district court must 'look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims.'" *Id.* (quoting *De Long*, 912 F.2d at 1148). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). It is evident from the list of cases and related filings above that the Quaids have purposefully engaged in a pattern of filing duplicative actions against Berman in state and federal court for the sole purpose of harassing Berman and causing the courts to needlessly expend judicial resources. The Quaids' malicious intent is evident from the fact that they have been on notice since at least December 2020 that their forgery claim against Berman is time-barred, *see* ECF 59 at 3, Ex. 4, but to avoid an adverse dismissal, they have strategically filed frivolous amended pleadings or voluntarily dismissed their actions only to re-file duplicative claims in another court, *see id.* at 3-4, Exs. 6, 9, 12, 13, 23. Plaintiffs' claims are "not only . . . numerous, but . . . also patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Plaintiffs' conduct evidences a pattern of harassment.

In their Opposition, the Quaids concede, as they must, that they have filed and subsequently dismissed multiple actions. ECF 100 at 15. However, they insist that this was "not a strategic tactic," but "due to procedural issues many of which were caused by pandemic related disruptions or because Plaintiffs did not fully understand the complexities of the judicial process." *Id.* The Court is not persuaded by this explanation, which is not supported by any sworn declaration of Plaintiffs. Moreover, Plaintiffs' detailed pleadings in each of the above listed cases indicates that Plaintiffs, though often *pro se*, operated with sophistication and with a clear understanding of the legal process.

Courts should also consider "whether other, less restrictive options, are adequate to protect the court and parties," including sanctions pursuant to Federal Rule of Civil Procedure 11. *Ringgold-Lockhart*, 761 F.3d at 1064. Although "Rule 11's express goal is deterrence," *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994), the Court finds that Plaintiffs' pattern of malicious conduct evidences a blatant disregard of rules of practice in this district and indicates that Plaintiffs are not likely to be deterred by a case-limited sanction under Rule 11.

The fourth and final factor, narrow tailoring, is generally satisfied where the scope of the pre-filing order is limited to "only the type of claims [a litigant] had been filing vexatiously." *Molski*, 500 F.3d at 1061. The requested pre-filing order provides in relevant part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

> [T]he Clerk of the Court is directed not to accept further filings from Randy Quaid or Evgenia Quaid, or anyone acting on their behalf, asserting claims against Berman relating to the real property located at 1355 East Mountain Drive, Santa Barbara, California, or proceedings involving that property, without written authorization from a judge of the Court or a Magistrate Judge, issued upon a showing of the evidence supporting the claim as the judge may require.

ECF 60-1.

The Court finds that the requested relief is narrowly tailored to the type of claims that the Quaids have been filing vexatiously against Berman. Accordingly, the Court **GRANTS** Berman's Vexatious Litigants Motion and **DECLARES** Plaintiffs vexatious litigants.

### 2. *Award of Costs*

Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper[.]" Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank Nat'l Assoc.*, 971 F.2d 103, 108 (8th Cir. 1992)); *see also Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983). An award under Rule 41(d) is appropriate where the litigant "has failed to present a persuasive explanation for the course of litigation . . . and it is clear that defendants have incurred needless expenditures as a result." *Esquivel*, 913 F. Supp. at 1388.

Having concluded that the slander-of-title claim asserted by the Quaids in the instant action is identical, or near identical, to claims previously asserted against Berman in dismissed state- and federal-court actions, the Court finds that an award of costs under Rule 41(d) is appropriate. Courts generally require the movant to submit supplemental briefing and evidence in support of the request and provide the non-movant an opportunity to respond. *See, e.g.*, *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 1009, 1028 (C.D. Cal. 2022) (requiring the defendant to file supplemental briefing as to the relevant costs and granting plaintiff leave to file an opposition); *Owen v. Hyundai Motor Am.*, No. 2:22-cv-00882-KJM-CKD, 2023 WL 2529782, at *4 (E.D. Cal. Mar. 15, 2023) (ordering the defendant to file "a supplemental declaration showing what costs and fees it represents it incurred needlessly as a direct result of [plaintiff's] dismissal and refiling"). Thus, Berman shall file supplemental briefing in support of his request for an award of costs and fees, as set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-03455-MRA-JPR | Date | January 3, 2025 |
|---|---|---|---|
| Title | Quaid, et al. v. Granet, et al. | | |

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss Plaintiffs' First Amended Complaint are **GRANTED** without leave to amend, and this action is **DISMISSED** with prejudice. Defendant Bruce Berman's Motion to Declare Plaintiffs Vexatious Litigants, and to Impose a Pre-Filing Order on Plaintiffs, and for an Award of Costs Including Attorneys' Fees is **GRANTED**.

The Court further **ORDERS** as follows:

1. Plaintiffs Randy Quaid and Evgenia Quaid are declared vexatious litigants;

2. The Clerk is directed to not accept further filings made by Randy Quaid or Evgenia Quaid, or any third party acting on their behalf, asserting claims against Berman relating to the real property located at 1355 East Mountain Drive, Santa Barbara, California, or proceedings involving that property, without written authorization from a district judge or magistrate judge, issued upon a showing of the evidence supporting the claim as the judge may require; and

3. Defendant Bruce Berman is ordered to file and serve supplemental briefing and evidence as to costs and attorneys' fees within **fourteen (14) days** of the date of this Order. Plaintiffs may file a response to the supplemental briefing within **fourteen (14) days** of the date of service of supplemental briefing.

4. The deadline to serve Defendant Reggie Serrano has long passed, and Plaintiffs never requested leave to extend the service deadline. *See* ECF 1; Fed. R. Civ. P. 4(m). Plaintiffs are **ORDERED TO SHOW CAUSE** why Serrano should not be dismissed pursuant to Rule 4(m) within **fourteen (14) days** of the date of this Order. As an alternative to a written response, the Court will consider the filing of a proof of service or a notice of voluntary dismissal by the deadline as an appropriate response to the Court's Order.

**IT IS SO ORDERED.**

| | - : - |
|---|---|
| Initials of Deputy Clerk | gga |